UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TAKISHA REID,

                              Plaintiff,                        **COMPLAINT**

       -against-                                               Jury Demand

THE CITY OF NEW YORK POLICE DEPT.,
THE CITY OF NEW YORK,
NYPD OFFICER GREGORY HOWARD,
JOHN AND JANE DOES 1-5

                              Defendants.
-----------------------------------------------------------------------X

       Plaintiff TAKISHA REID ("Plaintiff") by and through her attorney, Vik Pawar, Esq., respectfully alleges as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of her civil rights, as secured by statutes and the Constitution of the United States. Plaintiff also invokes the Court's supplemental jurisdiction under 28 U.S.C. §1367 and the State Child Victim's Rights Act.

### JURISDICTION

    2.    Plaintiff has complied with conditions precedent to filing state law claims by filing a timely notice of claim, attending a 50h hearing and giving the City adequate time to settle his claim, and then proceeding with this lawsuit.

## VENUE

3. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

5. Plaintiff is a citizen of the United States, and at all relevant times a resident of the State of New Jersey.

6. Defendant CITY of New York (hereinafter "CITY") was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. Defendant NYPD is in charge of the named and John and Jane Doe defendants.

7. Defendant Gregory Howard ("Howard"), John and Jane Does 1-5 are or were employed by the CITY through at 120th and 122nd precincts.

## FACTS

8. Upon information and belief, Howard has been a detective with the NYPD since 2006.

9. As part of his duties as a Detective, Howard would investigate crimes and other unlawful activities.

10. Howard would routinely utilize Confidential Informants ("CI) to assist him in solving crimes.

11. Howard would also routinely abuse these CIs.

12. Plaintiff was engaged as a CI by Howard with the tacit approval of John and Jan Doe defendants 1-5.

13. As far as plaintiff was aware, Howard shuttled his duties between the 120th and 122nd precincts with full approval from John and Jane Does defendants 1-5.

14. Howard commenced using plaintiff as a CI on or about April 2018.

15. Howard would place plaintiff in dangerous situations in an effort to gather intel on "criminals" in Staten Island.

16. Howard would encourage plaintiff to identify alleged criminals as to whom Howard had already developed a preconceived notion of their criminal ilk.

17. In exchange for her work as a CI, Howard would reward plaintiff with cash from the "crime-stoppers" fund and would keep part of the cash for himself.

18. Upon information and belief, defendants John and Jane Does 1-5 were aware of this arrangement that Howard had with CI's similar to plaintiff.

19. Howard would make promises to plaintiff that he would take care of her friends or acquaintances in case they got arrested because plaintiff was his "CI."

20. Shortly after commencing her work as a CI for Howard and the NYPD, Howard stated to sexually assault plaintiff.

21. During her encounter with Howard, plaintiff was subjected to his "power" and "control." Howard would drive around with his badge and gun out in his personal car.

22. Plaintiff has been a victim of sexual and abusive conduct by defendant Howard since at least April 2018.

23. Howard would bring plaintiff to restaurants and then proceed to engage in sexual intercourse with her.

24. Howard repeatedly warned plaintiff to not speak with the IAB or the CCRB.

25. Howard would threaten plaintiff that if she ever complained to anyone, the "department had his back" and that he would tell the "criminals" who had been arrested that she was a CI and expose her role as a "snitch."

26. Howard eventually stopped using plaintiff as a CI but continued to use her as his sexual slave under the threats of violence and exposure.

27. Eventually after more than a year in a trapped relationship with Howard, plaintiff found the courage to contact the IAB and CCRB.

28. Plaintiff's emotional state has been devastating since then and she continues to suffer as a result of the physical abuse, rape and emotional harm caused by Howard.

### AS AND FOR A FIRST CAUSE OF ACTION
(Fourth and Fourteenth Amendments- unlawful seizure and substantive due process violation)

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. Defendant Howard used and abused plaintiff for his own personal sexual gratifications.

31. Defendant Howard rubbed up against plaintiff, sexually and physically harassed her sexually, propositioned her for sexual encounters and promised her that she would be safe, and he would not blow her cover so long as she had sexual encounters with him.

32. Defendant Howard's conduct was "repugnant to the conscience of mankind" and caused serious physical and emotional injuries to plaintiff.

33. As a result of the foregoing plaintiff's right to be free from unlawful seizure and her substantive due process rights were violated.

## AS AND FOR A SECOND CAUSE OF ACTION
(Retaliation)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. At the time of the incidents described in this complaint, plaintiff was working as a CI.

36. Defendant Howard engaged in unlawful conduct against plaintiff.

37. When plaintiff objected to this conduct, defendant Howard retaliated against her by stating that he would let "all the perps know" that she was a "snitch" and that's why they are imprisoned.

38. As a result of this retaliation because plaintiff wanted to end the sexual and unlawful activity against Howard, she suffered serious injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Supervisory Liability)

39. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. Defendants John and Jane Does 1-5 were supervisors or tour-commanders employed by defendant CITY at all times alleged in the complaint. As such, these defendants were responsible for the supervision of defendant Howard.

41. Defendants John and Jane Does 1-5 participated in violating plaintiff's constitutional rights by being deliberately indifferent to plaintiff's safety, well-being and welfare and by not preventing Howard from preying upon CI's like plaintiff who were

being sexually and retaliated against when she refused his advances.

42. Defendants John and Jane Does 1-5 were aware of the serious nature of Howard's actions upon plaintiff but failed to take any corrective actions.

43. Defendants John and Jane Does 1-5 were further deliberately indifferent to plaintiff's welfare because they failed and refused to report Howard's prior misconduct and unlawful behavior or take any remedial steps, or preventive measures and as such were complicit in Howard's continued abuse of plaintiff thus prolonging and enhancing the injuries suffered by plaintiff.

44. As a result of the foregoing, defendants John and Jane Does 1-5 are liable under the theory of supervisory liability because their actions or lack thereof caused and continue to cause plaintiff constitutional injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Denial of Equal Protection-Gender Based Discrimination)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. At all times described in the complaint, plaintiff was a female CI for the NYPD.

47. Howard and other detectives used female CIs as their personal sex toy obtaining information form them and then supplying them with money and in some cases drugs and alcohol.

48. Howard and other detectives sexually assaulted individual like plaintiff because of their gender.

49. As a result, plaintiff suffered psychological and physical injuries.

## STATE LAW CLAIMS

### AS AND FOR A FIFTH CAUSE OF ACTION
(Assault and Battery)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. The DOE and/or named Defendant committed acts that caused harm to plaintiff.

52. The DOE and/or named Defendant intended to inflict injury or pain on plaintiff.

53. As a reason of the assault and unlawful touching and sexual assaults by the DOE and/or named Defendant plaintiff was apprehensive and suffered physical and emotional injuries.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Harassment)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. The DOE and/or named Defendant intended to harass, annoy or alarm plaintiff.

56. These defendants acted in a way that caused plaintiff to be harassed, annoyed and alarmed.

57. As a result of their conduct, plaintiff suffered and continues to suffer mental and physical injuries.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

58. Plaintiff repeats, reiterates, and realleges each and every allegation

7

contained in the foregoing paragraphs as if fully set forth herein.

59. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

60. The aforementioned conduct was committed by DOE and/or named Defendant while acting within the scope of their employment by Defendant City.

61. The aforementioned conduct was committed by DOE and/or named Defendant while acting in furtherance of their employment by Defendant City.

62. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

63. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Violation of NYS and NYC Human and Civil Rights and Constitution)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

65. DOE and/or named Defendant conduct herein denied plaintiff the equal protection of the law, discriminated against him and caused him injuries.

66. As a result, plaintiff's rights protected by the New York State and New York City Human Rights Laws were violated.

**AS AND FOR A NINETH CAUSE OF ACTION**
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

68. Defendant City owed a duty to individuals like plaintiff to properly screen, train, hire and then appropriately discipline its employees.

69. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual DOE and/or named Defendants who conducted and participated in the violation of Plaintiff's rights.

70. As a result, plaintiff suffered injuries.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

72. Defendant City owed a duty to individuals like plaintiff.

73. Defendant City breached its duty when individual DOE/or named Defendants engaged in and participated in the violation of Plaintiff's rights.

74. As a result, plaintiff suffered injuries.

75. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

77. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the

wrongful conduct described herein that caused plaintiff's irreparable physical and emotional injuries?

**WHEREFORE**, Plaintiff seeks judgment against the defendant individually, jointly, severally in the amount of $500,000.00 for each and every cause of action, costs, expenses and attorney fees, and any other relief that the Court may deem just and proper.

Dated: August 24, 2020
       New York, New York 10007

Respectfully,

Vik Pawar (VP9101)