# PAWAR LAW GROUP P.C.

ATTORNEYS AT LAW

20 VESEY STREET SUITE 1410
NEW YORK NEW YORK 10007

**Robert Blossner**
**Vik Pawar**

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.nyc

November 17, 2020

**BY ECF**
The Honorable Peggy Kuo
United States Magistrate Judge

Re: *Reid v. The City of New York, et al.*, 20 CV 3926 (FB) (PK)

Dear Judge Kuo:

      I represent the plaintiff in this matter. The Court should deny defendant City's request for a stay.

      Defendant City of New York was served on August 27, 2020. The Court granted the City's request for an extension of time to file an answer to November 16, 2020. Instead of filing an answer, the City moved to stay this action. As of today, defendant Howard retained private counsel, filed an answer and the parties met for their Rule 26 conference and prepared a case management plan in advance of the November 30, 2020 conference.

      Defendant City has not shown any cause, let alone good cause, for a stay. The cases cited by the City are misplaced and either deal with an ongoing internal investigation or a case where a criminal defendant's right might be affected by the civil case. There is no ongoing internal or criminal investigation in this case. The IAB has already substantiated allegations against defendant Howard. The City lacks any standing to request a stay.

Even if there was a criminal investigation pending, which here there is not, a stay would not be warranted. In considering a stay of a civil case while a related criminal investigation proceeds, courts of this Circuit typically weigh a number of factors,[1] including (1) private interests of the plaintiff, (2) interest of the Courts, (3) overlapping issues between the criminal and civil case, (4) private interest of the defendant and (5) the public interest. *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)(Chin, J.); *Gala Enterprises, Inc. v. Hewlett Packard Co.*, 96-CV-4864, 1996 WL 732636, at *1 (S.D.N.Y. Dec. 16, 1996) (Chin, J.); *Hicks v. City of New York*, 268 F.Supp.2d 238, 241 (E.D.N.Y. 2003) (Spatt, J.) (denying motion to stay based on related criminal prosecution); see also *Freeman v. C.O. Perez, #14652*, 00-CV-4360, 2000 U.S. Dist. LEXIS 14906, at *1 (S.D.N.Y. Oct. 11, 2000) (Peck, M.J.) (same). Nearly all of these factors tilt in plaintiff's favor.

First, it is undisputed that plaintiff's private interest in proceeding expeditiously with her civil case is a factor that weighs heavily in her favor. *See Jackson v. Johnson*, 985 F.Supp. 422, 425 (S.D.N.Y. 1997) (recognizing plaintiff's "legitimate interest in the expeditious resolution of this civil case").

Second, this Court's interests also weigh against granting a stay since "a court's interest is usually best served by discouraging motions to stay." *Hicks v. City of New York*, 268 F.Supp.2d 238, 243 (E.D.N.Y. 2003) (citation omitted); *IBM Corp. v. Brown*, 857 F.Supp. 1384, 1392 (C.D.Cal. 1994) ("A stay would disrupt the court's calendar by indefinitely postponing trial as the defendants' criminal proceedings wind their way through the state criminal justice system"). Without presuming to know Your Honor's docket, it seems the Court's calendar interests weigh against a stay and moving cases along on the docket.

Third, defendant City appears to argue that defendant Howard might have a private interest in protecting himself from self-incrimination. However, defendant City does not represent defendant Howard and there is no criminal investigation pending. Even if there was an investigation pending, that alone would not be sufficient. *Jackson v. Johnson*, 985 F.Supp. 422 (S.D.N.Y. 1997) (denying defendants' motion for stay even though plaintiff was subject of an open criminal prosecution). The Second Circuit has recognized that "the Constitution... does not ordinarily require a stay of proceedings pending the outcome of criminal proceedings." *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). *See also S.E.C. v. Musella*, 38 Fed.R.Serv.2d 426, 427 (S.D.N.Y. 1983) ("There is no violation of due process where a party is faced with the choice of testifying or invoking the Fifth Amendment"); *Gellis v. Casey*, 338 F.Supp. 651, 653 (S.D.N.Y. 1972) (same).

---

[1] The Circuit explicitly states that rigid adherence to these factors is not required, but they prefer Judge Chin's test as cited above. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) at 100 n. 14.

2

The last factor – the public interest – weighs against maintaining a stay. Plaintiff is entitled to move forward with this lawsuit and learn the identities of the John Doe defendants and access the NYPD files underlying this action. This implicates constitutional values of the highest order, values which can be vindicated in actions brought under §1983. *Crosby v. City of New York*, 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (Scheindlin, J.) (recognizing "the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983"). Accordingly, the public interest is served by allowing this case to proceed.

Simply put, the defendant City has not met its burden for a stay and this Court should direct it to file its answer forthwith. Your Honor should exercise her considerable discretion to deny defendant City's request for stay – which, after all, is "an ***extraordinary*** remedy." *Louis Vuiton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (emphasis added).

Thank you.

Respectfully,

Vik Pawar (VP9101)

Cc: All counsel (by ECF)