# PAWAR LAW GROUP P.C.

ATTORNEYS AT LAW

20 VESEY STREET SUITE 1410
NEW YORK NEW YORK 10007

**Robert Blossner**
**Vik Pawar**

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.com

June 6, 2022

**BY ECF**
The Honorable Peggy Kuo
United States Magistrate Judge

Re: *Reid v. The City of New York, et al.*, 20 CV 3926 (FB) (PK)

Dear Judge Kuo:

I represent the plaintiff in this matter. The Court should deny defendant City's request to compel filed in a "joint-letter" few minutes before midnight on June 3.

Unlike defendant City's counsel's position which needlessly lays out in a detailed fashion my personal schedule (when I received my haircut and attended a concert), I do not find the need to highlight the times that City's counsel was unavailable nor do I find it productive to share casual conversations between counsel with the Court.

City's counsel wants Your Honor to compel plaintiff (a victim of sexual assault and threats due to defendants' conduct) to respond to Interrogatories Nos. 2, 4, 6, 7 and 10-14. These interrogatories and plaintiff's responses are attached as Exhibit 1. (not to mention supplement responses served about a week ago). Plaintiff cannot fabricate a response to which she has no response to or may have forgotten. The Defendants would be well served by conducting plaintiff's deposition and as is always common new information <u>may</u> emerge during the deposition. If the "new information" does emerge then it would either support plaintiff's testimony or would discredit it. There is no harm in moving forward with the deposition.

The Court should deny City's motion to compel responses to the interrogatories as they have been responded to, they have the information they seek from plaintiff (her arrest history) and asking her to do so would be simply a form of harassment.[1]

---

[1] If needed, the Court can construe this letter as a request for a protective order because the information the defendants seek are not germane to the lawsuit (i.e. unemployment records).

On the other hand, City has ben derelict in their responses and their lawyer has failed to meet and confer (something he forgot to tell Your Honor while concentrating on my personal schedule). The parties intend to further meet and confer about this issue and would trouble the Court if no resolution is reached in this regard.

In closing, the schedule proposed in the joint letter is fine with plaintiff but the Court should direct defendants to conduct plaintiff's deposition in the next 30 days or waive such right. This would allow defendants to concentrate on the core issues of the case and not plaintiff's employment status (when there is no claim for lost wages) and leave sufficient time to complete additional discovery, should it be needed, before the August deadline.

Thank you.

Respectfully,

Vik Pawar (VP9101)

Cc: All counsel (by ECF)