

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JEFFREY F. FRANK**<br>*Assistant Corporation Counsel*<br>Email: jefrank@law.nyc.gov<br>Cell: (929) 930-0780<br>Tel: (212) 356-3541 |

August 18, 2022

**BY ECF**
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Re:    *Takisha Reid v. City of New York, et al.*,
                        20-CV-3926 (FB) (PK)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York ("City") in the above-referenced matter. The City writes to respectfully request an extension of: (i) the time to complete fact discovery from August 26, 2022 until October 28, 2022; and (ii) all subsequent deadlines, in accordance with the attached revised Proposed Discovery Plan. This is the sixth request for an extension of the close of fact discovery. (*See* Docket Entry ("DE") Nos. 22, 25, 27, 29, 40) The Court granted all prior extension requests. (DE No. 23; Order dated Sep. 27, 2021; DE Nos. 28, 30, 41) Co-defendant Detective Gregory Howard consents to these requests for extensions, but plaintiff does not, despite his belated service of a notice of deposition for a Rule 30(b)(6) witness being one of the main reasons necessitating the length of this extension.

      By way of background, the July 25, 2022 Scheduling Order set the close of fact discovery for August 26, 2022. (DE No. 41). On August 11, 2022, the parties appeared before Your Honor for a telephonic discovery conference. (Aug. 11, 2022 Minute Entry) Shortly after that conference concluded, defendants informed plaintiff via email that they intended to request an extension of fact discovery until September 30, 2022, and, if that extension was granted, serve a new notice of plaintiff's deposition for September 28, 2022.

      On August 12, 2022, plaintiff consented to that schedule proposed by defendants and asked about scheduling depositions of "defendant and the Rule 30b6 witness." On August 15, 2022, the City informed plaintiff it had not received any notice of deposition pursuant to Rule 30(b)(6) and that, only after receiving such a notice — describing the particular matters for examination — would the City be in a position to designate a witness competent to testify about those matters and provide available dates.

On August 16, 2022, just two days ago, plaintiff served a notice of deposition on the City pursuant to Rule 30(b)(6). The notice states the deposition is to occur on August 30, 2022 — four days after the current close of fact discovery. The notice sets forth seven matters on which plaintiff seeks to elicit deposition testimony from a representative of the City.

In light of this development, the City proposed that the parties request an extension until October 28, 2022, to complete fact discovery. In explaining that proposal, the City informed plaintiff of its intent to raise objections to some of the matters listed in the notice, on the grounds that those matters are not tethered to any claims pled against the City in the complaint. The City further explained that the parties will likely need to meet and confer to reach an agreement on the proper scope of the Rule 30(b)(6) deposition. Only then would the City be in a position to designate a proper deponent and schedule their deposition.

In spite of the clear need for additional time given this belated notice of deposition, plaintiff does not consent to an extension of fact discovery until October 28, 2022. As a reason, plaintiff's counsel stated only that he would "consent to the original extension of 30 days."[1] Should plaintiff withdraw his Rule 30(b)(6) notice, the City would be amenable to the previously agreed-upon extension of time until September 30, 2022, to conduct the parties' depositions.

Should the Court be inclined to permit plaintiff to proceed with the deposition of a Rule 30(b)(6) deposition at this late stage of discovery, an extension of fact discovery until October 28, 2022, is necessary — notwithstanding plaintiff's obstinate refusal to consent — to allow all parties time to prepare for the Rule 30(b)(6) deposition.

Regardless, an extension is necessary to allow all parties time to complete the depositions that were noticed well before this week.[2] As discussed at the August 11, 2022 discovery conference, defendants have yet to receive certain of plaintiffs' medical records. These delays are a result of, first and foremost, plaintiff's failure to provide proper releases and/or delay in identifying certain providers. For instance, on May 17, 2022, plaintiff provided a properly executed release for records of psychotherapy treatment by Elaina Bruno, MSW.[3] On that same day, May 17, 2022, the City sent a request for those records and enclosed the signed release. The

---

[1] The parties originally agreed to request a 35-day extension of fact discovery, from August 26, 2022, until September 30, 2022 — not a 30-day extension.

[2] On July 7, 2021, both defendants served notices of deposition on plaintiff. Plaintiff's deposition was adjourned at plaintiff's counsel's request, (*see* DE No. 22) (explaining reasons for first request for an extension of fact discovery), and was adjourned again because of outstanding documentary discovery that plaintiff had failed to produce. (*See* DE No. 25). Although the Federal Rules of Civil Procedure do not mandate priorities regarding the sequence of discovery, this Court has "'reasonable latitude and discretion to establish a priority or to fashion an appropriate sequence of the discovery to be performed in each case.'" *De Michele v. City of New York*, 09 Civ. 9334 (PGG), 2010 U.S. Dist. LEXIS 42599, at *2 (S.D.N.Y. Apr. 29, 2010) (quoting *Rofail v. United States*, 227 F.R.D. 53, 54 (E.D.N.Y. 2005)) (internal quotation marks omitted) (holding that, because "the City served its notice for Plaintiff's deposition first, that deposition will proceed first"); *see also* Order dated April 4, 2014, in *Rodriguez v. City of New York*, 12-CV-4039 (RJD) (RER) (E.D.N.Y.) ("As plaintiffs bear the burden of proof, their depositions will be held first.").

[3] Plaintiff had previously provided deficient releases for this provider, (*see* DE No. 31, at p. 2) (detailing the many issues with the releases plaintiff had provided, including, *inter alia*, notarization "by phone" and the failure to designate the New York City Department as the entity to whom the records would be released), and did not provide a properly executed release until May 17, 2022.

City sent a second follow-up request on June 29, 2022, and — after learning plaintiff provided the incorrect ZIP code for this provider — a third follow-up request on August 16, 2022. To date, the City has not received any response from that provider.

Similarly, on May 31, 2022, plaintiff provided a properly executed release for her records from treatment by Dr. Chung-Lim Kim at North Coast Mental Health.[4] On June 6, 2022, the City requested those records and enclosed plaintiff's signed release. On August 16, 2022, the City followed up on that request and was informed that Dr. Chung-Lim Kim's office would not provide plaintiff's records absent a Court Order. The City will submit such a proposed Order for the Court's endorsement after conferring with the other parties on the language of that Order.

Given that defendants have received so few of plaintiff's records to date, and that plaintiff has still failed to provide a list of her medical providers,[5] the abovementioned, outstanding records are all the more crucial to assessing plaintiff's alleged damages. As such, defendants seek an opportunity to retrieve and review those outstanding records before deposing plaintiff. Therefore, as explained above, the parties have tentatively scheduled plaintiff's deposition for September 28, 2022, pending the Court's decision on the instant motion.

Accordingly, with co-defendant Det. Howard's consent and over plaintiff's objection, the City respectfully requests that the Court extend: (i) the time to complete fact discovery until October 28, 2022; and (ii) all other dates in accordance with the attached revised Proposed Discovery Plan, to allow all parties ample time to complete depositions. Should the Court deem plaintiff's Rule 30(b)(6) notice untimely, these deadlines can be shortened by four weeks, to which plaintiff consents.

The City thanks the Court for its consideration herein.

Respectfully submitted,

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   All Counsel (via ECF)

---

[4] Plaintiff had previously provided deficient releases for this provider, *see supra* n.3 (explaining the issues with the prior releases), and did not provide a properly executed release until May 31, 2022.

[5] Despite defendants' numerous requests that plaintiff simply provide a list of her medical providers, and the Court's Order that plaintiff supplement her deficient interrogatory responses, (Minute Entry and Order dated June 16, 2022), including an interrogatory asking for such a list, plaintiff has still failed to provide such a list. (*See* DE No. 36-1) (supplementing plaintiff's response to the City's Interrogatory No. 7, which asked for a list of medical providers, by stating only, "None other than the one which plaintiff provided releases.").