UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------- x

TAKISHA REID,

                                                    Plaintiff,

-against-

THE CITY OF NEW YORK POLICE DEPT., THE CITY
OF NEW YORK, NYPD OFFICER GREGORY
HOWARD, JOHN AND JANE DOES 1-5,

                                                  Defendants.
------------------------------------------------------------------------------- x

**DEFENDANT CITY OF NEW YORK'S STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL CIVIL RULE 56.1**

20-CV-3926 (PK)

       Pursuant to Local Civil Rule 56.1 of the Rules of this Court, Defendant City of New York[1] submits the following statement of material facts as to which there is no genuine issue to be tried:[2]

       1.     On October 24 2017, Detective Gregory Howard signed up Plaintiff Takisha Reid to be a "confidential informant" for the New York City Police Department ("NYPD").  (Excerpts from IAB Investigation File at D50–D51, annexed to the Declaration of Jeffrey F. Frank ("Frank Decl.") as "Exhibit A"); (Deposition Transcript of co-defendant Detective Gregory Howard ("Howard Tr.") at 16:19–23, 29:06–23, annexed to Frank Decl. as "Exhibit B").

       2.     Detective Gregory Howard was assigned to the NYPD 120th Precinct's Detective Squad from 2017 to 2019.  (Exhibit B: Howard Tr. at 15:05–07).

---

[1] Co-defendant Detective Gregory Howard is represented by separate counsel.

[2] Defendant City of New York adopts the facts set forth herein only for purposes of its motion for summary judgment and reserves the right to present different and/or conflicting facts at trial in this matter.  *See Vasconcellos v. City of New York*, 12-CV-8445 (CM) (HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice — the 'admission' . . . neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

3. After activating Plaintiff as a confidential informant, Detective Howard used his personal phone to call and text Plaintiff. (Exhibit B: Howard Tr. at 96:20–97:09); (Deposition Transcript of Plaintiff Takisha Reid ("Plaintiff Tr.") at 30:09–16, annexed to Frank Decl. as "Exhibit C").

4. Detective Howard met in person with Plaintiff on several occasions. (Exhibit C: Plaintiff Tr. at 107:06–23).

5. Plaintiff claims that, on three of those occasions, she and Detective Howard engaged in sexual activities. (Exhibit C: Plaintiff Tr. at 45:17–46:06).

6. Lieutenant Christopher Bannon supervised Detective Howard for at least three to four years, including the time period when Plaintiff was working with Detective Howard as a confidential informant. (Deposition Transcript of non-party Lieutenant Christopher Bannon ("Bannon Tr.") at 18:04–06, annexed to Frank Decl. as "Exhibit D"); (Exhibit B: Howard Tr. at 25:12–22, 51:11–13).

7. On June 4, 2018, Plaintiff made a complaint with the Civilian Complaint Review Board ("CCRB") against Detective Howard. (Excerpts from IAB Investigation File, annexed to Frank Decl. as Exhibit A at D367).

8. On June 9, 2018, CCRB referred Plaintiff's complaint to the NYPD's Internal Affairs Bureau ("IAB") for further investigation. (Exhibit A at D61–66); (Exhibit C: Plaintiff Tr. at 57:01–09).

9. Before June 4, 2018, no disciplinary allegations similar to Plaintiff's had been made against Detective Howard. (Frank Decl. at ¶ 6); (Exhibit D: Bannon Tr. at 10:04–18, 21:11–22:14).

10. In fact, other than the complaint made by Plaintiff, Detective Howard has never been accused of engaging in a sexual relationship with a confidential informant. (Frank Decl. at ¶ 6); (Exhibit D: Bannon Tr. at 22:08–14).

11. During the time Lieutenant Bannon was Detective Howard's supervisor, he had no reason to believe that disciplinary action would be required as to Detective Howard. (Exhibit D: Bannon Tr. at 11:18–22).

12. Plaintiff was deactivated as a confidential informant on August 29, 2018. (Exhibit A at D50).

13. Plaintiff is the only confidential informant Detective Howard has handled. (Exhibit B: Howard Tr. at 16:19–23); (*see also* Exhibit C: Plaintiff Tr. at 63:06–65:06, 133:03–23).

14. During her interview with IAB, Plaintiff stated she had consensual sex with Detective Howard on two occasions. (Exhibit C: Plaintiff Tr. at 41:02–22, 72:18–74:05).

15. On September 13, 2019, IAB issued charges and specifications against Detective Howard for: (1) knowingly associating and maintaining a personal relationship with a deactivated confidential informant, (2) failing to prepare written reports of interactions with a confidential informant, and (3) meeting with a confidential informant without a supervisor present. (Exhibit A at D42–D47, D50–D51).

16. IAB disposed of these charges and specifications as "guilty," and recommended penalties against Detective Howard including one-year dismissal probation and forfeiture of forty-five (45) vacation days. (Exhibit A at D42–D43, D64–D66, D2037); (Exhibit B: Howard Tr. at 54:20–55:03); (*see also* Exhibit A at D2036) (informing Plaintiff, *inter alia*, that disciplinary action was recommended against Detective Howard as a result of her complaint).

17. Plaintiff commenced the instant action by filing the Complaint on August 25, 2020, alleging claims against defendant City of New York pursuant to New York State law for "Negligent Screening, Training, Hiring, and Retention," (Complaint, ECF No. 1, at ¶¶ 67–70), negligence (*id.* at ¶¶ 71–75), and *respondeat superior*, (*id.* at ¶¶ 76–77).

18. Shortly thereafter, Plaintiff provided an interview to the *New York Daily News* in which she announced her identity as a confidential informant and provided a picture of herself for publication alongside her interview. (Exhibit C: Plaintiff Tr. at 57:10–58:22, 60:05–08).

19. Plaintiff made no complaints to the NYPD or any other New York law enforcement agencies regarding threats to her safety stemming from her disclosure of her identity as a confidential informant. (Exhibit C: Plaintiff Tr. at 57:10–58:22, 108:06–110:05, 111:09–112:20).

20. Instead, Plaintiff only complained to the Elizabeth, New Jersey Police Department about threats Plaintiff received after revealing her identity as a former confidential informant. (*Id.*)

21. Defendant City pled governmental immunity as an affirmative defense in its Answer to the Complaint. (Answer, ECF No. 18, at ¶ 82).

22. Plaintiff has adduced no evidence to support her claims that the City was negligent. (Exhibit C: Plaintiff Tr. at 117:08–13, 120:08–121:05).

Dated:     New York, New York
             April 11, 2023

                                HON. SYLVIA O. HINDS-RADIX
                                Corporation Counsel of the City of New York
                                *Attorney for Defendant City of New York*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-3541

                                /s/ Jeffrey Frank
                                Jeffrey F. Frank
                                *Assistant Corporation Counsel*
                                Special Federal Litigation Division

cc: **BY E-MAIL**
Vikrant Pawar
*Counsel for Plaintiff*
Pawar Law Group P.C.
20 Vesey Street, Suite 1410
New York, New York 10007
vikrantpawaresq@gmail.com

Devon M. Radlin
*Counsel for Plaintiff*
Offices of Devon M. Radlin
112 West 34th Street, 18th Floor
New York, New York 10120
devon@lawdmr.com

Peter W. Till
*Counsel for Co-Defendant Detective Howard*
105 Morris Avenue, Suite 201
Springfield, New Jersey 07081
pwt@till-law.com