Docket No. 20-CV-3926 (PK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TAKISHA REID,

                                        Plaintiff,

- against -

THE CITY OF NEW YORK POLICE DEPT., THE CITY OF NEW YORK, NYPD OFFICER GREGORY HOWARD, JOHN AND JANE DOES 1-5,

                                        Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*

*100 Church Street*
*New York, New York 10007*

*Of Counsel: Jeffrey F. Frank*
*Tel: (212) 356-3541*

*Date of Service: April 11, 2023*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 1

STANDARD OF REVIEW ........................................................................................................ 3

ARGUMENT

    POINT I

        PLAINTIFF'S NEGLIGENT SCREENING, TRAINING, HIRING, AND RETENTION CLAIM FAILS BECAUSE THE CITY DID NOT KNOW OF DETECTIVE HOWARD'S PROPENSITY FOR THE MISCONDUCT ................................................................................ 5

    POINT II

        THE NEGLIGENCE CLAIM FAILS AS DEFENDANT CITY DID NOT OWE PLAINTIFF A "SPECIAL DUTY"............................................................................. 7

    POINT III

        *RESPONDEAT SUPERIOR* DOES NOT APPLY BECAUSE DETECTIVE GREGORY HOWARD WAS NOT ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT ............................................................................................ 12

CONCLUSION ........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**                                                                                                                           **Pages**

*Adorno v. Correctional Servs. Corp.*,
    312 F. Supp. 2d 505 (S.D.N.Y. 2004) ............................................................................... 12

*Alkholi v. Macklowe*,
    858 F. App'x 388 (2d Cir. 2021) ..................................................................................... 4, 7

*Applewhite v. Accuhealth, Inc.*,
    995 N.E.2d 131 (N.Y. 2013) ........................................................................................... 8, 9

*Azurite Corp., Ltd. v. Amster & Co.*,
    844 F. Supp. 929 (S.D.N.Y. 1994) ........................................................................................ 4

*Barton v. City of New York*,
    131 N.Y.S.3d 246 (App. Div. 2d Dep't) ................................................................................ 6

*Brady v. Town of Colchester*,
    863 F.2d 205 (2d Cir. 1988) ............................................................................................ 3, 4

*Casciani v. Nesbitt*,
    659 F. Supp. 2d 427 (W.D.N.Y. 2009) .................................................................................. 4

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ........................................................................................................ 3, 4

*Crawford v. Franklin Credit Mgmt.*,
    758 F.3d 473 (2d Cir. 2014) ............................................................................................ 3, 4

*Cuffy v. City of New York*,
    505 N.E.2d 937 (N.Y. 1987) ................................................................................................ 8

*Doe v. Montefiore Med. Ctr.*,
    598 F. App'x 42 (2d Cir. 2015) ............................................................................................ 6

*Ehrens v. Lutheran Church*,
    385 F.3d 232 (2d Cir. 2004) ................................................................................................. 5

*Everett v. Eastchester Police Dep't*,
    8 N.Y.S.3d 360 (App. Div. 2d Dep't) .................................................................................. 6

*Ferreira v. City of Binghamton*,
    194 N.E.3d 239 (N.Y. 2022) ...................................................................................... 8, 9, 11

*Fiedler v. Incandela*,
    222 F. Supp. 3d 141 (E.D.N.Y. 2016) ............................................................................... 5, 6

| **Cases** | **Pages** |
|---|---|

*Fujitsu Ltd. v. Fed. Express Corp.*,
   247 F.3d 423 (2d Cir. 2001) ................................................................................................4

*Gallo v. Prudential Residential Servs., Ltd. P'ship*,
   22 F.3d 1219 (2d Cir. 1994) .................................................................................................5

*Holland v. City of Poughkeepsie*,
   935 N.Y.S.2d 583 (2d Dep't 2011) .......................................................................................6

*Jackson v. City of New York*,
   939 F. Supp. 2d 219 (E.D.N.Y. 2013) ..................................................................................6

*Karoon v. New York City Transit Auth.*,
   659 N.Y.S.2d 27 (1st Dep't 1997) ........................................................................................6

*Kenneth R. v. Roman Catholic Diocese of Brooklyn*,
   654 N.Y.S.2d 791 (App. Div. 2d Dep't 1997) ......................................................................5

*Kulak v. City of New York*,
   88 F.3d 63 (2d Cir. 1996) .....................................................................................................7

*Lauer v. City of New York*,
   733 N.E.2d 184 (N.Y. 2000) ................................................................................................8

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) .............................................................................................................4

*N.X. v. Cabrini Med. Ctr.*,
   765 N.E.2d 844 (N.Y. 2002) ..............................................................................................12

*Neiger v. City of New York*,
   897 N.Y.S.2d 733 (2d Dep't 2010) .......................................................................................6

*Noonan v. City of New York*,
   14 Civ. 4084 (LTS) (JLC), 2015 U.S. Dist. LEXIS 83451
    (S.D.N.Y. June 26, 2015) ................................................................................................12

*Primeau v. Town of Amherst*,
   757 N.Y.S.2d 201 (App. Div. 4th Dep't 2003) .....................................................................5

*Roseboro v. Gillespie*,
   791 F. Supp. 2d 353 (S.D.N.Y. 2011) ..................................................................................4

*Savino v. City of New York*,
   331 F.3d 63 (2d Cir. 2003) ...................................................................................................4

| **Cases** | **Pages** |
|---|---|

*Schuster v. New York*,
   154 N.E.2d 534 (N.Y. 1958)..................................................................................................10

*Sebastian v. State of New York*,
   720 N.E.2d 878 (N.Y. 1999)....................................................................................................8

*Starker v. Spirit Airlines*,
   17 Civ. 6812 (HBP), 2019 U.S. Dist. LEXIS 149702
   (S.D.N.Y. 2019) ......................................................................................................................6

*Tai-Sun Plastic Novelties, Ltd. v. Haschel Exp. Corp.*,
   03 Civ. 1414 (MP), 2003 U.S. Dist. LEXIS 22655
   (S.D.N.Y. Dec. 16, 2003).........................................................................................................4

*Tara N.P. v. W. Suffolk Bd. Of Coop. Educ. Servs.*,
   71 N.E.3d 950 (N.Y. 2017)......................................................................................................9

*Torain v. Casey*,
   16 Civ. 2682, 2016 U.S. Dist. LEXIS 127681
   (S.D.N.Y. Sep. 16, 2016).........................................................................................................5

*Valdez v. City of New York*,
   18 N.Y.3d 69 (2011) ................................................................................................................8

*Velez v. City of New York*,
   730 F.3d 128 (2d Cir. 2013)...........................................................................................8, 9, 10

## **Statutes**

Fed. R. Civ. P. 56(c) .........................................................................................................................3

## PRELIMINARY STATEMENT

On June 4, 2018, Plaintiff Takisha Reid made a complaint to the New York City Civilian Complaint Review Board ("CCRB") against Detective Gregory Howard, alleging Detective Howard and Plaintiff engaged in consenting sexual relations on two separate occasions while she was acting as a confidential informant for Detective Howard. The Internal Affairs Bureau ("IAB") conducted an investigation and substantiated the allegations, which resulted in disciplinary action against Detective Howard. Plaintiff now brings this action against Defendant City of New York ("City"), alleging claims pursuant to New York State law for (1) "Negligent Screening, Training, Hiring, and Retention," (2) negligence, and (3) *respondeat superior*. (Complaint, ECF No. 1 at ¶¶ 67–77).

Defendant City is entitled to summary judgment on each of these claims. The claim for "Negligent Screening, Training, Hiring, and Retention," fails because Plaintiff has failed to deduce any evidence that Defendant City knew or should have known of Detective Howard's alleged propensity for misconduct, sexual or otherwise. Plaintiff's negligence claim fails because Plaintiff fails to establish that Defendant City owed her a "special duty" beyond a duty owed to the general public. Further, this claim is barred as Defendant City is entitled to governmental immunity. Lastly, Plaintiff's *respondeat superior* claim fails because, even taking Plaintiff's allegations of sexual misconduct against Detective Howard as true, Detective Howard was not acting within the scope of his employment during the time these events transpired. Accordingly, Defendant City respectfully requests that the Court grant its motion for summary judgment in its entirety and dismiss, with prejudice, Plaintiff's claims against Defendant City.

## STATEMENT OF FACTS

On October 24 2017, Detective Gregory Howard signed up Plaintiff Takisha Reid to be a "confidential informant" for the New York City Police Department ("NYPD"). (*See*

Defendant City's Statement of Undisputed Facts pursuant to Local Civil Rule 56.1 ("D. 56.1") at ¶ 1). Detective Howard was assigned to the NYPD 120th Precinct's Detective Squad from 2017 to 2019. (*Id.* at ¶ 2). After activating Plaintiff as a confidential informant, Detective Howard used his personal phone to call and text Plaintiff. (*Id.* at ¶ 3). Detective Howard met in person with Plaintiff on several occasions. (*Id.* at ¶ 4). Plaintiff claims that, on three of those occasions, she and Detective Howard engaged in sexual activities. (*Id.* at ¶ 5). Lieutenant Christopher Bannon supervised Detective Howard for at least three to four years, including the time period when Plaintiff was working with Detective Howard as a confidential informant. (*Id.* at ¶ 6).

On June 4, 2018, Plaintiff made a complaint with CCRB against Detective Howard. (*Id.* at ¶ 7). On June 9, 2018, CCRB referred Plaintiff's complaint to IAB for further investigation. (*Id.* at ¶ 8). Before June 4, 2018, no disciplinary allegations similar to Plaintiff's had been made against Detective Howard.. (*Id.* at ¶ 9). In fact, other than the complaint made by Plaintiff, Detective Howard has never been accused of engaging in a sexual relationship with a confidential informant. (*Id.* at ¶ 10). During the time Lieutenant Bannon was Detective Howard's supervisor, he had no reason to believe that disciplinary action would be required as to Detective Howard. (*Id.* at ¶ 11).

Plaintiff was deactivated as a confidential informant on August 29, 2018. (*Id.* at ¶ 12). Plaintiff is the only confidential informant Detective Howard has handled. (*Id.* at ¶ 13). During her interview with IAB, Plaintiff stated she had consensual sex with Detective Howard on two occasions. (*Id.* at ¶ 14). On September 13, 2019, IAB issued charges and specifications against Detective Howard for: (1) knowingly associating and maintaining a personal relationship with a deactivated confidential informant, (2) failing to prepare written reports of interactions with a confidential informant, and (3) meeting with a confidential informant without a supervisor

present. (*Id.* at ¶ 15). IAB disposed of these charges and specifications as "guilty," and recommended penalties against Detective Howard including one-year dismissal probation and forfeiture of forty-five (45) vacation days. (*Id.* at ¶ 16).

Plaintiff commenced the instant action by filing the Complaint on August 25, 2020, alleging claims against Defendant City of New York pursuant to New York State law for "Negligent Screening, Training, Hiring, and Retention," negligence, and *respondeat superior*. (*Id.* at ¶ 17). Shortly thereafter, Plaintiff provided an interview to the *New York Daily News* in which she announced her identity as a confidential informant and provided a picture of herself for publication alongside her interview. (*Id.* at ¶ 18). Plaintiff made no complaints to the NYPD or any other New York law enforcement agencies regarding threats to her safety stemming from her disclosure of her identity as a confidential informant. (*Id.* at ¶ 19). Instead, Plaintiff only complained to the Elizabeth, New Jersey Police Department about threats Plaintiff received after revealing her identity as a former confidential informant. (*Id.* at ¶ 20). Defendant City pled governmental immunity as an affirmative defense in its Answer to the Complaint. (*Id.* at ¶ 21). Plaintiff has adduced no evidence to support her claims that the City was negligent. (*Id.* at ¶ 22).

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, interrogatories, admissions, and affidavits demonstrate that there are no genuine issues of material fact in dispute. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[W]here the nonmoving party will bear the burden of proof on an issue at trial, the moving party may satisfy its burden by 'point[ing] to an absence of evidence to support an essential element of the nonmoving party's case." *Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 486 (2d Cir. 2014) (quoting *Brady v. Town of Colchester*, 863 F.2d 205, 210–11 (2d Cir. 1988)). "'[A] complete

failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Crawford*, 758 F.3d at 486 (quoting *Celotex Corp.*, 477 U.S. at 323).

The burden then "shifts to the nonmoving party to come forward with persuasive evidence that her claim is not 'implausible.'" *Brady*, 863 F.2d at 211 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). While courts must resolve all ambiguities and draw all factual inferences in favor of the nonmoving party in deciding whether a genuine issue of material fact exists, once a motion for summary judgment is made and supported, the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus.*, 475 U.S. at 587 (citation omitted). Importantly, "this standard does not simply require the court to draw *all* inferences in the non-movant's favor, but [only] all *reasonable* inferences." *Casciani v. Nesbitt*, 659 F. Supp. 2d 427, 434 (W.D.N.Y. 2009) (emphasis added). Thus, in determining whether an inference is reasonable, the Court "need not . . . credit unsupported factual allegations and innuendos." *Tai-Sun Plastic Novelties, Ltd. v. Haschel Exp. Corp.*, 03 Civ. 1414 (MP), 2003 U.S. Dist. LEXIS 22655, at *2 (S.D.N.Y. Dec. 16, 2003) (citing *Azurite Corp., Ltd. v. Amster & Co.,* 844 F. Supp. 929, 936 (S.D.N.Y. 1994) (Sotomayor, J.)).

Similarly, summary judgment should be granted "if the evidence presented by the nonmoving party is merely colorable, or is not significantly probative . . . or if it is based purely on conjecture or surmise." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003) (internal citations and quotation marks omitted). Therefore, "[a] party cannot defeat a motion for summary judgment with 'conclusory allegations or unsubstantiated speculation.'" *Alkholi v. Macklowe*, 858 F. App'x 388, 390 (2d Cir. 2021) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)); *see also Roseboro v. Gillespie*, 791 F. Supp. 2d 353 (S.D.N.Y. 2011) ("Speculative and conclusory allegations . . . are not enough to defeat summary judgment."). Further, "[w]hen

no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

## ARGUMENT

### POINT I

### PLAINTIFF'S NEGLIGENT SCREENING, TRAINING, HIRING, AND RETENTION CLAIM FAILS BECAUSE THE CITY DID NOT KNOW OF DETECTIVE HOWARD'S PROPENSITY FOR THE MISCONDUCT

Plaintiff's claims for negligent screening, training, hiring, and retention fail as a matter of law because Plaintiff has failed to demonstrate that the City knew or should have known of Detective Howard's propensity for misconduct, sexual or otherwise. Under New York law, to state a claim for negligent hiring, training, supervision, or retention, a plaintiff must plausibly allege, in addition to the standard elements of negligence: "(1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer 'knew or should have known of the employee's propensity for the conduct which caused the injury' prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels." *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004) (quoting *Kenneth R. v. Roman Catholic Diocese of Brooklyn*, 654 N.Y.S.2d 791, 793 (App. Div. 2d Dep't 1997)).

As an initial matter "'an underlying requirement in actions for negligent hiring or retention is that the defendant's employee is individually liable for a tort.'" *Fiedler v. Incandela*, 222 F. Supp. 3d 141, 169 (E.D.N.Y. 2016); *Torain v. Casey*, 16 Civ. 2682, 2016 U.S. Dist. LEXIS 127681, at *19 (S.D.N.Y. Sep. 16, 2016) (dismissing claims for negligent hiring, supervision, and retention); *Primeau v. Town of Amherst*, 757 N.Y.S.2d 201, 203 (App. Div. 4th Dep't 2003) (affirming dismissal of claims for negligent hiring and retention). To prevail, however, "'a

plaintiff must [also] prove that a municipality's failure to properly train, hire, retain, or supervise its police officers in a relevant respect evidences a deliberate indifference to the rights of its inhabitants.'" *Fiedler*, 222 F. Supp. 3d at 168–169 (quoting *Jackson v. City of New York*, 939 F. Supp. 2d 219, 234 (E.D.N.Y. 2013)). Additionally, a necessary element of these claims is "that the employer knew or should have known of the employee's propensity for the conduct which caused the injury prior to the injury's occurrence." *Starker v. Spirit Airlines*, 17 Civ. 6812 (HBP), 2019 U.S. Dist. LEXIS 149702, at *16 (S.D.N.Y. 2019) (quoting *Doe v. Montefiore Med. Ctr.*, 598 F. App'x 42, 43 (2d Cir. 2015) (summary order) (internal quotation marks omitted)); *Barton v. City of New York*, 131 N.Y.S.3d 246, 247 (App. Div. 2d Dep't); *Everett v. Eastchester Police Dep't*, 8 N.Y.S.3d 360, 362 (App. Div. 2d Dep't).[1]

Here, even assuming *arguendo* that Plaintiff can demonstrate Detective Howard's individual liability for some tort *and* that Detective Howard was not acting within the scope of his employment, she can prove nothing further with respect to her negligent screening, training, hiring, and retention claims. Most critically, there is no evidence that Defendant City knew or should have known of Detective Howard's alleged propensity for misconduct, and certainly not his alleged propensity for sexual misconduct. Before Plaintiff made a complaint against Detective Howard on June 4, 2018, no similar disciplinary allegations had been made against him, and Detective Howard had never been accused of engaging in a sexual relationship with a confidential

---

[1] Where an employee is acting within the scope of employment, thereby rendering the employer liable for any damages caused by the employee's conduct under a theory of *respondeat superior*, no claim may proceed against the employer for negligent screening, hiring, training, or retention. *Holland v. City of Poughkeepsie*, 935 N.Y.S.2d 583, 592–93 (2d Dep't 2011); *Neiger v. City of New York*, 897 N.Y.S.2d 733, 734 (2d Dep't 2010); *Karoon v. New York City Transit Auth.*, 659 N.Y.S.2d 27, 29 (1st Dep't 1997). The corollary to this rule is that claims for negligent screening, hiring, training, or retention can only proceed against the employer where the employee was *not* acting within the scope of his employment. In short, liability on these claims and liability under *respondeat superior* are mutually exclusive.

informant. (D. 56.1 at ¶¶ 9–10). In fact, Plaintiff was Detective Howard's first and only confidential informant. (*Id.* at ¶ 13). Further, during the time when Lieutenant Bannon was Detective Howard's supervisor, he had no reason to believe that disciplinary action would be required as to Detective Howard. (*Id.* at ¶ 11). Thus, based on these undisputed facts, Plaintiff has not—and cannot—show that the City knew or should have known that Detective Howard would engage in sexual activities with a confidential informant. That failure of proof is fatal to Plaintiff's negligent screening, training, hiring, and retention claims. *See Alkholi*, 858 F. App'x at 390; *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996) ("[C]onclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment."). Nor does Plaintiff identify any particular deficiency in training received by Detective Howard and, therefore, she fails to connect any alleged deficiency to her claimed injuries.

Finally, as to the negligent retention claim, it is undisputed that Detective Howard *was* disciplined because of Plaintiff's allegations. (D. 56.1 at ¶¶ 7–8, 14–16). Specifically, Detective Howard was placed on probation for one year, after which the NYPD would evaluate whether to terminate his employment entirely. (*Id.* at ¶ 16). Detective Howard also forfeited 45 vacation days. (*Id.*) A far cry from negligently retaining Detective Howard, the City plainly took Plaintiff's allegations seriously and disciplined Detective Howard for the substantiated charges and specifications against him. Accordingly, for all these reasons, Defendant City is entitled to summary judgment on Plaintiff's negligent screening, training, hiring, and retention claims.

### POINT II

### THE NEGLIGENCE CLAIM FAILS AS DEFENDANT CITY DID NOT OWE PLAINTIFF A "SPECIAL DUTY"

As an initial matter, beyond screening, training, hiring, and retention, it is entirely unclear *how* Plaintiff claims the City was negligent. (*See* D. 56.1 at ¶ 22). Nonetheless, Defendant

City is also entitled to summary judgment on Plaintiff's claim for negligence because Plaintiff fails to establish that the City owed her a "special duty." "When a negligence claim is asserted against a municipality or its employees, the threshold inquiry is 'whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose.'" *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013) (quoting *Applewhite v. Accuhealth, Inc.*, 995 N.E.2d 131, 134 (N.Y. 2013)). "A municipality performs a governmental function when its acts are 'undertaken for the protection and safety of the public pursuant to the general police powers.'" *Id.* at 134–35 (quoting *Sebastian v. State of New York*, 720 N.E.2d 878, 879 (N.Y. 1999)) (internal quotation marks omitted).

"While a municipality owes a general duty to the public at large to furnish police protection, this does not create a duty of care running to a specific individual sufficient to support a negligence claim." *Valdez v. City of New York*, 18 N.Y.3d 69, 75 (2011). "To sustain liability against a municipality, the duty breached must be more than that owed the public generally." *Lauer v. City of New York*, 733 N.E.2d 184, 188 (N.Y. 2000). Because "the government is not an insurer against harm suffered by its citizenry at the hands of third parties," the plaintiff bears the burden of establishing that she was, in fact, owed a special duty. *Valdez*, 18 N.Y.3d at 75.

"[A] special duty exists in 'a narrow class of cases' where the plaintiff establishes a duty on the part of the municipal defendant running to the plaintiff." *Ferreira v. City of Binghamton*, 194 N.E.3d 239, 247 (N.Y. 2022) (quoting *Cuffy v. City of New York*, 505 N.E.2d 937 (N.Y. 1987)). The New York Court of Appeals has "recognized that a special duty can arise in three situations: (1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety

condition." *Applewhite*, 995 N.E.2d at 135. That Court has also articulated the four elements of this special relationship: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking." *Tara N.P. v. W. Suffolk Bd. Of Coop. Educ. Servs.*, 71 N.E.3d 950, 954–55 (N.Y. 2017). "[A]ll four elements must be present for a special duty to attach." *Id.*

"Where the claimed negligent acts or omissions involved a governmental function, '[i]t is the plaintiff's obligation to prove that the government defendant owed a special duty of care to the injured party because duty is an essential element of the negligence claim itself.'" *Ferreira*, 194 N.E.3d 239, 248 (quoting *Applewhite*, 995 N.E.3d at 135). "[W]here the plaintiff fails to meet this burden, the analysis ends and liability may not be imputed to the municipality that acted in a governmental capacity." *Id.*; *Tara N.P.*, 28 N.Y.3d at 714.

Here, Plaintiff cannot show any assumption by the City of any affirmative duty to act on behalf of Plaintiff. Plaintiff cannot show that the City had any knowledge that inaction on its part could lead to harm; that there was any direct contact between the City's agents and Plaintiff; or that Plaintiff justifiably relied on an affirmative undertaking by the City. Importantly, the Second Circuit has held that "provid[ing] information to the police does not, by itself, establish the existence of a special duty." *Velez*, 730 F.3d 128 at 135–36. In *Velez*, plaintiff represented the estate of a deceased NYPD confidential informant and was suing the City for, *inter alia*, negligence and negligent training and supervision. *Id.* at 132–33. After a trial, the jury returned a verdict for defendants, and plaintiff moved for a new trial on the ground that she was not required to prove a

special relationship for her negligence claim. *Id.* at 133. The Eastern District denied that motion, and the Second Circuit affirmed on appeal, explaining, "Although a municipality 'owes a special duty to use reasonable care for the protection of persons who have collaborated with it in the arrest or prosecution of criminals,' such a duty attaches only 'once it reasonably appears that [the collaborators] are in danger due to their collaboration.'" *Id.* at 135 (quoting *Schuster v. New York*, 154 N.E.2d 534, 536 (N.Y. 1958)).

As in *Velez*, Plaintiff here fails to establish that she was owed any special duty by the City because there was no reason to believe that she was in danger due to her collaboration as a confidential informant. Plaintiff has utterly failed to show that she was in any particular danger or that the City should have known of any particular risk to her. (D. 56.1 at ¶¶ 19–20, 22). In fact, it appears Plaintiff's identity as a confidential informant was not even public knowledge until *she* voluntarily revealed it, *i.e.*, until the publication of her interview and picture in the *New York Daily News*. (*Id.* at ¶ 18). Moreover, Plaintiff never complained to the NYPD or any other New York law enforcement agencies regarding threats to her safety. (*Id.* at ¶ 19). Instead, she only complained to the Elizabeth, New Jersey Police Department *after* she chose to reveal her identity as a former confidential informant. (*Id.* at ¶ 20). Thus, Plaintiff fails to meet her burden of establishing that Defendant City owed her any special duty.

Further, Plaintiff cannot prove any objective, "unreasonable" danger arising from her role as a confidential informant. In other words, Plaintiff has not shown the City owed *her* a special duty of care beyond that owed to a class of confidential informants generally. Nor could any reasonable jury find that the City voluntarily assumed a special duty to Plaintiff, or that the City had knowledge that any action or inaction could create a risk of harm to Plaintiff. The City did not engage with Plaintiff by any affirmative undertaking and, thus, her claim for negligence

fails. In short, Plaintiff voluntarily decided to become a confidential informant and voluntarily decided to reveal her identity as such, and Defendant City cannot be held liable for Plaintiff's intentional actions.

However, even assuming *arguendo* Plaintiff could satisfy her burden of establishing a special duty was owed to her (which she cannot), the City is nonetheless entitled to governmental immunity. *See Ferreira*, 194 N.E.3d at 248 (explaining a municipality acting in a discretionary governmental capacity may rely on this affirmative defense even if a plaintiff meets their burden of proving they were owed a special duty). "The doctrine of governmental function immunity reflects separation of powers principles and is intended to ensure that public servants are free to exercise their decision-making authority without interference from the courts." *Id.* (internal quotation marks omitted).

Here, Defendant City pled governmental immunity as an affirmative defense in its Answer. (D. 56.1 at ¶ 21). Even if a negligence claim separate from Plaintiff's claims for negligent screening, training, hiring, and retention could be discerned, governmental immunity would bar such a claim because the City officials' relevant conduct was discretionary. In other words, even if Plaintiff could point to an action by City officials that deprived her of some protection as a former confidential informant (which she has not and cannot, (D. 56.1 at ¶ 22)), that action would be discretionary—not ministerial—and therefore governmental immunity would apply. Therefore, for this reason and all the others stated above, Defendant City is entitled to summary judgment on Plaintiff's negligence claim.

## POINT III

### *RESPONDEAT SUPERIOR* DOES NOT APPLY BECAUSE DETECTIVE GREGORY HOWARD WAS NOT ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT

Plaintiff's *respondeat superior* theory fails because Defendant City cannot be held vicariously liable for Detective Howard's actions outside the scope of his employment. It is well-established under New York State law that "a municipality cannot be held liable for the conduct of employees under a *respondeat superior* theory, *i.e.*, simply by dint of the employer-employee relationship." *Noonan v. City of New York*, 14 Civ. 4084 (LTS) (JLC), 2015 U.S. Dist. LEXIS 83451, at *17 (S.D.N.Y. June 26, 2015). "Under New York law, an employer is vicariously liable for the actions of an employee only where the acts in question are 'committed in furtherance of the employer's business and within the scope of employment.'" *Id.* at *18 (quoting *N.X. v. Cabrini Med. Ctr.*, 765 N.E.2d 844, 847 (N.Y. 2002)). Critically here, "'New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context.'" *Id.* (quoting *Adorno v. Correctional Servs. Corp.*, 312 F. Supp. 2d 505, 517 (S.D.N.Y. 2004)). New York courts have also "repeatedly found no vicarious liability for claims involving sexual misconduct, including sexual assault." *Id.*

Here, the alleged sexual acts perpetrated by Detective Howard were obviously not in furtherance of his policing and investigative duties as a member of the NYPD. Such misconduct is a clear departure from the scope of Detective Howard's employment. Taking Plaintiff's allegations of sexual misconduct as true for purposes of this motion, (D. 56.1 at ¶¶ 4–5, 14 & n.2), there can be no dispute that Detective Howard committed such misconduct for solely personal motives. In fact, while not outcome-determinative, it is worth noting that Detective Howard

regularly used his *personal* phone to call and text Plaintiff. (*Id.* at ¶ 3). Based on the undisputed facts, then, Detective Howard's alleged sexual misconduct plainly fell *far* outside the scope of his employment with the NYPD. Accordingly, Defendant City is entitled to summary judgment on Plaintiff's claims under *respondeat superior*.

## **CONCLUSION**

For the foregoing reasons, Defendant City of New York respectfully requests that the Court grant its motion for summary judgment on plaintiff's claims against Defendant City, together with such costs, fees, and any other further relief as this Court deems just and proper.

Dated:   New York, New York
         April 11, 2023

                                       HON. SYLVIA O. HINDS-RADIX
                                       Corporation Counsel of the City of New York
                                       *Attorney for Defendant City of New York*
                                       100 Church Street
                                       New York, New York 10007
                                       (212) 356-3541

                                       /s/ Jeffrey F. Frank
                                       Jeffrey F. Frank
                                       *Assistant Corporation Counsel*
                                       Special Federal Litigation Division


cc:   **BY E-MAIL**
      Vikrant Pawar
      *Counsel for Plaintiff*
      Pawar Law Group P.C.
      20 Vesey Street, Suite 1410
      New York, New York 10007
      vikrantpawaresq@gmail.com

- 14 -

Devon M. Radlin
*Counsel for Plaintiff*
Offices of Devon M. Radlin
112 West 34th Street, 18th Floor
New York, New York 10120
devon@lawdmr.com

Peter W. Till
*Counsel for Co-Defendant Detective Howard*
105 Morris Avenue, Suite 201
Springfield, New Jersey 07081
pwt@till-law.com