Docket No. 20-CV-3926 (PK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TAKISHA REID,

                              Plaintiff,

- against -

THE CITY OF NEW YORK POLICE DEPT., THE CITY OF NEW YORK, NYPD OFFICER GREGORY HOWARD, JOHN AND JANE DOES 1-5,

                              Defendants.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT CITY OF NEW YORK'S MOTION FOR SUMMARY JUDGMENT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*

*100 Church Street*
*New York, New York 10007*

*Of Counsel: Jeffrey F. Frank*
*Tel: (212) 356-3541*

*Date of Service: July 20, 2023*

**PRELIMINARY STATEMENT**

Plaintiff's opposition does not dispute any facts advanced by defendant City of New York ("City") and offers no colorable argument that Detective Gregory Howard's sexual assault of plaintiff was in furtherance of his employment with the New York City Police Department ("NYPD"). Therefore, based on the undisputed facts, Detective Howard was plainly acting outside the scope of his employment when he sexually assaulted plaintiff. Accordingly, for the reasons stated herein and in defendant City's moving papers, defendant City is entitled to summary judgment on plaintiff's *respondeat superior* claim.[1]

**ARGUMENT**

**AS A MATTER OF LAW, THE CITY CANNOT BE HELD LIABLE UNDER *RESPONDEAT SUPERIOR* BECAUSE DETECTIVE HOWARD WAS NOT ACTING WITHIN THE SCOPE OF HIS EMPLOYMENT WITH THE NYPD**

As an initial matter, plaintiff fails to raise a genuine dispute as to any material fact asserted by defendant City. *See* Plaintiff's Local Rule 56.1 Counter-Statement in Opposition to Defendants' Motion for Summary Judgment at ¶ 1–12. In fact, plaintiff *relies upon* defendant City's 56.1 statement for some facts. *Id.* at ¶¶ 1, 2, 7. Notably, it is undisputed that Detective Howard registered plaintiff as confidential informant, *id.* at ¶ 3, used his personal cell phone to communicate with plaintiff, *id.* at ¶ 4, met with her at an NYPD precinct on at least one occasion, *id.* at ¶ 5, and continued to communicate with plaintiff by phone, messages, and through social

---

[1] Plaintiff expressly abandoned her other causes of action against defendant City and elected to proceed with only her *respondeat superior* claim. *See* Plaintiff's Memorandum of Law in Opposition to Summary Judgment ("Opp.") at 1. Accordingly, herein defendant City does not address plaintiff's negligent screening, training, hiring, and retention claim or her negligence claim, and the Court should dismiss both. *See also* Memorandum of Law in Support of Defendant City of New York's Motion for Summary Judgment ("Mem.") at Points I–II (arguing that defendant City is entitled to summary judgment on each of these claims).

media, *id.* at ¶ 9.  Further, it is undisputed that plaintiff was paid by the NYPD for her work as a confidential informant.  *Id.* at ¶ 13.  Of course, none of these facts—nor any other fact plaintiff asserts—is material to whether Detective Howard was acting within the scope of his employment when he sexually assaulted plaintiff.  Nonetheless, as neither plaintiff nor defendant City disputes the facts asserted by the other, the Court may decide this issue on summary judgment.

Strangely, however, plaintiff contends "the facts are hotly contested" here.  Opp. at 5.  The Court need not accept this blanket assertion without further elaboration from plaintiff.  Rather, "[e]ach numbered paragraph in the statement of material facts . . . served by the moving party will be deemed to be admitted for purposes of the motion unless *specifically* controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  E.D.N.Y. Local Civil Rule 56.1(c) (emphasis added).  As plaintiff did not specifically controvert any fact asserted in defendant City's 56.1 statement, all facts asserted therein should be deemed admitted for purposes of this motion.

On the merits, plaintiff suggests that whether "Howard's alleged sexual assault was beyond the scope of his employment" is a disputed issue.  Opp. at 4.  True, but it is a legal issue, not a factual one, and therefore it is precisely the kind of issue that is proper for the Court to decide on a summary judgment motion.  To be sure, some courts have held that "[t]he determination of whether an act was within the scope of employment is a mixed question of law and fact that requires the application of a legal standard to a set of historical facts."  *Beach v. Citigroup Alternative Invs. LLC*, 12 Civ. 7717 (PKC), 2014 U.S. Dist. LEXIS 30032, *42 (S.D.N.Y. Mar. 7, 2014) (internal quotation marks omitted).  But while "'[t]he ultimate determination of this issue is ordinarily for the jury, . . . it can be made as a matter of law in some instances.'" *Id.* (quoting *Girden v. Sandals Int'l*, 262 F.3d 195, 205 (2d Cir. 2001)).  This case is one such instance.  The

facts courts consider when making this determination include "the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated." *Id.* (internal quotation marks omitted).

Here, it is patently obvious that a sexual assault is *not* an act commonly committed by a NYPD detective. Such misconduct is a substantial departure from normal police duties, as evidenced by the NYPD's imposition of substantial disciplinary penalties upon Detective Howard, including the forfeiture of 45 vacation days and one-year dismissal probation. *See* Defendant City of New York's Statement of Undisputed Facts pursuant to Local Civil Rule 56.1 at ¶¶ 15–16. As the facts material to whether Detective Howard was acting within the scope of his employment are undisputed, the Court may properly make that determination without a jury. In other words, no reasonable jury could find that Detective Howard was acting within the scope of his employment when he sexually assaulted plaintiff.

At best, plaintiff's opposition argues that Detective Howard was acting in the scope of his employment when he registered plaintiff as a confidential informant, and it notes that plaintiff was paid with funds from a City program. Opp. at 5. Again, the City does not dispute either fact, but neither is material to whether Detective Howard was acting in the scope of his employment when he *sexually assaulted* plaintiff. Rather, "New York courts consistently have held that sexual misconduct and related tortious behavior arise from personal motives and do not further an employer's business, even when committed within the employment context." Mem. at 12 (internal quotation marks omitted). "New York courts have also repeatedly found no vicarious liability for claims involving sexual misconduct, including sexual assault." *Id.* (internal quotation

marks omitted). That Detective Howard had plaintiff complete paperwork at the NYPD precinct to register her as a confidential informant has no bearing whatsoever on whether his subsequent sexual assaults of plaintiff were committed within the scope of his employment as a NYPD detective. They were not, and no reasonable jury could find otherwise. Accordingly, defendant City is entitled to summary judgment on plaintiff's *respondeat superior* claim—which is plaintiff's only remaining cause of action against the City in this matter.

## CONCLUSION

For the foregoing reasons and those stated in its moving papers, defendant City respectfully requests that the Court grant its motion for summary judgment and dismiss the City from this action, together with such costs, fees, and any other further relief as this Court deems just and proper.

Dated:   New York, New York
         July 20, 2023

>                              HON. SYLVIA O. HINDS-RADIX
>                              Corporation Counsel of the City of New York
>                              *Attorney for Defendant City of New York*
>                              100 Church Street
>                              New York, New York 10007
>                              (212) 356-3541
>
>                              _____
>                              Jeffrey F. Frank
>                              *Assistant Corporation Counsel*
>                              Special Federal Litigation Division

cc:   All Counsel (via ECF)