**LAW OFFICES OF PETER W. TILL**
Peter W. Till, Esq. NJ Attorney ID No.: 002101974
*(Admitted to U.S. District Court, Eastern District*
*Of New York on March 16, 1982)*
105 Morris Avenue – Suite 201
Springfield, New Jersey 07081
(973) 258-0064 telephone
(973) 258-0478 facsimile
pwt@till-law.com
*Attorneys for Defendant,*
  *NYPD Officer Gregory Howard*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

TAKISHA REID,                                        :

               Plaintiff,            :      Case No.: 1:20-cv-03926-FB-PK

   -against-                         :      **DEFENDANT NYPD OFFICER**
                                              **GREGORY HOWARD'S STATEMENT**
THE CITY OF NEW YORK POLICE          :      **OF UNDISPUTED FACTS PURSUANT**
DEPT., THE CITY OF NEW YORK,                **TO LOCAL CIVIL RULE 56.1**
NYPD OFFICER GREGORY HOWARD,:
JOHN AND JANE DOES 1-5,

                                     :

          Defendants.

                 Pursuant to Local Civil Rule 56.1 of the Rules of this Court, Defendant

NYPD Officer Gregory Howard[1] submits the following statement of material facts as to

which there is no genuine issue to be tried:[2]

---

[1] Co-defendant City of New York is represented by separate counsel.

[2] Defendant NYPD Officer Gregory Howard adopts the facts set forth herein only for purposes of its motion for summary judgment and reserves the right to present different and/or conflicting facts at trial in this matter. *See Vasconcellos v. City of New York*, 12-CV-8445 (CM) (HBP), 2015 U.S. Dist. LEXIS 121572, at *4 (S.D.N.Y. Sept. 9, 2015) (Local Civil Rule 56.1 "means a party can 'admit' facts that it intends to dispute at trial without suffering any prejudice — the 'admission' . . . neither binds the party going forward if the motion is denied nor can it be admitted in evidence at trial.").

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.  Defendant, Gregory Howard, began his career with the Police Department of the City of New York ("NYPD") in 2006. See Deposition of Defendant, Gregory Howard ("Howard Dep.") 11:6-8.

2.  In 2017, he was promoted to the rank of detective third grade. (Howard Dep.) at 11:17-23.

3.  Detective Howard testified at his deposition that Plaintiff was the only confidential information he ever worked with in his career with the NYPD. (Howard Dep.) at 16:19-23.

### *Plaintiff's Criminal Background and Medical Conditions*

4.  Plaintiff has been arrested three times for possession of marijuana, larceny, and assault. See Deposition of Plaintiff, Takeisha Reid ("Reid Dep.") 10:25 to 11:1-3; 11:11-17; 12:7-9; 11:20-23.

5.  **Exhibit "A"** annexed hereto sets forth Plaintiff's most current criminal history record.

6.  Plaintiff has a Facebook social media account under the username, "Lauren Lopez." (Reid Dep.) at 126:5-10.

7.  Plaintiff testified at her deposition that she was being treated by a psychiatrist monthly. (Reid Dep.) at 43:15-19; 44:22-24.

8.  Plaintiff testified that she was still suffering from memory loss, and was formally diagnosed with major depression, post-traumatic stress disorder, and trauma by True Care Family Services in Elizabeth, New Jersey. (Reid Dep.) at 43:4-12.

9.  During therapy sessions with Jewish Family Services of Central New Jersey ("JFSCNJ") in January, 2020, Plaintiff reported that she consumed marijuana several days per week. (Reid Dep.) at 43:20-23.

10. **Exhibit "B"** annexed hereto sets forth the JFSCNJ notes.

11. Plaintiff has previously been prescribed the following medication for memory loss, post-traumatic stress disorder, trauma, and major depression: Trazodone, Wellbutrin, Lexapro, Lamictal. (Reid Dep.) at 45:1-10.

12.  Plaintiff testified that she was employed in the sex industry by a company called Secret Necessities in Queens from 2017 to 2019. (Reid Dep.) at 82:8-25; 85:20-22.

13.  Detective Howard testified that in November, 2017 Plaintiff told him that she was a prostitute and worked for an escort service in Queens. Howard Dep. at 47:15-22; 49:4-12.

### *Plaintiff's Limited Work as a Confidential Informant*

14.  Plaintiff testified that she worked as a "confidential informant" for FBI Agent Chris Guadaluco from 2009 to December, 2018, Reid Dep. at 20:4-7; 48:5, having offered no documents to substantiate this assertion.

15.  Detective Howard testified that he met Plaintiff for the first time in October, 2017 in connection with her being a witness in a domestic violence incident. Howard Dep. at 27:1-7.

16.  Detective Howard testified that at the direction of his lieutenant he asked Plaintiff to work as a "confidential informant" after she reported to him that she was aware of a gun inside her home that belonged to another man. Reid Dep. at 27:22-23 to 28:1-2; 29:1-5.

17.  Plaintiff testified that she began working as an informant for Detective Howard that very same day that they met. Reid Dep. at 28:1-3; 29:7-9.

18.  That, beginning in October, 2017, she communicated with Detective Howard every other day, Reid Dep. at 31:13-17; and that she saw Detective Howard over thirty times. Reid Dep. at 107:6-10.

19.  It was in her cellular telephone, Plaintiff saved Detective Howard's telephone number under "bestie" and "babe." Reid Dep. 44:6-14.

20.  In her deposition, the Plaintiff referred to Detective Howard as "Howie" twenty-seven times. Reid Dep. at 26:10; 47:5; 47:13; 50:1; 52:19; 57:7, 13; 64:11; 97:18; 111:21; 109:5; 114:25; 115:4; 115:20; 115:23; 118:9; 128:6; 128:12; 128:21; 129:7; 129:9; 129:18; 129:25; 130:11-12; 130:20-21; 131:5-8; 133:3.

21.    At her deposition, the Plaintiff referred to Detective Howard as "Detective Howard" or "Howard" only three times. Reid Dep. at 132:4; 132:14; 137:24.

22.    Plaintiff testified that Detective Howard was never her boyfriend but acknowledged that she had a personal relationship with him in April, 2018, but with no corroboration. Reid Dep. at 31:21-25; 31:18-20.

23.    Contrary to her deposition testimony, Plaintiff referred to Detective Howard as her ex-boyfriend in her therapy sessions with Jewish Family Services of Central New Jersey. Ex. B.

24.    Plaintiff testified that she received two payments of $1,500.00 collectively through Crime Stoppers and the City of New York Police Department for information that she provided to police as a confidential informant.

25.    Plaintiff testified that she provided information to Detective Howard on two cases. Reid Dep. at 107:22-23.

26.    Detective Howard testified that Plaintiff was paid $1,500.00 in cash by Gun Stoppers for the information that she provided to police about the gun in her home. Howard Dep. at 32:16-22; 33:19-23.

27.    Detective Howard testified that In January, 2018, Plaintiff was given a second payment of $1,500.00 in cash by Gun Stoppers for the information that she provided to police about another gun. Howard Dep. at 35:6-15.

28.    Detective Howard testified that, after the second payment in January, 2018, he received no further information from Plaintiff. Howard Dep. at 35:18-19.

29.    Plaintiff testified that she stopped working with Detective Howard as a confidential informant in August, 2018. Reid Dep. at 65:23-25).

30.    Detective Howard testified that the last time he saw Plaintiff was in January, 2018. Howard Dep. at 37:13-15.

31.    Plaintiff testified that the last time she saw Detective Howard was December 27, 2018. Howard Dep. at 107:5-6.

***Plaintiff's Failure to Report, and Conflicting Accounts of, the April, 2018 and May, 2018***
***Incidents***

32.  According to Plaintiff, she had a sexual encounter with Detective Howard in April, 2018, and at 5:00 a.m. on May 25, 2018 in Detective Howard's car in front of Plaintiff's home while her son (Timothy Reid) and her son's child's mother (Emmie Smith) were home, which lasted only a few seconds. Reid Dep. at 35:10-25; 46:5-14 to 20-24 to 47:1-10.

33.  Plaintiff was able to recall the make and model of the car that Detective Howard was driving when the second sexual encounter occurred. Reid Dep. at 46:15-19.

34.  Directly contrary to paragraph 23 of the Complaint, Plaintiff testified that she did not have sex with Detective Howard in any restaurant. Reid Dep. at 67:7.

35.  Detective Howard also testified that he never met Plaintiff at a bar or restaurant. Howard Dep. at 44:20-22.

36.  Detective Howard testified that he never had a physical or sexual relationship with Plaintiff, or ever physically touched her. Howard Dep. at 43:7-17.

37.  Detective Howard testified that he never wanted to date Plaintiff. Howard Dep. at 46:14-15.

38.  Plaintiff testified that she made a complaint with the NYPD Internal Affairs Bureau ("IAB") and the New York City Citizen Complaint Review Board ("CCRB") in April, 2018. Reid Dep. at 71:1-4; 72:14-17.

39.  **Exhibit "C"** annexed hereto sets forth the IAB case notes.

40.  Plaintiff testified that she first spoke with IAB in December, 2018 or January, 2019, but did not give a formal statement to IAB until July, 2019. Reid Dep. at 72:19-25 to 73:1-2 to 19-25.

41.  Plaintiff testified that, in July, 2019, she told IAB that she had consensual sex twice with Detective Howard. Reid Dep. at 14:2-5.

42.   Plaintiff testified that she did not go out with Detective Howard on any dates. Reid Dep. at 74:6-8.

43.   Plaintiff expressly stated that Detective Howard did not rape her physically or hold her down. Reid Dep. at 51:20-21.

44.   That there are many different forms of rape besides physical rape, such as emotional and mental. Reid Dep. at 55:22-24.

45.   That she had consensual sex with Detective Howard, but she didn't want to. Reid Dep. at 98:1-3.

46.   At her deposition, Plaintiff testified that she reported the May 25, 2018 incident to Guadaluco, Reid Dep. at 47:11-17; that she reported only the April, 2018 incident to Guadaluco, Reid Dep. at 48:25 to 49:1-2; and that she reported both incidents to Guadaluco. Reid Dep. at 49:8-10.

47.   Plaintiff testified that, in her interview with IAB, she stated that she had consensual sex with Detective Howard, Reid Dep. at 41:2-5, and never stated that Detective Howard raped her. Reid Dep. at 41:8-10.

48.   Plaintiff testified that Detective Howard gave her a Christmas gift. Reid Dep. at 74:9-13.

49.   Detective Howard testified that Plaintiff and he never exchanged Christmas gifts. Howard Dep. 45:16-18.

50.   Plaintiff testified that she was contacted by the Richmond County District Attorney but did not visit or make a formal statement to that office. Reid Dep. at 93:18-25 to 94:5-25.

51.   After allegedly breaking up with Detective Howard in January, 2019, Plaintiff reported feelings of depression during therapy sessions with JFSCNJ. Reid Dep. at 33:4-15; 34:3-10.

52.   Plaintiff reported to JFSCNJ that she began experiencing memory problems after having a nervous breakdown in July, 2019, which she attributed to her depression. Reid Dep. at 42:1-10.

53.   Plaintiff has offered no proof of her alleged nervous breakdown.

54.   Plaintiff never reported to JFSCNJ that she was raped by Detective Howard.

55.   Plaintiff reported to Jewish Family Services of Central New Jersey that she was raped when she was nineteen years old, but that she suffered no symptoms of depression as a result of being raped. Reid Dep. at 86:18-20; 105:1-6.

56.   Plaintiff described the rape at age nineteen as a traumatic ordeal, as she was raped and beaten for multiple hours, not knowing if she would survive. Reid Dep. at 104:11-17.

57.   Plaintiff testified that, in July (no date) 2021, she had a meeting with two FBI agents and informed them that she had consensual sex with Detective Howard. Reid Dep. at 96:21-24; 97:10-12; 98:1-3.

58.   Detective Howard testified that he never told Plaintiff that he would deactivate her as a "confidential informant" because he wanted to date her. Howard Dep. at 46:11-13.

59.   Plaintiff testified that she had no personal knowledge or proof that Detective Howard ever revealed her status as a "confidential informant" to anyone. Reid Dep. at 57:17-25 to 58:1-2.

60.   Plaintiff testified that Detective Howard sent text messages to Plaintiff's cellular telephone in which he threatened to reveal Plaintiff's status as a "confidential informant" to subjects of criminal investigations, but that she no longer had the text messages in her possession because the phone was misplaced. Reid Dep. at 67:1-21 to 68:1-4.

61.   Plaintiff claimed that she was threatened in October, 2020 by an individual about whom she provided information to Detective Howard, resulting in the individual's arrest, but did not report the threat to police. Reid Dep. at 109:2-11; 111:23-25.

62.   Plaintiff testified, that in an interview with the New York Daily News she announced that she was a "confidential informant." Reid Dep. at 58:10-16.

63.   **Exhibit "D"** annexed hereto sets forth the above referred to New York Daily News article.

***Plaintiff's Failure to Establish Damages***

64.    Plaintiff testified that she pays $10.00 out-of-pocket for her medication prescriptions monthly, and her therapy sessions are covered by insurance absent production of any documentation in support. Reid Dep. at 77:12-17; 20-23.

65.    Plaintiff testified that she has been a Section 8 voucher recipient since 2015 and currently receives healthcare coverage through Medicare. Reid Dep. at 78:6-8; 86:12-17.

66.    Contrary to the *ad damnum* clause in Plaintiff's Complaint, which demands damages of $500,000.00, Plaintiff nevertheless testified at her deposition that she was seeking $1,000,000.00 in damages. Reid Dep. at 95:1-18.

67.    Plaintiff testified that she was seeking damages in this case for lost wages but failed to specify an amount or produce any documentation evidencing regular employment. Reid Dep. at 135:17-25.

68.    Plaintiff testified that she never earned more than $20,000.00 in one calendar year or produce any documentation evidencing earnings. Reid Dep. at 138:5-7.

**LAW OFFICES OF PETER W. TILL**
*Attorneys for Defendant,*
NYPD Officer Gregory Howard

Dated: April 24, 2023                    By:  */s/ Peter W. Till*
                                              Peter W. Till

cc: **By E-mail:**
        Vikrant Pawar, Esq.
        *Counsel for Plaintiff*
        Pawar Law Group P.C.
        20 Vesey Street, Suite 1410
        New York, New York 10007
                vikrantpawaresq@gmail.com

        Devon M. Radlin, Esq.
        *Counsel for Plaintiff*
        Offices of Devon M. Radlin

112 West 34th Street, 18th Floor
New York, New York 10120
        devon@lawdmr.com
HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
Attention: Jeffrey F. Frank, *Assistant Corporation Counsel,*
        Special Federal Litigation Division
        jefrank@law.nyc.gov