Docket No. 20-CV-3926 (PK)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TAKISHA REID,

Plaintiff,

-against-

THE CITY OF NEW YORK POLICE DEPT., THE
CITY OF NEW YORK, NYPD OFFICER GREGORY
HOWARD, JOHN AND JANE DOES 1-5,

Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NYPD OFFICER GREGORY HOWARD'S MOTION FOR SUMMARY JUDGMENT

**LAW OFFICES OF PETER W. TILL**
Peter W. Till, Esq. NJ Attorney ID No.: 002101974
*(Admitted to U.S. District Court, Eastern District
Of New York on March 16, 1982)*

105 Morris Avenue – Suite 201
Springfield, New Jersey 07081
(973) 258-0064 telephone
(973) 258-0478 facsimile
pwt@till-law.com

*Attorneys for Defendant,
NYPD Officer Gregory Howard*

*Date of Service: April 24, 2023*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.............................................................    1

STATEMENT OF FACTS...................................................................    2

LEGAL ARGUMENT

POINT I

        MOTION FOR SUMMARY JUDGMENT OUGHT PROPERLY BE GRANTED ON THE BASIS THAT PLAINTIFF'S TESTIMONY STANDS AS "LARGELY UNSUBSTANTIATED BY ANY OTHER DIRECT EVIDENCE - - AND WAS 'SO REPLETE WITH INCONSISTENCIES AND IMPROBABILITIES' THAT NO REASONABLE JUROR WOULD ...... CREDIT THE ALLEGATIONS MADE IN THE PLAINTIFF'S COMPLAINT." JEFFREYS v. CITY OF NEW YORK, 426 F.3D 549 (2d Cir. 2005)..........................    5

POINT II

        A. THERE IS NO VIABLE SECTION 1983 14TH AMENDMENT CLAIM AGAINST THE DEFENDANT NYPD OFFICER GREGORY HOWARD AND IN THE ALTERNATIVE THE DEFENDANT NYPD OFFICER GREGORY HOWARD IS ENTITLED TO QUALIFIED IMMUNITY (PLAINTIFF'S 1ST, 2ND AND 4TH CAUSES OF ACTION)................    9

            i.    IN THE ALTERNATIVE, DEFENDANT NYPD OFFICER GREGORY HOWARD IS ENTITLED TO QUALIFIED IMMUNITY...................................    11

B. PLAINTIFF HAS FAILED TO SHOW THAT SHE CAN PREVAIL UNDER 42 U.S.C. SECTION 1983 AND 1985 AND THEREFORE NO DUE PROCESS RIGHTS PURSUANT TO THE 14TH AMENDMENT WERE VIOLATED.............    13

C. PLAINTIFF'S STATE OF NEW YORK AND CITY OF NEW YORK HUMAN AND CIVIL RIGHTS AND CONSTITUTIONAL ALLEGATIONS SHOULD ALSO BE DISMISSED FOR THE SAME REASONS THE 1983 CLAIMS SHOULD BE DISMISSED (PLAINTIFF'S 5th, 6th, 7th and 8th CAUSES OF ACTION)…....………………………………………    15

**POINT III**

INTEMPERATE REMARKS DO NOT RISE TO THE LEVEL OF CONSTITUTIONAL VIOLATION.….............    16

**POINT IV**

PLAINTIFF'S PUNITIVE DAMAGE CLAIMS MUST BE DISMISSED AS THEY CANNOT PROVE DEFENDANT NYPD OFFICER GREGORY HOWARD ACTED WITH EVIL MOTIVE OR INTENT…………………………………………………..    18

CONCLUSION……………….………………………………………    19

## TABLE OF AUTHORITIES

**Cases**

**Pages**

**Anderson v. Liberty Lobby, Inc.,**
   477 U.S. at 252 (1986)……………………………………………    7,8

**Ashcroft v. Iqbal,**
   556 U.S. 662 (2009)………………………………………………    11

**Aziz Zarif Shabazz v. Pico,**
   994 F. Supp. 460 (S.D.N.Y. 1998)………………………………    7

**Bank of Columbia v. Okely,**
   4 Wheat. 235 (1819)……………………………………………    10

**Collins  v. Cundy,**
   603 F.2d 825 (10th Cir. 1979)…………………………………    16

**Cty. of Sacramento v. Lewis,**
   523 U.S. 833  (1998)……………………………………………    10

**D'Amico v. City of N.Y.,**
   132 F.3d 145 (2d Cir. 1998)……………………………………    7

**Daniels v. Williams,**
   474 U.S. 327 (1986)……………………………………………    9,10

**Denton v. Hernandez,**
   504 U.S. 25 (1992)………………………………………………    7

**District of Columbia v. Wesby,**
   138 U.S. 577 (2018)……………………………………………    12

**Emmons v. McLaughlin,**
   874 F.2d 351 (6th Cir. 1989)…………………………………    16

**Fujitsu Ltd. v. Fed. Express Corp.,**
   247 F.3d 423 (2d Cir. 2001)……………………………………    *passim*

**Great American Federal Saving & Loan Association v. Novotny,**
   442 U.S. 366 (1979)……………………………………………..    14

**Henry v. Brown,**
   406 F. Supp. 3d 211 (E.D.N.Y. 2016)…………………………    8

iv

**Cases**

**Pages**

**Hurtado v. California,**
    110 U.S. 516 (1884)………………………………………     10

**Hopson v. Fredericksen,**
    961 F.2d 1374 (8th Cir. 1992)…………………………..     16

**Jeffreys v. City of New York,**
    426 F.3d 549 (2d Cir. 2005)……………………………..     *passim*

**Johnson v. Hackett,**
    284 F.Supp. 933 (E.D. Pa. 1968)………………………..     16

**Johnson v. Glick,**
    481 F.2d 1028 (2d Cir.), cert. denied,
    414 U.S. 1033 (1973)……………………………………..     16

**Keyes v. City of Albany,**
    594 F.Supp. 1147 (N.D.N.Y. 1984)……………………..     16

**L.R. v. Sch. Dist. of Phila.,**
    836 F.3d 235, 241 (3d Cir. 2016)………………………..     11

**Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,**
    475 U.S. 574 (1986)……………………………………..     7

**Memphis Community School District v. Stachura,**
    477 U.S. 299 n.9 (1985)……………………………. …     18

**Monroe v. Pape,**
    365 U.S. 167 (1961)……………………………………..     9

**Mullenix v. Luna,**
    U.S. 305 (2015)…………………………………………..     11

**Oklahoma City v. Tuttle,**
    471 U.S. 808 (1985)……………………………………..     13

**Cases**

**Pages**

**Parratt v. Taylor,**
    451 U.S. 527 (1981)……………………………………………..    13

**Paul v. Davis,**
    424 U.S. 693 (1976)……………………………………………    10

**Pearson v. Callahan,**
    555 U.S. 223 (2009)……………………………………………    11

**Phelps v. Szubinski**,
    577 F. Supp. 2d 650 (E.D.N.Y. 2008)……………………………    8

**Robertson v. City of Plano, Texas**,
    70 F.3d 21 (5th Cir. 1995)………………………………………    16

**Sagy v. City of New York,**
    2022 U.S. Dist. LEXIS 185612, 2022 WL 6777602
    (decided Oct. 11, 2022 E.D.N.Y.)…………………………………    7

**Smith v. Wade,**
    461 U.S. 30 (1983)……………………………………………….    18

**Trans Sport, Inc. v. Starter Sportswear, Inc.,**
    964 F.2d 186 (2d Cir. 1992)………………………………………    7

**West v. Atkins**,
    487 U.S. 42 (1988)………………………………………………    9

**White v. Pauly,**
    137 U.S. 548 (2017)……………………………………………    11

**Statutes**

42 U.S.C. § 1985………………………………………………………13,14,18

42 U.S.C. § 1983……………………………………………………..*passim*

## PRELIMINARY STATEMENT

The Defendant, NYPD Officer Gregory Howard, further relies on Defendant, The City of New York's Preliminary Statement contained in their brief in support of summary judgment and supplements same with the following.

The Defendant, NYPD Officer Gregory Howard, will demonstrate that none of these allegations give rise to any civil rights violations. In addition, he will establish that Plaintiff's presentation is "largely unsubstantiated by any other direct evidence - - and was 'so replete with inconsistencies and improbabilities' that no reasonable juror would …… credit the allegations made in the Plaintiff's Complaint." <u>Jeffreys v. City of New York</u>, 426 F.3d 549 (2d Cir. 2005).

**STATEMENT OF FACTS**

Defendant, NYPD Officer Gregory Howard, relies on Defendant, City of New York's Statement of Facts set forth in their brief for summary judgment and supplements same with the following.

Plaintiff filed the Complaint in this matter on August 25, 2020 seeking damages for allegations of unlawful seizure, retaliation, gender-based discrimination, assault and battery, harassment, emotional distress, and other state law claims. She makes claims of having engaged in sexual activities with Detective Howard while purportedly working for the NYPD as a confidential informant, under the threat of her confidential status being disclosed. The entirety of Plaintiff's claims is based on alleged sexual acts with Detective Howard, all of which are largely unsubstantiated, uncorroborated by any other direct evidence and further contradicted by the Plaintiff's very own statements and testimony. The Plaintiff further utterly fails to establish or prove any measurable damages.

The Defendant, NYPD Officer Gregory Howard, commenced his career with the Police Department of the City of New York ("NYPD") in 2006. See Deposition of Defendant, Gregory Howard ("Howard Dep.") 11:6-8. In 2017, he was promoted to the rank of detective third grade, Id. at 11:17-23, and did not work with any confidential informants other than Plaintiff during his tenure with the NYPD. Id. at 16:19-23. After initially meeting the Plaintiff in October, 2017 in connection with a domestic violence incident, Id. at 27:1-7, Detective Howard inquired of the Plaintiff whether she had any interest in working as a confidential informant for the NYPD. Id. at 27:22-23. The Plaintiff ultimately provided information with respect to two cases, for which she was paid a total of $3,000.00 by Gun Stoppers. Id. at 32:16-22; 33:19-23; 35:6-15.

Plaintiff was deactivated as a confidential informant on August 29, 2018. (Defendant, City of New York's Ex. A).

The Plaintiff is a former prostitute with a lengthy criminal history. Howard Dep. at 47:15-22; 49:4-12; Deposition of Plaintiff, Takisha Reid ("Reid Dep.") 10:25 to 11:1-3; 11:11-17; 12:7-9; 11:20-23. She suffers from memory loss, consumed marijuana several days per week, and has been prescribed four medications for depression and post-traumatic stress disorder. Id. at 45:1-10.

Plaintiff's account of her alleged relationship with Detective Howard is otherwise riddled with contradictions. Despite adamantly denying that Detective Howard—whom she referred to as "Howie," "bestie," and "babe," Id. at 44:6-14—was her boyfriend, Plaintiff reported during therapy sessions with Jewish Family Services of Central New Jersey feelings of depression after breaking up with her boyfriend, Detective Howard. Id. at 31:21-25; 31:18-20; Ex. B. In direct contradiction again the Plaintiff testified and stated to IAB that she had consensual sex with Detective Howard on two occasions and absent any date, month, or year. Ex. D; Reid Dep. at 98:1-3. Plaintiff expressly stated that Detective Howard did not rape her physically or hold her down. Id. at 51:20-21. She then equivocated upon using the word and term "rape," and testified that there are many different forms of rape besides physical rape, such as emotional and mental. Id. at 55:22-24.

Plaintiff claimed that she was threatened in October, 2020 by an individual about whom she provided information to Detective Howard, but never reported the threat to the police. Id. at 109:2-11; 111:23-25. Notwithstanding her alleged fear of revealing her work as a confidential informant, the Plaintiff nevertheless announced her identity as a

3

confidential informant to the New York Daily News, and even displayed a photograph of herself alongside her published media interview. Id. at 58:10-16; Ex. C.

Most prominently, the Plaintiff unabashedly testified that she had no personal knowledge or proof that Detective Howard ever disclosed her status as a confidential informant. Id. at 57:17-25 to 58:1, and further was unable and failed to produce text messages which she insisted substantiated such alleged threats. Id. at 67:1-21 to 68:1-4.

The lack of any belief in this litigation is further belied by the total absence of the lack of expert reports from a medical professional or economist, and Plaintiff's very own failure to produce any proof of damages. The Plaintiff previously testified that she was seeking $1,000,000.00 in damages, Id. at 95:1-18, again contrary to her demand of only $500,000.00 in the Complaint.

According to Plaintiff, her damages include lost wages, nevertheless there has been a complete failure to specify an amount or produce any documentation evidencing regular earnings. Id. at 135:17-25. The Plaintiff further testified that she never earned more than $20,000.00 in one calendar year, presently has no reportable income, continues as a Section 8 voucher recipient since 2015, and currently receives Medicare coverage. Id. at 138:5-7; 78:6-8; 86:12-17.

## LEGAL ARGUMENT

### POINT I

**SUMMARY JUDGMENT OUGHT PROPERLY BE GRANTED ON THE BASIS THAT PLAINTIFF'S TESTIMONY STANDS AS "LARGELY UNSUBSTANTIATED BY ANY OTHER DIRECT EVIDENCE—AND WAS 'SO REPLETE WITH INCONSISTENCIES AND IMPROBABILITIES' THAT NO REASONABLE JUROR WOULD . . . CREDIT THE ALLEGATIONS MADE IN THE PLAINTIFF'S COMPLAINT."**

**JEFFREYS v. CITY OF NEW YORK, 426 F.3D 549 (2d Cir. 2005).**

When addressing the Motion for Summary Judgment hereinabove we are compelled to turn to Jeffreys v. City of New York, 426 F. 3d 549 (2d Cir. 2005).

As in Jeffreys, the Defendant, NYPD Officer Gregory Howard, presents to this Court the very important question of whether or not the unsubstantiated allegations are such that they ought not be allowed to proceed further and be otherwise credited to the Plaintiff in the face of the woefully inadequate and empty allegations of her complaint.

When this Court proceeds to first examine the allegations in the complaint there are literally no facts articulated. Accordingly, upon proceeding to the undisputed statement of facts, there again the Plaintiff can offer nothing in opposition other than the alleged sexual contact which has been denied by NYPD Officer Gregory Howard, and which even the Plaintiff is reticent to admit. Significantly, there is no witness nexus or proof by the Plaintiff that the subject allegations were reported to other parties regarding her so-called and protected confidential informant status. There is surely no proof as to the individual to whom this information might have been passed, when it was passed, by what means it may have passed and most notoriously the failure to identify any date, month or year. This

5

is exactly the type of absence of proof that the United States Court of Appeals in <u>Jeffreys</u> was addressing in sustaining the grant of summary judgment and which was "so replete with inconsistencies and improbabilities" that no reasonable juror would undertake the suspension of disbelief necessary to credit the allegations made in his complaint. <u>See</u> <u>Jeffreys</u>, 275 F. Supp. 2d at 475.

What heightens this paucity of information is that the Plaintiff admits to never reporting the so-called disclosure scenario of her life as a confidential informant until better than a year later to the City of New York Police Department Internal Affairs Bureau, who then proceeded with an investigation. Shockingly, in advance of the conclusion of that investigation, the plaintiff collaborates with the New York Daily News newspaper on August 26, 2020. To suggest that the publishing of the newspaper article, with neither the Plaintiff's admitted or tacit consent challenges credulity when compared with the testified to expressions of fear, which are challenged by the reality of the Plaintiff's historically dishonest and disastrous life as an escort. The shocking reality is that when the financial rewards when retrieving weapons for the New York City Police Department no longer existed, the Plaintiff's awarded income no longer existed. It is clear that the emptiness of any specific allegations in the Complaint and in the Plaintiff's deposition, including but not limited to any ability to prove emotional damages or loss of income, allow this Complaint to inevitably appear as nothing short of extortionate.

To be certain, the Plaintiff's sole testimony does not allow a potential jury to give reasonable credit to the Plaintiff's testimony in the face of the Plaintiff's either empty or divergent accounts which could only be described as incredible. Again, the record is devoid of any affidavits of family members, friends or her former FBI handler. Certainly,

going further, there are no inferences that may be drawn from medical record, as there have literally been none produced. Finally, there are no financial records to support any economic damages or loss of earnings.

> "The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. (emphasis added). To defeat summary judgment, therefore, nonmoving parties "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and they "may not rely on conclusory allegations or unsubstantiated speculation." Fujitsu Ltd. v. Fed. Express Corp., 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks omitted); see also Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F.2d 186, 188 (2d Cir. 1992) (noting that summary judgment cannot be defeated "on the basis of conjecture or surmise") (internal quotation marks omitted). At the summary judgment stage, a nonmoving party "must offer some hard evidence showing that its version of the events is not wholly fanciful." D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998)."

Jeffreys, supra, 275 F. Supp. 2d at 475.

As further and more recently addressed in Sagy v. City of New York, 2022 U.S. Dist. LEXIS 185612, (decided Oct. 11, 2022 E.D.N.Y.), the Court specifically addressed where the plaintiff and defendants each separately alleged extremely different facts:

> "When considering a motion for summary judgment it is not the Court's job to assess the credibility of conflicting evidence, Saeli, 36 F.4th at 457, unless that evidence is "so replete with inconsistencies and improbabilities" that a reasonable jury could not base a favorable finding on it. Jeffreys, 426 F.3d at 553-55. In such circumstances, the courts may "pierce the veil of the complaint's factual allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992), and "dispose of [the] improbable factual allegations and dismiss the claim." Aziz Zarif Shabazz v. Pico, 994 F. Supp. 460, 470 (S.D.N.Y. 1998) (internal quotation marks omitted)."

Again, at page 19,

7

"Where Plaintiff's entire claim rests on his own testimony, despite ample opportunity to supplement with additional factual information, and his testimony is contradicted by factual evidence, then Plaintiff has failed to meet his burden to "come forth with 'significant probative evidence' [to demonstrate] that a factual dispute does in fact exist." Phelps v. Szubinski, 577 F. Supp. 2d 650, 662 (E.D.N.Y. 2008) (quoting Liberty Lobby, 477 U.S. at 249; see e.g. Henry v. Brown, 406 F. Supp. 3d 211, 215 (E.D.N.Y. 2016) (granting summary judgment for defendants as plaintiff's medical records did not support allegations of excessive force); Jeffreys, supra, 275 F. Supp. 2d at 475-78 (granting summary judgment against plaintiff's excessive force claim because his allegations were "so contradictory and fanciful that it cannot be believed by a reasonable person" and thus "may be disregarded")."

This matter ought now be properly be dismissed via summary judgment and with prejudice.

## POINT II

**A. PLAINTIFF FAILS TO ESTABLISH ANY VIABLE 42 U.S.C. § 1983 OR 14TH AMENDMENT CLAIM AGAINST THE DEFENDANT, NYPD OFFICER GREGORY HOWARD, AND IN THE ALTERNATIVE, THE DEFENDANT, NYPD OFFICER GREGORY HOWARD, IS ENTITLED TO QUALIFIED IMMUNITY (PLAINTIFF'S 1ST, 2ND AND 4TH CAUSES OF ACTION).**

42 U.S.C. § 1983 (hereinafter "§ 1983") states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

The Civil Rights Act of 1871, which included § 1983, was "one of the means whereby Congress exercised the power vested in it by §5 of the Fourteenth Amendment to enforce the provisions of that Amendment." Monroe v. Pape, 365 U.S. 167, 171 (1961).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). "[I]n any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right; and depending on the right, merely negligent conduct may not be enough to state a claim." Daniels v. Williams,

474 U.S. 327, 330 (1986). "No decision of this Court before Parratt v. Taylor, 451 U.S. 527 (1981) supported the view that negligent conduct by a state official, even though causing injury, constitutes a deprivation under the Due Process Clause." Id. at 331. "This history reflects the traditional and common-sense notion that the Due Process Clause, like its forebear in the Magna Carta . . . was 'intended to secure the individual from the arbitrary exercise of the powers of government.'" Id. (citing Hurtado v. California, 110 U.S. 516, 527 (1884) (quoting Bank of Columbia v. Okely, 4 Wheat. 235, 244 (1819).

"[W]e have made it clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." Cty. of Sacramento v. Lewis, 523 U.S. 833, 848-49 (1998). "In Paul v. Davis, 424 U.S. 693, 701 (1976), for example, we explained that the Fourteenth Amendment is not a 'font of tort law to be superimposed upon whatever systems may already be administered by the States [..]." Id.

> [I]n Daniels [supra.], we reaffirmed the point that "our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society. We have accordingly rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct and have held that the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.

10

i.  **IN THE ALTERNATIVE, THE DEFENDANT,
    NYPD OFFICER GREGORY HOWARD, IS
    ENTITLED TO QUALIFIED IMMUNITY.**

The challenged conduct of the Defendant NYPD Officer Gregory Howard was

not a violation of clearly established law, so he is entitled to qualified immunity.

"The doctrine of qualified immunity shields officials from civil liability so long as their

conduct does not violate clearly established statutory or constitutional rights of which

a reasonable person would have known." Mullenix v. Luna, U.S. 305, 308 (2015)

(per curiam) (quoting Pearson v. Callahan, 555 U.S. 223, 2315 (2009). "In

resolving questions of qualified immunity, 'courts engage in a two-pronged inquiry:

(1) whether the plaintiff sufficiently alleged the violation of a constitutional right, and

whether the right was clearly established at the time of the official's conduct'." Id.

(quoting L.R. v. Sch. Dist. of Phila., 836 F.3d 235, 241 (3d Cir. 2016).

> [Q]ualified immunity—which shields Government
> officials from liability for civil damages insofar as their
> conduct does not violate clearly established statutory or
> constitutional rights—is both a defense to liability and a
> limited entitlement not to stand trial or face the other
> burdens of litigation. Provided it turns on an issue of law,
> a district-court order denying qualified immunity
> conclusively determine[s] that the defendant must bear
> the burdens of discovery; is conceptually distinct from
> the merits of the plaintiff's claim; and would prove
> effectively unreviewable on appeal from a final
> judgment. [..]. this Court has been careful to say that a
> district court's order rejecting qualified immunity at the
> motion-to-dismiss stage of a proceeding is a "final
> decision" within the meaning of § 1291.

Ashcroft v. Iqbal, 556 U.S. 662, 672 (2009) (internal quotations and citations omitted).

"'[C]learly established law should not be defined at a high level of generality,'

but must instead 'be particularized to the facts of the case'." Bland, at 83 (quoting

White v. Pauly, 137 U.S. 548, 552 (2017) (per curiam). "[A]t the time the action is

11

taken, the 'legal principle [must] clearly prohibit the officer's conduct in the particular

circumstances before him. The rule's contours must be so well defined that it is clear

to a reasonable officer that his conduct was unlawful in the situation he confronted.'"

Id. (quoting District of Columbia v. Wesby, 138 U.S. 577, 590 (2018) (internal

quotation marks and citation omitted).

The Supreme Court provided instructions for lower courts to follow regarding

qualified immunity.:

> [E]xisting precedent must have placed the statutory or constitutional question beyond debate. In other words, immunity protects all but the plainly incompetent or those who knowingly violate the law.
>
> In the last five years, this Court has issued a number of opinions reversing federal courts in qualified immunity cases. The Court has found this necessary both because qualified immunity is important to society as a whole, and because as an immunity from suit, qualified immunity is effectively lost if a case is erroneously permitted to go to trial.
>
> Today, it is again necessary to reiterate the longstanding principle that clearly established law should not be defined at a high level of generality. As this Court explained decades ago, the clearly established law must be particularized to the facts of the case. Otherwise, [p]laintiffs would be able to convert the rule of qualified immunity…into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.

White, supra, 137 U.S. at 551-52 (2017) (internal citations and quotation marks

omitted).

In this case, the Plaintiff is unable to demonstrate and cannot show that NYPD

Officer Gregory Howard knowingly violated any of her civil rights. There is no constitutional

violation that the Plaintiff can allege against NYPD Officer Gregory Howard. Accordingly,

defendant NYPD Officer Gregory Howard submits that this matter ought properly be dismissed as a matter of law.

### B. THE PLAINTIFF HAS FAILED TO SHOW THAT SHE CAN PREVAIL UNDER 42 U.S.C. § 1983 OR § 1985, AND THEREFORE HER DUE PROCESS RIGHTS UNDER THE 14TH AMENDMENT WERE NOT VIOLATED.

The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Title 42 U.S.C. § 1983 does not create substantive rights, but rather provides a remedy for the deprivation of rights established elsewhere. See Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527 (1981).

42 U.S.C. § 1985 states in part:

> (3) Depriving persons of rights or privileges

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

It is well settled that § 1985(3) is a statute "providing a civil cause of action when some otherwise defined federal right to equal protection of the laws or equal privileges and immunities under the laws is breached by a conspiracy in the manner defined by the section." See Great American Federal Saving & Loan Association v. Novotny, 442 U.S. 366 (1979). As with 42 U.S.C. § 1983, this statute is purely remedial in nature.

Plaintiff has failed to show any acts or omissions by the Defendant, NYPD Officer Gregory Howard, that could support a "conspiracy" to deprive Plaintiff of her civil rights.

C. **THE PLAINTIFF'S STATE OF NEW YORK AND CITY OF NEW YORK HUMAN AND CIVIL RIGHTS AND CONSTITUTIONAL ALLEGATIONS SHOULD ALSO BE DISMISSED FOR THE SAME REASONS THAT THE 42 U.S.C. § 1983 CLAIMS SHOULD BE DISMISSED (PLAINTIFF'S 5th, 6th, 7th and 8th CAUSES OF ACTION).**

The Defendant NYPD Officer Gregory Howard relies on Point II A & B in support of the relief sought in Point II C.

## POINT III

### INTEMPERATE REMARKS DO NOT RISE TO THE LEVEL OF CONSTITUTIONAL VIOLATION.

Assuming that the alleged profanity was spoken, the alleged profanity does not rise to the level of a constitutional violation. Thus, the insulting remark is not actionable. See Robertson v. City of Plano, Texas, 70 F.3d 21 (5th Cir. 1995). See also Keyes v. City of Albany, 594 F.Supp. 1147, 1155 (N.D.N.Y. 1984); Johnson v. Hackett, 284 F.Supp. 933, 940 (E.D. Pa. 1968) (no constitutional right to be free from insulting language).

In Robertson, the Fifth Circuit analyzed its own general rule that mere threatening language and gestures of a custodial officer do not, even if true, amount to a constitutional violation. Id. at 25. That decision proceeded with an analysis of relevant case law in numerous other jurisdictions following the very same proposition. See Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.), cert.denied,  414 U.S. 1033 (1973) (the use of words, no matter how violent, does not comprise a 42 U.S.C. § 1983 violation); Collins  v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (verbal harassment consisting of sheriff's threat to "hang" prisoner does not state constitutional deprivation actionable under 42 U.S.C. § 1983).

The Robertson court also noted that other circuit courts determined  that language more  egregious  than  the  admonishment  in its case failed to rise to the level of a constitutional violation. See Emmons v. McLaughlin,  874 F.2d 351 (6th Cir. 1989) (alleged statement—"I am going to get you"—by police officers which caused plaintiff to leave town held not violative of constitutional rights); Hopson  v.  Fredericksen,  961 F.2d 1374 (8th Cir. 1992) (alleged threat of harm and racial slur while plaintiff was in the

16

back seat of a police car being questioned by two officers held not to rise to level of constitutional violation).

Any alleged statements do not rise to the level of, nor do they establish, a constitutional violation. Therefore, the Plaintiff's liberty claims based on the alleged newspaper reports and attributed quotations, fail to prove any constitutional claim and therefore should be dismissed. Plaintiff cannot establish any violation of such a constitutional right as alleged in the Complaint, and these claims must be dismissed.

## POINT IV

## PLAINTIFF'S PUNITIVE DAMAGE CLAIMS MUST BE DISMISSED AS THEY CANNOT PROVE THE DEFENDANT NYPD OFFICER, GREGORY HOWARD, ACTED WITH EVIL MOTIVE OR INTENT.

It is fundamental that, "[t]he purpose of punitive damages is to punish the defendant for his willful or malicious conduct and to deter others from similar behavior." Memphis Community School District v. Stachura, 477 U.S. 299, 306 n.9 (1985). It is equally fundamental that punitive damages in general represent a limited remedy, to be reserved for special circumstances. Thus, in order for a plaintiff to recover punitive damages in a civil rights action, he must be able to show that the defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to federally protected rights." Smith v. Wade, 461 U.S. 30, 56 (1983).

In the present case, the Plaintiff has failed to establish the prerequisites for a punitive damage award and have not demonstrated any solid facts which would show any evidence to support such a finding. Furthermore, the plaintiff is without any proof that NYPD Officer Gregory Howard acted with callous or reckless indifference to plaintiff's constitutional rights. Rather, NYPD Officer Gregory Howard acted properly within the parameter of duties allocated to him. Therefore, as the Plaintiff is unable to make the requisite showing of malicious intent and/or disregard for constitutional rights, any and all punitive damage claims against NYPD Officer Gregory Howard must be dismissed.

18

## CONCLUSION

For the foregoing reasons, the Defendant, NYPD Officer Gregory Howard, respectfully requests that the Court grant its motion for summary judgment on the Plaintiff's claims against NYPD Officer Gregory Howard, together with such costs, fees, and any other further relief as this Court deems just and proper.

**LAW OFFICES OF PETER W. TILL**
*Attorneys for Defendant,*
NYPD Officer Gregory Howard

Dated: April 24, 2023                By:  */s/ Peter W. Till*
                                                    Peter W. Till

PWT:JVS:cc

cc: **By E-mail:**

Vikrant Pawar, Esq.
*Counsel for Plaintiff*
Pawar Law Group P.C.
20 Vesey Street, Suite 1410
New York, New York 10007
vikrantpawaresq@gmail.com

Devon M. Radlin, Esq.
*Counsel for Plaintiff*
Offices of Devon M. Radlin
112 West 34th Street, 18th Floor
New York, New York 10120
devon@lawdmr.com

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
Attention: Jeffrey F. Frank, *Assistant Corporation Counsel,*
                Special Federal Litigation Division
jefrank@law.nyc.gov

19