# TABLE OF CONTENTS

Introduction..............................................................................................1

Factual Statement Pertinent to this Motion.......................................................1

Standard for Summary Judgement..................................................................1

Argument................................................................................................2
I. Fourth and Fourteenth Amendments/Assault and Battery Violations.....................2
II. Intentional/Negligent Infliction of Emotional Distress.....................................4
III. Respondent Superior...............................................................................4
IV. Conclusion..........................................................................................5

# TABLE OF AUTHORITIES

**CASES**                                                                                                                    **PAGE**

*Jeffreys v. City of New York*,
426 F.3d 549, 553-54 (2d Cir. 2005)..................................................................2

*Joseph v. City of Buffalo*,
83 N.Y.2d 141, 608 N.Y.S.2d 396, 629 N.E.2d 1354 (1994)...............................5

*Judith M. v. Sisters of Charity Hosp.*,
93 N.Y.2d 932, 933, 693 N.Y.S.2d 67, 715 N.E.2d 95 (1999)..............................4

*Mitchell v. United States*,
526 U.S. 314, 328 (1999)..................................................................................3

*N.X. v. Cabrini Med. Ctr.*,
765 N.E.2d 844, 847 (N.Y. 2002).......................................................................5

*Outlaw v. City of Hartford*,
884 F.3d 351, 367 (2d Cir. 2018).......................................................................2

*Posr v. Doherty*,
944 F.2d 91, 94-95 (2d Cir.1991).......................................................................2

*Riviello v. Waldron*,
47 N.Y.2d 297, 304, 418 N.Y.S.2d 300, 391 N.E.2d 1278 (1979)....................4-5

*SEC v. Suman*,
684 F. Supp. 2d 378, 386-87 (S.D.N.Y. 2010)....................................................3

*Stuto v. Fleishman*,
164 F.3d 820, 827 (2d Cir.1999).........................................................................4

*United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*,
994 F.2d 105, 108 (2d Cir.1993).........................................................................2

*Wilson v. Layne*,
526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)..............................3

*Ya-Chen Chen v. City Univ. of N.Y.*,
805 F.3d 59, 69 (2d Cir. 2015)............................................................................1

## INTRODUCTION

Plaintiff, Ms. Takisha Reid, ("Ms. Reid") filed this action against the defendant City of New York ("City") and defendant Gregory Howard ("Howard"). Ms. Reid's complaint contained eleven (11) separate causes of action. Ms. Reid abandons seven (7) causes of actions and opposes the defendants' combined motion for the following causes of action:

Fourth and Fourteenth Amendments Violation – 1st cause of action against Howard

Assault and Battery Violation – 5th cause of action against Howard

Intentional and Negligent Infliction of Emotional Distress – 7th cause of action against Howard

Respondeat superior – 11th cause of action against City

## FACTUAL STATEMENT PERTINENT TO THIS MOTION

Plaintiff Takisha Reid (hereinafter "Ms. Reid") worked as a Confidential Informant ("CI") for the NYPD. *Defendant City's Local Rule 56.1 ("City L.R.")*. Defendant Gregory Howard ("Howard") was a detective with the defendant City of New York's ("City") NYPD from at least 2017-2019 and Ms. Reid worked for him as a CI for at least 11 months during that period. Howard signed up Ms. Reid as a CI and had her complete paperwork. Howard used his personal cell phone to communicate with Ms. Reid because his department phone was broken and would meet at the NYPD precincts. After Ms. Reid made complaints of Howard's misconduct, she was subjected to an insensitive IAB investigation. Howard invoked the Fifth Amendment when he was questioned about his relationship with Ms. Reid.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only when, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Ya-Chen Chen v. City Univ. of N.Y.*, 805 F.3d 59, 69 (2d Cir. 2015)

1

# ARGUMENT

## I     Fourth and Fourteenth Amendments/ Assault and Battery Violations

### First and Fifth Causes of Actions against Howard

Ms. Reid alleges that Howard while acting under the color of state law deprived her of her bodily integrity by raping her. 42 U.S.C. § 1983 imposes liability upon a party who "under color [of law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." An assault is "an intentional placing of another person in fear of imminent harmful or offensive contact," and a battery is "an intentional wrongful physical contact with another person without consent." *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.,* 994 F.2d 105, 108 (2d Cir.1993). The same standard is used to evaluate claims of assault and battery under New York law and of excessive force under the Fourth Amendment. *Posr v. Doherty,* 944 F.2d 91, 94-95 (2d Cir.1991).

Summary judgment is not appropriate when there are competing version of the facts. Howard cannot escape that. So, he simply suggests that the allegations are too outlandish to be true. That is not the standard. Considering the dueling versions of the facts, it would be inappropriate for this Court to resolve this issue at the summary judgment stage. *See Jeffreys v. City of New York,* 426 F.3d 549, 553-54 (2d Cir. 2005) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment.")

Howard argues that plaintiff's rights to be free from rape was not clearly established and therefore he is entitled to qualified immunity. Qualified immunity is an affirmative defense for which Defendant has the burden of proof. *Outlaw v. City of Hartford,* 884 F.3d 351, 367 (2d Cir. 2018) (citing cases). Howard's argument misses the point because he does not cite anywhere in

the record that Ms. Reid's right to be free from unwanted sexual conduct or excessive force or violation of her due process rights were not clearly established.

Individual defendants are "shielded from liability for civil damages" under 42 U.S.C. § 1983 if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wilson v. Layne,* 526 U.S. 603, 609, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). Howard cannot possibly argue that the crime of assault and battery and that of a sexual assault was not clearly established. In fact, it is in the penal law of NYS that such actions do constitute a crime punishable by prison.

In addition, Howard invoked the Fifth Amendment when asked about questions regarding conduct towards Ms. Reid. The jury should hear the adverse inference when deciding whether Howard engaged in conduct that violated Ms. Reid's federal and state common law rights. The Supreme Court has recognized "the prevailing rule that the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Mitchell v. United States,* 526 U.S. 314, 328 (1999); *SEC v. Suman,* 684 F. Supp. 2d 378, 386-87 (S.D.N.Y. 2010) ("A court may draw an adverse inference against a party who asserts his Fifth Amendment privilege in a civil matter because the invocation of the privilege results in a disadvantage to opposing parties by keeping them from obtaining information they could otherwise get." (internal citation omitted)), *aff'd,* 421 F. App'x 86 (2d Cir. 2011).

Finally, Howard advances the repugnant argument that a prostitute cannot be raped. This assertion is patently baseless and incorrect and not surprisingly, no case law has been offered for that position.

## II   Intentional/Negligent Infliction of Emotional Distress

### Seventh Cause of Action against Howard

Howard does not address this point in his motion, so it is deemed waived.

Nevertheless, "under New York law, a claim for intentional infliction of emotional distress requires a showing of (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Stuto v. Fleishman,* 164 F.3d 820, 827 (2d Cir.1999). Defendants have only been found liable for the intentional infliction of emotional distress when "the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.*

Plaintiff respectfully submits that a sexual assault is outrageous and goes beyond all possible bounds of decency and if the jury credits her version of the events, they are entitled to rule for her under this cause of action.

### III.   Respondeat Superior

### Eleventh Cause of Action Against City

Defendant City argues that Howard's alleged sexual assault was beyond the scope of his employment and therefore, they are entitled to summary judgment. However, the City fails to note that these issues are disputed.

Under the common-law doctrine of respondeat superior, an employer may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment. *See Judith M. v. Sisters of Charity Hosp.,* 93 N.Y.2d 932, 933, 693 N.Y.S.2d 67, 715 N.E.2d 95 (1999), citing *Riviello v. Waldron,* 47 N.Y.2d 297, 304, 418 N.Y.S.2d

4

300, 391 N.E.2d 1278 (1979). Whether an employee acted within the scope of employment is a fact-based inquiry. *See Riviello,* 47 N.Y.2d at 302–303, 418 N.Y.S.2d 300, 391 N.E.2d 1278. Although, the question may be resolved on summary judgment, particularly when the material facts are undisputed; *see Joseph v. City of Buffalo,* 83 N.Y.2d 141, 608 N.Y.S.2d 396, 629 N.E.2d 1354 (1994); such is not the case here where the facts are hotly contested. "Under New York law, an employer is vicariously liable for the actions of an employee only where the acts in question are committed in furtherance of the employer's business and within the scope of employment." *N.X. v. Cabrini Med. Ctr.,* 765 N.E.2d 844, 847 (N.Y. 2002).

There is no question that Howard was acting in the scope of his employment when he registered Ms. Reid as a CI. In addition, Howard had Ms. Reid complete paperwork to become a CI. Moreover, Ms. Reid was paid from the coffers of the "Gun Stoppers" program of the City of New York. Ms. Reid met Howard at NYPD precincts while working as a CI. The fact that Howard sexually and verbally assaulted Ms. Reid, or whether his conduct of threats and obtaining compliance from her as a CI was in furtherance of his employment as a City detective is a question of fact for the jury to decide.

IV                                **CONCLUSION**

For the foregoing compelling reasons, the Court should deny summary judgment on plaintiff's remaining four causes of action as outlined in this opposition.

Dated:       June 9, 2023
                New York, New York

                                                                     Respectfully submitted,

                                                                     /sDevon Radlin, Esq.