# Kopke Christiana & Rastetter LLP

199 Cook Street, Suite 308
Brooklyn, NY 11206
t/f: (917) 451-9525
e: office@kcrllp.com

**VIA ECF**                                                  April 8, 2025.
Hon. Peggy Kuo
U.S. Magistrate Judge, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201                    Re:    *Reid v. Howard,* 1:20-cv-03926-PK

Your Honor:

    The undersigned represents Plaintiff in the above-referenced matter. Pursuant to Rule IV(B)(1) of the Court's Individual Practices, Plaintiff respectfully requests a pre-motion conference regarding Plaintiff's anticipated motion for relief under Fed. R. Civ. P. 60(b) from this Court's order and judgment granting summary judgment in favor of Defendant City of New York on Plaintiff's negligent hiring, retention, and supervision claim and dismissing the City as a defendant (Dkts. 87, 100).

    Plaintiff seeks relief from the order and judgment granting the City's motion for summary judgment on her negligent hiring, retention, and supervision claim, specifically to: (1) allow Plaintiff the opportunity to formally oppose the motion; and (2) pursuant to Rule 56(d)(2), permit Plaintiff to depose Defendant Howard's supervisor, Lt. Bannon, before filing her opposition.[1]

## I.    The Relevant Evidence Gathered During Discovery

    Plaintiff's complaint alleges numerous causes of actions stemming from sexual assaults inflicted by Defendant Howard primarily in April and May of 2018 while Plaintiff was a confidential informant under Defendant Howard's control. *See e.g.*, Dkt. 87 at 3. Discovery in the instant case revealed evidence pertinent not only towards Defendant Howard's liability, but Defendant City's liability as well. Because the City disclosed these items as confidential pursuant to the Confidentiality Order (dkt. 56), Plaintiff does not detail the underlying evidence in this letter, other than to submit the evidence refutes the City's assertions on summary judgement regarding prior notice.

## II.    The Relevant Summary Judgment Proceedings

    Defendant City of New York moved for summary judgment on, inter alia, Plaintiff's New York state law negligent screening, training, hiring, and retention claim. *See* Dkt. 79. Defendant City argued that Plaintiff could not establish that Defendant City "knew or should have known of Detective Howard's propensity for misconduct, sexual or otherwise." Dkt. 79, p.5. Plaintiff's

---

[1] While Lt. Bannon was deposed, both Plaintiff's former counsel *and* Counsel for Defendant City questioned him—and the *entire* deposition lasted only *29 minutes*.

counsel subsequently filed a 13 point "Rule 56.1 counter-statement." Dkt. 81. Plaintiff's counsel did not oppose any of the allegations contained in Defendant City's (or Defendant Howard's) 56.1 Statement. Dkt. 81. Moreover, Plaintiff's counsel did not oppose Defendant City's motion for summary judgment the negligent hiring, retention, and supervision claim, but instead, voluntarily dismissed it. Dkt. 84 at 1; Dkt. 87 at 2, n.3. As a result, the Court entered summary judgment as to this claim in Defendant City's favor. Dkt. 87. On February 10, 2025, judgment dismissing Defendant City was entered.

### III.    Former Counsel Withdraws from the Case; Present Counsel Learns Plaintiff Never Consented nor Authorized the Voluntary Dismissal

Following the Court's decision, Plaintiff's prior counsel withdrew from the case. *See* Order dated February 6, 2025. The undersigned entered a notice of appearance shortly thereafter (Dkt. 101) and, upon executing the necessary confidentiality agreements, promptly sought to obtain the complete case file. However, former counsel advised that they did not possess the majority of the file—including Defendants' discovery—and directed the undersigned to obtain it from Defendants' counsel. On April 7, 2025, the undersigned received what is believed to be the complete case file from Defendants' counsel, with the exception of a few outstanding documents. Upon reviewing the discovery, the undersigned identified the above-referenced evidence bearing on the City's liability. The undersigned also learned that Plaintiff was never informed of, nor did she consent to, the voluntary dismissal of her negligent supervision claim against the City.

### IV.    Legal Argument

Under Rule 60(b), a party may motion for relief from a final judgment or order for, inter alia, the following reason: "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A motion under 60(b)(1) must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

When considering a 60(b)(1) motion, courts consider (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Here, former counsel's voluntary dismissal—without Plaintiff's knowledge *or* consent—constitutes grounds for relief under 60(b)(1). *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir.1986) (suggesting that an allegation "that former counsel lacked authority to enter into [a] stipulation" dismissing claims with prejudice might provide an avenue for relief under Rule 60(b)(1)); *Ezagui v. City of New York*, No. 20-CV-06360-DG-SJB, 2023 WL 2335946, at *3–4 (E.D.N.Y. Feb. 14, 2023) ("District Courts have followed the guidance in *Nemaizer*—that is, concluding that attorney authority claims rise and fall under Rule 60(b)(1)") citing *Webb v. City of New York*, No. 08-CV-5145, 2010 WL 3394537, at *3 (E.D.N.Y. Aug. 23, 2010) (acknowledging that evidence that "counsel lacked any authority to either bring this case or to enter into a stipulation dismissing her

client's claims with prejudice might well provide a basis for relief from that stipulation" under (b)(1) (citing *Nemaizer*, 793 F.2d at 62)).

Moreover, all factors weigh in Plaintiff's favor. The danger of prejudice to plaintiff is high, whereas the danger of prejudice to Defendant City is simply in the form of opposing this motion and a reply brief to Plaintiff's opposition motion should Plaintiff prevail. Moreover, the length of delay is minimal, and the reason for delay is simple: the undersigned needed to obtain the underlying case file, and once obtained, moved expeditiously to bring the instant intended motion. *See e.g. King v. City of New York*, No. 20-CV-8283 (PAC), 2021 WL 1856840 (S.D.N.Y. Apr. 6, 2021) (case reopened under 60(b)(1) where prejudice to plaintiff was high and delay was minimal even though one factor weighed against Plaintiff). And importantly, Plaintiff has—and had—a meritorious defense to the City's motion for summary judgment. Indeed, the crux of a negligent supervision claim under New York state law is whether the municipality "knew or should have known of [the employee's] propensity for misconduct." Dkt. 79, p.5 (citing *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004). Understandably, Defendant City focused their motion for summary judgment accordingly. *See id* at 5, 6-7.

While Defendant City argued that Plaintiff was Defendant Howard's first confidential informant and he had never been "accused of engaging in a sexual relationship with a confidential informant", the record evidence is sufficient enough to create a question of fact to the contrary. Dkt. 79, p. 6-7; *see e.g.*, *Gonzalez v. City of New York*, 133 A.D.3d 65, 68 (1st Dept. 2015) (summary judgment not appropriate where City "became aware or should have become aware of problems with [Officer] that indicated he was unfit" and the "City failed to take further action."); *Doe v. City of N.Y.*, No. 15-CV-00117, 2018 WL 6095847, at *7 (S.D.N.Y. Nov. 21, 2018) (denying defendants' motion for summary judgment on negligent hiring and supervision claims where evidence existed of, *inter alia*, a prior sexual assault allegation against the corrections officer and noting that "even a single previous report of misconduct may be sufficient to create an issue of fact regardless of the severity of the previous incident.").

## V.    Conclusion

Plaintiff respectfully submits that the requested relief is warranted.

Respectfully submitted,

*/s/Matthew W. Christiana*
Matthew W. Christiana
Kopke Christiana & Rastetter LLP

Cc via email:  Peter Till
pwt@till-law.com
**Counsel for Defendant Howard**

Michael Viviano
mviviano@law.nyc.gov
**Counsel for Defendant City of New York**