

**T**HE **C**ITY OF **N**EW **Y**ORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

**MICHAEL C. VIVIANO**
Senior Counsel
Phone: (212) 356-2368
Fax: (212) 788-9776
mviviano@law.nyc.gov

April 11, 2025

**VIA ECF**
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza E.
Brooklyn, New York 11201

      Re: <u>Takisha Reid v. The City of New York, et al.</u>,
          20 CV 3926 (PK)

Your Honor:

      I am a Senior Counsel in the office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing former defendant City of New York[1] in the above-referenced matter. We respectfully submit this letter in response to Plaintiff's April 8, 2025 request for a pre-motion conference concerning her anticipated motion for relief pursuant to Fed. R. Civ. P. 60(b) from the Court's summary judgment decision and final judgment dismissing the City as a defendant.

      Plaintiff's request should be denied because it fails to present any valid basis under Rule 60(b) to disturb the Court's judgment. As Plaintiff concedes, her former counsel made a deliberate, strategic decision not to oppose the City's motion for summary judgment and to voluntarily dismiss the negligent hiring, supervision, and retention claim. <u>See</u> Dkt. 84 at 1; Dkt. 87 at 2, n.3. Courts in this Circuit have consistently held that counsel's litigation decisions, even those alleged to be unauthorized, do not warrant relief under Rule 60(b) absent a showing of fraud, gross negligence, or other extraordinary circumstances. <u>See</u> <u>Nemaizer v. Baker</u>, 793 F.2d 58, 62 (2d Cir. 1986) ("Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Fed. R. Civ. P. 60(b)(1) relief. More particularly, an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment.") <u>Id.</u>

      Plaintiff now seeks to undo a final judgment based on unsubstantiated claims that her former counsel acted without her knowledge or consent. Yet she provides no affidavit from prior

---

[1] As the court is aware, Defendant City's motion for summary judgment was granted on December 27, 2024, and on February 7, 2025, judgment was entered as to the City dismissing all claims against the municipality.

counsel, no contemporaneous evidence, and no explanation for the absence of objection until now—two months after entry of judgment, and many months after Defendant was granted summary judgment. Plaintiff's vague assertion of new counsel's belated receipt of the case file does not justify vacating a final judgment, especially where Plaintiff had long been represented and the relevant discovery record was already fully developed before summary judgment.

Additionally, Plaintiff requests the opportunity to depose Lt. Bannon prior to refiling their motion for summary judgment. Plaintiff's argument that she should now be permitted to depose Lt. Bannon under Rule 56(d) is meritless. As plaintiff concedes, deposition has already occurred. Plaintiff's original counsel was present and had the opportunity to question Lt. Bannon, whether or not they chose to do so at length is not grounds to reopen discovery or re-litigate summary judgment. The Court should not permit plaintiff a second bite at the apple, as it is not the purpose of Rule 56(d)(2). "Rule 56(d)(2) permits a court to defer consideration of a summary judgment motion and allow additional time for discovery while the motion is pending if the non-moving party can show that "for specified reasons, it cannot present facts essential to justify its opposition." But "'the trial court may properly deny further discovery' under Rule 56(d) 'if the nonmoving party has had a fully adequate opportunity for discovery.'" Moccia v. Saul, 820 F. App'x 69, 70 (2d Cir. 2020) (summary order) (quoting Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989)); see also Capitol Recs., Inc. v. MP3tunes, LLC, No. 07 Civ. 9931 (WHP), 2013 U.S. Dist. LEXIS 68793, 2013 WL 1987225, at *8 (S.D.N.Y. May 14, 2013) ("Relief under Rule 56(d) is not available when summary judgment motions are made after the close of discovery" (quotation marks omitted))." Turner v. McDonough, 2021 U.S. Dist. LEXIS 48152, at *3-4 (S.D.N.Y. Mar. 15, 2021). It is clear that plaintiff is seeking to depose Lt. Bannon, a second time, as a fishing expedition. This is clearly not appropriate under Rule 56, and therefore the Court should deny plaintiff's motion to depose Lt. Bannon again. "A party cannot weaponize Rule 56(d) to fish for evidence in hopes of finding out whether it has a claim." All Am. Tel. Co., Inc. v. AT & T Corp., 328 F. Supp. 3d 342, 358 (S.D.N.Y. 2018).

Plaintiff's assertion that the City would not suffer prejudice if this matter is reopened is incorrect and misleading. It is obvious that the City would suffer prejudice if forced to relitigate claims that were already resolved in accordance with the applicable rules and with full notice and participation by Plaintiff's then-counsel. Moreover, the City is at this time, no longer liable for damages in this matter, however bringing them in would now re-expose the municipality to liability. This is beyond the allegation that the City would simply have to oppose a Rule 60(b) motion, if granted, refile motions, and possibly defend an additional deposition and be subject to further paper discovery. Plaintiff's dissatisfaction with prior counsel's litigation strategy does not constitute "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). Nor does it meet the stringent standard for Rule 60(b)(6) relief. See Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).

It is clear, that plaintiff is also attempting to masquerade his premotion conference letter which puts forth a potential Rule 60(b)(1) motion, joined with a Rule 60(b)(6) motion. To that end, plaintiff's anticipated Rule 60(b)(6) motion has no merit. A federal court evaluates a motion for reconsideration based on an attorney's "constructive disappearance" or "abandonment" under Fed. R. Civ. P. Rule 60(b)(6). See Harris v. United States, 367 F.3d 74, 80-81 (2d Cir. 2004). "Although, "[s]erious misconduct of counsel may justify" reconsideration under a "manifest injustice" theory, reconsideration is not proper where the party seeking reconsideration "has

submitted no new facts or law but merely questions the effectiveness of her attorney's tactical decisions in the conduct of a litigation by hiring new counsel to rehash the same facts and arguments." 11 Charles Alan Wright and Arthur R. Miller, Federal Practice and procedure § 2810.1 (2d ed.); see Lopes v. First Unum Ins. Co., No. 09-CV-2642 (RRM) (SMG), 2011 WL 13298876, at *2 (E.D.N.Y. Dec. 27, 2011); Feldman L. Grp. P.C. v. Liberty Mut Ins. Co., 819 F. Supp. 2d 247, 266 (S.D.N.Y. June 30, 2011)." Joel Herman v. NYPD Police Detective Kenneth Wieber, et al., No. 15-CV-03059 (PKC) (SJB), (E.D.N.Y. Mar. 6, 2024). Defendant asserts that there are no new facts, and that Detective Howard had no prior history pertaining to allegations similar to plaintiff's suit. Further, plaintiff's prior counsel did have a case file, Defendants turned over their discovery to counsel over the many years of this litigation. To that end, plaintiff is speculating, and that does not warrant reconsideration. See Simpson v. City of N.Y., No. 12-CV-6577 (KBF), 2014 WL 595759 at *2 (S.D.N.Y. Feb 10, 2014) (denying reconsideration where plaintiff's motion "consist[ed] not of disputed facts but of speculation"); Adegh v. Janssen Pharms., Inc., No. 16-CV-2235 (LGS), 2017 WL 4839063, at *1 (S.D.N.Y. Oct 24, 2017) (rejecting motion for reconsideration where the movant cited "mere speculation" instead of new evidence that was not previously available). Assuming, arguendo, that Det. Howard had prior allegations, this still would not meet the threshold for reconsideration, as all of this information was available to prior counsel. Therefore, plaintiff's Rule 60(b)(6) motion would also fail on these grounds, the court should therefore deny plaintiff's request on these grounds.

Accordingly, the City respectfully submits that no pre-motion conference is warranted, as the anticipated motion would be futile. Defendants thank the Court for its consideration.

Respectfully submitted,

/s/ *Michael Viviano*

Michael Viviano
Senior Counsel

CC: All counsel of record (BY ECF)