UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TAKISHA REID,

                Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

                Defendants.

Case No.: 20-CV-3926 (PK)

# PLAINTIFF TAKISHA REID'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE ORDER AND JUDGMENT PURSUANT TO FED. R. CIV. P. 60

MATTHEW W. CHRISTIANA
KOPKE CHRISTIANA & RASTETTER LLP
199 Cook Street, Suite 308
Brooklyn, NY 11206
t: (917) 451-9525

*Attorneys for Plaintiff*

April 29, 2025

# TABLE OF CONTENTS

TABLE OF CONTENTS..........................................................................................................I
TABLE OF AUTHORITIES ................................................................................................I
PRELIMINARY STATEMENT ......................................................................................... 1
STATEMENT OF FACTS ................................................................................................... 2
ARGUMENT ......................................................................................................................... 6
   POINT I................................................................................................................................ 6
   RULE 60(B)(1) RELIEF IS WARRANTED TO PREVENT INJUSTICE WHERE PRIOR COUNSEL ACTED WITHOUT AUTHORITY BY UNILATERALLY DISMISSING PLAINTIFF'S NEGLIGENT HIRING, RETENTION, TRAINING, AND SCREENING CLAIM................................................................................................................................. 6
   POINT II ............................................................................................................................ 14
   ALTERNATIVELY, EXCEPTIONAL CIRCUMSTANCES EXIST SUCH THAT RULE 60(B)(6) RELIEF IS WARRANTED. ................................................................................ 14
CONCLUSION.................................................................................................................... 16

# TABLE OF AUTHORITIES

## CASES

*Argila v. Mach Grp., Inc.,* 740 F.Supp.3d 128 (E.D.N.Y. 2024)-------------------------------------- 7

*Bart v. Golub Corp.*, No. 3:20-CV-00404 (KAD), 2022 WL 2315625 (D. Conn. June 28, 2022) ----------------------------------------------------------------------------------------------------------- 11, 14

*Bliss v. Putnam Valley Cent. Sch. Dist.*, No. 06-cv-15509 (WWE), 2011 WL 1079944 (S.D.N.Y. Mar. 24, 2011) ------------------------------------------------------------------------------------------13

*Doe v. City of New York*, No. 15-CV-0117(AJN), 2018 WL 6095847 (S.D.N.Y. Nov. 21, 2018) ----------------------------------------------------------------------------------------------------------------13

*Ehrens v. Lutheran Church*, 385 F.3d 232 (2d Cir. 2004) --------------------------------------------12

*El Bey v. McDonald's Located at Fulton Brooklyn*, No. 20CV3031WFKLB, 2021 WL 1162976 (E.D.N.Y. Mar. 26, 2021) ------------------------------------------------------------------------------15

*Ezagui v. City of New York*, No. 20-CV-06360-DG-SJB, 2023 WL 2335946 (E.D.N.Y. Feb. 14, 2023) -------------------------------------------------------------------------------------------------- 7, 8

*Foley v. United States*, 645 F.2d 155 (2d Cir. 1981)-------------------------------------------- 10, 11

*Gomez v. City of New York*, 805 F.3d 419 (2d Cir. 2015)--------------------------------------------7, 10

*Gonzalez v. City of New York*, 133 A.D.3d 65 (N.Y. App. Div. 1ˢᵗ Dept. 2015) --------------------13

*Green ex rel. Est. of Green v. Advanced Cardiovascular Imaging*, No. 07 CIV.3141 JCF, 2009 WL 3154317 (S.D.N.Y. Sept. 30, 2009)-----------------------------------------------------------9, 10

*In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005)------------------------------------------------ 9

*King v. City of New York*, No. 20-CV-8283 (PAC), 2021 WL 1856840 (S.D.N.Y. Apr. 6, 2021) 9, 10, 11

*Klein v. Williams*, 144 F.R.D. 16, 19 (E.D.N.Y. 1992)------------------------------------------------16

*Lurch v. Menendez*, No. 19-CV-06011-DG-SJB, 2024 WL 3374147 (E.D.N.Y. July 11, 2024)-- 8

*Mandala v. NTT Data, Inc.*, 88 F.4th 353 (2d Cir. 2023) --------------------------------------- 7, 8

*Matter of Emergency Beacon Corp.*, 666 F.2d 754 (2d Cir. 1981) ----------------------------------15

*Mayes v. 490 Habitat, Inc.*, No. 18-CV-1427 (SJF), 2020 WL 587112 (E.D.N.Y. Feb. 6, 2020) 14

*Nemaizer v. Baker*, 793 F.2d 58 (2d Cir.1986) ---------------------------------------------------- 7, 8

*Nevaeh T. v. City of New York*, 132 A.D.3d 840 (N.Y. App. Div. 2d Dept. 2015) -----------------13

*Olsen v. Butler*, 227 A.D.3d 916, 918 (N.Y. App. Div. 2d Dept. 2024) ----------------------------12

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993) -------------------- 9

*Timothy Me. v. Beacon City School District*, 127 A.D.3d 826 (N.Y. App. Div. 2d Dept. 2015) -13

*United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977)-----------------------------------------------15

*Wagstaff–EL v. Carlton Press Co.*, 913 F.2d 56 (2d Cir. 1990)--------------------------------------16

*Wahhab v. City of New York*, 386 F.Supp.2d 277 (S.D.N.Y. 2005) --------------------------------12

*Waterbury v. New York City Ballet, Inc.*, 205 A.D.3d 154 (N.Y. App. Div. 1st Dept. 2022)------12

*Williams v. City of New York*, 727 Fed. App'x. 30 (2d Cir. 2018)----------------------------------- 9

OTHER AUTHORITIES

7 Moore's Federal Practice P 60.27(2), at 352, 375 (2d ed.rev.1975) -------------------------------15

RULES

Fed. R. Civ. P. 60(b) ------------------------------------------------------------------------------------ 6

Fed. R. Civ. P. 60(c)------------------------------------------------------------------------------------ 6

Red. R. Civ. P. 60(b)(1)---------------------------------------------------------------------7, 8, 9 , 10

Red. R. Civ. P. 60(b)(6)-------------------------------------------------------------------------- 17, 18

# PRELIMINARY STATEMENT[1]

This motion arises from a grave and unauthorized act: Plaintiff's former attorney voluntarily dismissed her claim against the City of New York for negligent hiring, training, retention, and screening—without her knowledge or consent. That dismissal, made without the authority of the very person whose rights were at stake, led to summary judgment in the City's favor and now threatens to forever bar Plaintiff from her day in court to hold the City accountable for its role in the sexual assaults she sustained at the hands of Detective Howard—cloaked in the authority the City granted him—while she served as his confidential informant.

Thankfully, the law provides a remedy: Federal Rule of Civil Procedure 60(b). Plaintiff invokes this rule well within the one-year limitations period and did so with remarkable diligence—seeking relief just thirteen days after uncovering her attorney's unauthorized conduct. Moreover, every factor courts in this Circuit consider in evaluating Rule 60(b) motions strongly supports the exercise of this Court's discretion in granting relief.

The Second Circuit has long emphasized that cases should be decided on their merits, not lost to procedural missteps—especially not when the decision to abandon a claim rests solely with the client, and the client never gave her consent. That principle is at its most vital where, as here, the unauthorized dismissal extinguished a claim supported by serious and disturbing facts. As outlined fully in Plaintiff's proposed opposition to Defendant City's Motion for Summary

---

[1] Plaintiff does not waive any attorney-client privilege by bringing this motion. As stated throughout, no communications occurred between Plaintiff and prior counsel regarding the matter at issue. In fact, the *lack* of communication is the foundation from which the instant motion arises. Accordingly, no privileged communications are disclosed or, alternatively, waived. To the extent any waiver could be implied, it is limited solely to the narrow subject matter addressed herein— namely, whether prior counsel ever obtained Plaintiff's consent to dismiss her claim for negligent supervision, retention, training, and hiring before doing so unilaterally. In any event, given the circumstances outlined herein, fairness warrants no waiver of any privilege be found.

1

Judgment annexed hereto, the record shows that the City had actual notice of Detective Howard's predatory behavior toward female confidential informants long before he assaulted Plaintiff. Yet the City did nothing.

The relief sought herein—vacatur of the Court's prior order and judgment granting Defendant City's motion for summary judgment thereby providing Plaintiff an opportunity to oppose the Defendant City's Motion for Summary Judgment—will impose little burden on the City: perhaps the filing of a reply brief after Plaintiff's opposition. But denying relief would impose a devastating and irreversible injustice on Plaintiff, depriving her of any opportunity to litigate a meritorious claim based on egregious misconduct not of her own. As such, for the reasons outlined below, Plaintiff respectfully requests the Court to restore Plaintiff's voice and grant her the chance to seek justice in the forum where it belongs by granting the instant motion, vacating the order and judgement granting the Defendant City's motion for summary judgment, and granting Plaintiff leave to file her Opposition papers annexed hereto, or otherwise deeming Plaintiff's opposition papers properly filed.

## STATEMENT OF FACTS

Plaintiff commenced the instant action on August 25, 2020. Dkt. 1. At the time, Plaintiff was represented by attorneys Vik Pawar and Devin M. Radlin. *See id*. Plaintiff's claims against Defendant Howard and Defendant City arise from allegations that Detective Howard sexually assaulted her while she was serving as his confidential informant, including during the period of April through May 2018. *See e.g.* Dkt. 87 at 1-3.

As part of their discovery obligations, Defendant City of New York bates-stamped a number of pertinent documents and files. *See* Declaration of Matthew Christiana ("Christiana Decl.") at ¶ 6. Relevant here, the documents make clear that, as of November 17, 2017—*months*

*before the sexual assaults on Plaintiff*—the NYPD's Internal Affairs Bureau had opened an investigation into Defendant Howard, under C.I. 18-95 and I/A 2017-45860. *See* Christiana Decl at ¶ 6-7. The investigation stemmed from allegations brought by a fellow Staten Island officer that Defendant Howard had (1) disclosed confidential information to a woman, (2) whom he was supervising as a confidential informant (hereinafter "C.I. #1"), and (3) whom he had been soliciting for sex. *See* Christiana Decl. at ¶ 6-7. While Defendant Howard denied the allegations, during the course of that investigation, NYPD investigators uncovered an extraordinary volume of communication—over 16,000 text messages and calls—exchanged between Defendant Howard and his confidential informant over a eighteen-month period, from July 20, 2016, to January 1, 2018. *See* Christiana Decl at ¶ 8.

While that investigation was ongoing, another, separate investigation into Defendant Howard was opened in June 2018 following Plaintiff's report to CCRB of her sexual assaults. *See* Christiana Decl at ¶ 9. Because Defendant Howard was already under investigation for similar sexual misconduct against a female C.I. working under him, the investigators handling Ms. Reid's complaint actively sought information from the earlier case, which had been formally classified as involving "similar allegations." *See* Christiana Decl at ¶ 10. The investigation further revealed that Detective Howard had supervised two confidential informants—C.I. # 1 and Ms. Reid—and his conduct with both was the subject of internal investigations. *See* Christiana Decl at ¶ 11.

Defendant City of New York moved for summary judgment on, *inter alia*, Plaintiff's New York state law negligent screening, training, hiring, and retention claim. *See* Dkt. 79. Notwithstanding the contradictory evidence outlined above, the City, relying principally on Lt. Bannon's deposition transcript, asserted: (1) "Before June 4, 2018, no disciplinary allegations similar to Plaintiff's had been made against Detective Howard"; "In fact, other than the complaint

made by Plaintiff, Detective Howard has never been accused of engaging in a sexual relationship with a confidential informant"; "During the time Lieutenant Bannon was Detective Howard's supervisor, he had no reason to believe that disciplinary action would be required as to Detective Howard"; and "Plaintiff is the only confidential informant Detective Howard has handled." *See* Dkt. 78 at ¶ 9-13. Based on this, Defendant City claimed "Plaintiff has failed to demonstrate that the City knew or should have known of Detective Howard's propensity for misconduct, sexual or otherwise", and therefore summary judgment appropriate. Dkt. 79, p.5.

Plaintiff's prior counsel subsequently filed a 13 point "Rule 56.1 counter-statement." Dkt. 81. Plaintiff's prior counsel did not oppose any of the allegations contained in Defendant City's (or Defendant Howard's) 56.1 Statement. Dkt. 81. Moreover, Plaintiff's counsel did not oppose Defendant City's motion for summary judgment on the negligent hiring, retention, training and screening claim, but instead, voluntarily dismissed it. Dkt. 84 at 1; Dkt. 87 at 2, n.3. Plaintiff's previous counsel, however, failed to discuss, consult with, or obtain Plaintiff's consent prior to dismissing the claim. *See* Declaration of Takish Reid (Reid Decl.) at ¶¶ 4-6. Nevertheless, based on Plaintiffs' prior counsels' voluntary dismissal, the Court entered summary judgment as to this claim in Defendant City's favor. Dkt. 87. On February 7, 2025, judgment dismissing Defendant City was entered. Dkt. 100.

Shortly thereafter, Plaintiff terminated the attorney-client relationship with Mr. Pawar and Ms. Radlin. *See* Order dated February 6, 2025. The undersigned then entered a notice of appearance (Dkt. 101) and, upon executing the necessary confidentiality agreements, promptly sought to obtain the complete case file. *See* Christiana Decl. ¶ 3-4. However, former counsel advised that they did not possess the majority of the file—including *all* Defendants' discovery—and directed the undersigned to obtain it from Defendants' counsel. *See* Christiana Decl. ¶ 5.

4

On March 27, 2025, the undersigned received the majority of the case file from Defendants' counsel. *See* Christiana Decl. ¶ #6. Upon reviewing the discovery, the undersigned identified the above-referenced evidence bearing on the City's liability. *See* Christiana Decl. ¶ 6. The following day, on March 28, 2025, Plaintiff indicated that, while she knew the negligent hiring, training, retention, and screening claim against the City had been dismissed, she did not know that it was because her prior attorneys voluntarily dismissed the claim. *See* Christiana Decl. ¶ 12; Reid Decl. at ¶¶ 4-6. Had her prior attorneys ever asked for her consent to dismiss *any* claim, she would have vehemently opposed and refused. *See* Reid Decl. at ¶ 6.

The undersigned thereafter contacted prior counsel. *See* Christiana Decl. ¶ 13-15. Ms. Radlin never returned any phone calls or emails. *See* Christiana Decl. ¶ 15-16. After dodging phone calls and not responding to emails, Mr. Pawar eventually and cursorily stated that "nothing … was done without her consent." *See* Christiana Decl. ¶ 13-16. However, when asked for *any* documentation demonstrating—implicitly or explicitly—that he had obtained Plaintiff's consent, he stopped responding. *See* Christiana Decl. ¶ 16-17.

Based on Mr. Pawar's representation weeks prior that he had "sent [me] all the documents that [he] ha[s]" the undersigned searched the file for any evidence suggesting either attorney ever had a conversation with Plaintiff during the summary judgment proceeding—let alone one wherein they obtained her consent to dismiss a claim. *See* Christiana Decl. ¶ 18. While the undersigned found some communications between prior counsel and Plaintiff regarding other matters, the undersigned did not find any evidence negating Plaintiff's contentions. *See* Christiana Decl. ¶ 18.

On April 7, 2025, the undersigned received documents from Defendant Howard, making up what is believed to be the entire case file, save for a few documents. *See* Christiana Decl. ¶

5

19.² On April 8, 2025, the undersigned filed the pre-motion conference letter seeking Rule 60(b)(1) relief. Dkt. 106. This Court subsequently granted Plaintiff leave to file the instant motion, requesting Plaintiff to include the arguments she would make in opposition to the City's motion for summary judgment, which is annexed hereto as Exhibit 1 (Proposed Opposition to Defendant City's Motion for Summary Judgement), Exhibit 2 (Proposed Plaintiff's Response to Defendant's Rule 56.1 Statement and Plaintiff's Counterstatement of Facts), and Exhibit 3 (Proposed Declaration of Matthew Christiana In Support of Plaintiff's Counterstatement of Undisputed Facts).

## ARGUMENT

### POINT I

RULE 60(b)(1) RELIEF IS WARRANTED TO PREVENT INJUSTICE WHERE PRIOR COUNSEL ACTED WITHOUT AUTHORITY BY UNILATERALLY DISMISSING PLAINTIFF'S NEGLIGENT HIRING, RETENTION, TRAINING, AND SCREENING CLAIM.

Under Rule 60(b), a party may motion for relief from a final judgment or order for, *inter alia*, the following reason: "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A motion under 60(b)(1) must be made "within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In the Second Circuit, if an attorney exceeded their authority by binding the Plaintiff to a particular course of action without her consent, a Plaintiff may move for relief pursuant to Rule 60(b)(1). *See, e.g.*, *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir.1986); *Ezagui v. City of New York*, No. 20-CV-06360-DG-SJB, 2023 WL 2335946, at *3–4 (E.D.N.Y. Feb. 14, 2023) ("District

---

² As of this filing, Plaintiff has yet to receive the missing audio file that was discussed during the April 15, 2025 pre-motion conference.

Courts have followed the guidance in *Nemaizer*—that is, concluding that attorney authority claims rise and fall under Rule 60(b)(1)") (citations omitted). For example, if an attorney dismisses a claim—an action that exclusively "rests with client"—without the client's consent, the attorney has exceeded their authority. *See Gomez v. City of New York*, 805 F.3d 419, 424 (2d Cir. 2015). A Plaintiff is then entitled to seek relief from being bound by the attorney's unauthorized actions under Rule 60(b)(1), so long as one year from the date of the order or entry of judgement has not passed. *Ezagui v. City of New York*, 2023 WL 2335946, at *5 ("Ezagui's attorney authority claim must be brought under Rule 60(b)(1)… and any 60(b)(1) claim [cannot be] brought after one year elapsed from entry of judgment."); *see also Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (attorney authority claims are "properly analyzed under 60(b)(1).").

Preliminarily, there can be no question that this motion is timely. This Court granted Defendant City's motion for summary judgment on the negligent hiring, training, retention, and supervision claim based on prior counsel's "voluntary[y] dismiss[al]" on December 27, 2024. *See* Dkt. 87 at p.2, n.3. Then, the Court entered judgment granting summary judgment and dismissing Defendant City on February 7, 2025—the relevant date upon which the one-year clock starts. *See* Dkt. 100; *Argila v. Mach Grp., Inc.,* 740 F.Supp.3d 128, 133 (E.D.N.Y. 2024) (the "one-year time limit runs from the date of the final judgment, not from the date of the …dismissal order."). Thus, this motion follows well within the one-year limitation.

Moreover, there can be no dispute that Plaintiff's prior attorney exceeded their authority entitling Plaintiff to 60(b)(1) relief. Plaintiff's prior counsel voluntarily dismissed the negligent hiring, training, retention and supervision claim against Defendant City. Dkt. 84 at 1; Dkt. 87 at 3, n.3. In turn, this Court granted summary judgment on that claim in Defendant City's favor, and judgment was entered accordingly. Dkt. 87 at 3, n.3, 12; Dkt. 100. However, as Plaintiff averred

7

in her affirmation annexed hereto, *she never consented* to dismissing this claim. Reid Decl. at ¶¶ 4-6. In fact, her prior attorneys never even discussed it or signaled to her that voluntarily dismissing this—or any claims—was even a consideration. *Id*. Had her prior attorneys requested she voluntarily dismiss this claim, she would have unequivocally refused. *Id*. at 6. In other words—Plaintiff never consented to prior counsel's actions in dismissing the negligent hiring, training, retention, and supervision claim, and Rule 60(b)(1) relief is warranted. *See e.g.*, *Nemaizer v. Baker*, 793 F.2d 58, 62; *Ezagui v. City of New York*, 2023 WL 2335946, at *3–4, 5; *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361; *Lurch v. Menendez*, No. 19-CV-06011-DG-SJB, 2024 WL 3374147, at *1 (E.D.N.Y. July 11, 2024) (reversing dismissal of certain defendants because prejudice to the dismissed defendants minimal and Plaintiff alleged he did not consent to the dismissal—a decision "for the client alone to make.") (citations omitted).

Moreover, conversations with prior counsel have failed to undermine Plaintiff's assertions. After repeatedly evading counsel's phone calls and emails, Mr. Pawar cursorily claimed that "nothing… was done" without Ms. Reid's consent. *See* Christiana Decl. at ¶ 14. However, he has failed to produce any evidence to support this assertion. *See* Christiana Decl. at ¶ 14, 17. Counsel has thoroughly reviewed the complete case file provided by Mr. Pawar—which he has represented as his entire file, including personal communications between himself and Plaintiff—and there is no indication that either Mr. Pawar or Ms. Radlin ever consulted with Plaintiff before unilaterally deciding to voluntarily dismiss the negligent hiring, training, retention, and supervision claim. *See* Christiana Decl. at ¶¶ 14-18.

Plaintiff's motion is not only timely and properly raised, but every factor that courts consider weighs in Plaintiff's favor. When considering a 60(b)(1) motion, courts consider (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on

judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Williams v. City of New York*, 727 Fed. App'x. 30 (2d Cir. 2018) (summary order) (*Pioneer* factors guide a Rule 60(b)(1) analysis). Of these four factors, the most important is the third—that is, the reason for the delay. *See In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005) (noting a "hard line" to applying the four factors that "emphasizes the reason for the delay"); *King v. City of New York*, No. 20-CV-8283 (PAC), 2021 WL 1856840, at *2 (S.D.N.Y. Apr. 6, 2021) ("the Second Circuit has stated that the preeminent factor under the Rule 60(b)(1) inquiry is the reason for the delay.") (citations and quotations omitted).

Starting with the most important factors—the length of delay in the instant case is *minimal* at best, and the reason for that "delay" is justified: Plaintiff only just became aware of the unauthorized actions of her prior attorneys. Indeed, Plaintiff's pre-motion conference letter was brought just over *three months* after this Court's order granting summary judgment, and only *two months* after entry of judgment regarding the Court's order and dismissing Defendant City as a party. Dkts. 87, 100.; *King v. City of New York*, 2021 WL 1856840, at *2 (months delay is "not significant" and the interruption of judicial proceedings "minimal" because the non-moving party's motion was already "briefed"); *Green ex rel. Est. of Green v. Advanced Cardiovascular Imaging*, No. 07 CIV.3141 JCF, 2009 WL 3154317, at *3 (S.D.N.Y. Sept. 30, 2009) (60(b)(1) relief from case dismissal due to attorney error warranted because "less than three months" is "slight" delay and "unlikely to be any significant impact on judicial proceedings.").

Importantly, Plaintiff did not become aware of prior counsel's unauthorized actions until recently, rendering the *actual delay* even shorter than the timeline suggests. Notably, prior counsel never consulted with Plaintiff during the summary judgment briefing and never discussed the

possibility of dismissing the claim—let alone indicated that such a course of action was being considered. And it was only until current counsel informed her that her prior attorney had voluntarily dismissed the claims that Plaintiff herself had finally become aware of these actions. Importantly—that conversation did not occur until March 28, 2025—making the delay in filing the pre-motion conference letter a mere *thirteen days*.[3] Surely, a mere thirteen-day delay renders the length of delay virtually nonexistent, and considering that Plaintiff was unaware of the facts giving rise to this motion until March 28, 2025, the reason for her minimal delay was justified and she has acted expeditiously since. Thus, these factors weigh overwhelmingly in Plaintiff's favor. *See King v. City of New York*, 2021 WL 1856840, at *2; *Green ex rel. Est. of Green v. Advanced Cardiovascular Imaging*, 2009 WL 3154317, at *3; *Foley v. United States*, 645 F.2d 155, 157 (2d Cir. 1981) (six-month delay for Rule 60(b)(1) relief not unreasonable).

Next, the danger of prejudice to Defendant City is *de-minimus*. "The risk of prejudice to the nonmoving party is greatest where the moving party has allowed so much time to elapse that it would be difficult to conduct discovery or otherwise proceed with the case." *Green ex rel. Est. of Green v. Advanced Cardiovascular Imaging*, 2009 WL 3154317, at *3. In fact, as the Second Circuit has acknowledged, "it is difficult to imagine what possible undue prejudice might arise from a six-month delay." *Foley v. United States*, 645 F.2d at 157. Here, considering the short delay from the entry of judgement and the narrow scope in which Plaintiff seeks relief, Defendant is hard-pressed to argue anything other than minimal prejudice. Especially considering the relief requested herein: an opportunity to respond to an *already briefed* motion for summary judgment. At most, Defendant City will have to file a reply brief to Plaintiff's opposition, should the relief

---

[3] Minimizing the length of the effective delay even more, the undersigned did not receive the vast majority of documents produced in this case until March 27, 2025 and April 7, 2025—one day prior to filing the pre-motion conference letter. *See* Christiana Decl. ¶ 18

be granted. *See Bart v. Golub Corp.*, No. 3:20-CV-00404 (KAD), 2022 WL 2315625, at *3 (D. Conn. June 28, 2022) (noting "little prejudice" to defendant in vacating order granting summary judgment where Defendant would need to file a reply brief to Plaintiff's new opposition).

The lack of prejudice is especially stunning "in comparison [to] the substantial injustice that" Plaintiff "will suffer through [upholding the] dismissal." *Foley v. United States*, 645 F.2d 155, 157. Indeed, denying relief here ensures that Plaintiff will *never* have an opportunity to litigate her *meritorious* case against the Defendant City. *See King v. City of New York*, 2021 WL 1856840, at *2 (granting 60(b)(1) relief and finding prejudice to movant "high" if no relief granted because effect of judgment would have *res judicata* effect barring opportunity to litigate case at any point, "especially given the fact that it was [Plaintiff's] attorneys" who were at fault).

As outlined fully in Plaintiff's proposed opposition papers, annexed hereto as exhibits 1-3, Plaintiff's opposition is sufficiently meritorious to survive summary judgment. As Defendant outlines in their motion for summary judgment, "[u]nder New York Law, to state a claim for negligent hiring, training, supervision, or retention," a plaintiff must establish "'(1) that the tort-feasor and the defendant were in an employee-employer relationship; (2) that the employer 'knew or should have known of the employee's propensity for the conduct which caused the injury' prior to the injury's occurrence; and (3) that the tort was committed on the employer's premises or with the employer's chattels.'" Defendant's Motion for Summary Judgement (Dkt. 79 at 10) (citing *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004)).

The most important factor is the second: notice. *See e.g.*, Dkt 79 at 6. As the Appellate Division, Second Department recently held, to succeed on "a cause of action based on negligent hiring, retention, supervision, and training of an employee, a plaintiff must demonstrate that the employer knew or should have known [that] the employee[ ][had] a

11

propensity for the conduct which caused the [plaintiff's] injury" *Olsen v. Butler*, 227 A.D.3d 916, 918 (N.Y. App. Div. 2d Dept. 2024) (brackets in original) (citations and quotations omitted); *see also Waterbury v. New York City Ballet, Inc.*, 205 A.D.3d 154, 162 (N.Y. App. Div. 1st Dept. 2022) (in a claim for negligent hiring and retention, if employee's "conduct was a foreseeable outcome of his employment, [employer] had a duty to supervise that employment."); *Wahhab v. City of New York*, 386 F. Supp. 2d 277, 293–94 (S.D.N.Y. 2005) (liability for a claim for "negligent hiring, screening, retention, supervision and training" attaches "only when the employer knew or should have known of the employee's [complained of] propensities.") (citations and quotations omitted).

Based on the elements, Defendant City has moved for summary judgment challenging the notice element. Dkt. 79 at 4-6. To that end, the City argues "there is no evidence that Defendant City knew or should have known of Detective Howard's alleged propensity for misconduct, and certainly not his alleged propensity for sexual misconduct." Dkt. 79 at 6. This is not so.

As outlined in Plaintiff's proposed opposition, aside from the City's baseless contention that Plaintiff was Howard's "first and only confidential informant," the irrefutable evidence establishes that Detective Howard *did* have a female confidential informant prior to signing up Plaintiff—and he was accused of engaging in sexual misconduct by soliciting that prior C.I. for sex. *Compare* Dkt. 79 at 7 *with* Christiana Decl. ¶¶ 6-11; Exhibit 1 (Proposed Opposition to Defendant City's Motion for Summary Judgement) at pp. 8-11. And, fatal to the City's motion, and contrary to its contention that they had no notice of Howard's "sexual activities with a confidential informant," the City *had actual notice* of Howard's proclivities towards sexual misconduct towards female C.I.'s because it launched an internal investigation into Howard's misconduct in November 2017—*months before the sexual assaults on Plaintiff. Compare* Dkt. 79

at 7 *with* Christiana Decl. ¶¶ 6-11; Exhibit 1 (Proposed Opposition to Defendant City's Motion for Summary Judgement) at pp. 8-11.

Surely, this evidence alone is sufficient to defeat the City's motion for summary judgment. *See e.g. Doe v. City of New York*, No. 15-CV-0117(AJN), 2018 WL 6095847, at *7 (S.D.N.Y. Nov. 21, 2018); *Bliss v. Putnam Valley Cent. Sch. Dist.*, No. 06-cv-15509 (WWE), 2011 WL 1079944, at *10 (S.D.N.Y. Mar. 24, 2011) (denying summary judgment where a social studies teacher had held a female student in a way that made her uncomfortable at some point prior to allegedly raping another female student); *Timothy Me. v. Beacon City School District*, 127 A.D.3d 826, 828 (N.Y. App. Div. 2d Dept. 2015) (triable issue of fact where school district received prior complaints of misconduct by bus driver); *Nevaeh T. v. City of New York*, 132 A.D.3d 840, 842 (N.Y. App. Div. 2d Dept. 2015) (triable issue of fact on whether the Department of Education had knowledge of teacher's propensities arising from a prior allegation of sexual abuse made by one of his former students); *Gonzalez v. City of New York*, 133 A.D.3d 65, 73 (N.Y. App. Div. 1st Dept. 2015) ("Under the circumstances, this case presents genuine issues of material fact as to whether the City negligently supervised and retained an officer with violent propensities, and whether the intervening intentional tort of the off-duty officer was itself a foreseeable harm that shaped the duty imposed upon the City when it failed to guard against a police officer with violent propensities.").

Finally, there can be no dispute: Plaintiff is moving in good faith. It is brought so that she may have an opportunity to do what she should have been allowed to initially—litigate her claim against Defendant City.

In sum, all relevant factors weigh heavily in Plaintiff's favor. The delay was minimal, there is no evidence of bad faith, and the risk of prejudice to Plaintiff is substantial. Most critically, the

reason for the delay is both straightforward and compelling: Plaintiff was unaware that her prior counsel had acted without her authority. Upon learning of this unauthorized conduct, Plaintiff acted promptly to correct the record by filing the instant motion. Under these circumstances, reopening summary judgment is not only justified—it is necessary to prevent a manifest injustice. *See e.g.*, *Mayes v. 490 Habitat, Inc.*, No. 18-CV-1427 (SJF), 2020 WL 587112, at *3 (E.D.N.Y. Feb. 6, 2020) (noting the Second Circuit has expressed a strong 'preference for resolving disputes on the merits" in granting Rule 60(b)(1) relief) (citations omitted));*Bart v. Golub Corp.*, 2022 WL 2315625, at *3 (In granting Rule 60(b)(1) relief in the form of vacating judgment on summary judgement where Plaintiff did not respond and allowing Plaintiff an opportunity to file an opposition brief, the Court noted that "equity counsels [relief]" and "Plaintiff's opposition asserts—and identifies evidence to support—that there are genuine issues of material fact" such that Plaintiff may survive summary judgment). Accordingly, the Court should grant Plaintiff's motion in its entirety.

POINT II

ALTERNATIVELY, EXCEPTIONAL CIRCUMSTANCES EXIST SUCH THAT RULE 60(B)(6) RELIEF IS WARRANTED.

Under Rule 60(b)(6), a Plaintiff may be entitled to relief for any "reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). This portion of the Rule is "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses" and in which, "in a proper case, is to be 'liberally applied.'" *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (citing 7 Moore's Federal Practice P 60.27(2), at 352, 375 (2d ed.rev.1975)). "A motion under Rule 60(b) is addressed to the sound discretion of the trial court and this discretion is especially broad under subdivision (6), because relief under it is to be granted when appropriate to accomplish justice." *Matter of Emergency Beacon Corp.*, 666 F.2d

754, 760 (2d Cir. 1981) (citations and quotation marks omitted). "To grant relief from a final order pursuant to Rule 60(b), a court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." *El Bey v. McDonald's Located at Fulton Brooklyn*, No. 20CV3031WFKLB, 2021 WL 1162976, at *1 (E.D.N.Y. Mar. 26, 2021).

For all the reasons outlined above, not only is relief pursuant to 60(b)(1) warranted, but 60(b)(6) relief is warranted in the alternative. Indeed, as the Second Circuit has held:

> "Where one timely seeking Rule 60(b)(6) relief from a default judgment can make out a strong case that he had a meritorious defense which could have been asserted but for a truly extraordinary turn of events …and which … resulted in substantial injustice to him, it is appropriate to vacate the judgment so that the merits of his case can be considered."

*United States v. Cirami*, 563 F.2d at 35. As indicated above and fully in Plaintiff's annexed proposed Summary Judgment Opposition papers, Plaintiff has a "strong" and "meritorious defense" which should have been asserted. *Id*. As the Second Circuit recognized in *Cirami*, although the finality of judgments is a significant consideration, the strength of Plaintiff's meritorious defense to summary judgment—particularly in light of the circumstances surrounding the dismissal of the opposition and Plaintiff's lack of consent or knowledge—warrants the exercise of this Court's discretion to grant relief. *See*, *Cirami*, 563 F.2d at 33 ("Yet, at the same time, we are not unmindful of other interests, among them the interest of deciding cases on their merits [which] provide[s] relevant parameters within which to evaluate Rule 60(b) motions; the facts give them values…[and], after a thorough study of the record we have concluded that, if the facts are as the Ciramis allege them to be, Rule 60(b)(6) relief would be appropriate."); *see also Wagstaff– EL v. Carlton Press Co.*, 913 F.2d 56, 57, 58 (2d Cir.1990) (holding that denial of relief of default judgment where non-movant has a meritorious defense would constitute a "serious miscarriage of

justice"); *Klein v. Williams*, 144 F.R.D. 16, 19 (E.D.N.Y. 1992) (noting that even where the movant had not shown excusable neglect, "the court would readily set aside the judgment of dismissal" if he could show a "meritorious defense" to defendants' motion.). As such, Plaintiff respectfully submits that Rule 60(b) relief is warranted.

As such, should this Court decline to grant the relief requested pursuant to Rule 60(b)(1), the same requested relief, pursuant to Rule 60(b)(6), is warranted.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully asks the Court to grant relief under Rule 60(b) from its Order and Judgment granting summary judgment to Defendant City on the negligent training, hiring, retention, and screening claim, and thereafter dismissing Defendant City from the case, so Plaintiff can properly oppose summary judgment on that claim.

| | | |
|---|---|---|
| Dated: April 29, 2025<br>Brooklyn, New York | | Kopke Christiana & Rastetter LLP |
| | By: | /s/ *Matthew Christiana*<br>Matthew Christiana<br>matt@kcrllp.com<br>199 Cook Street, Suite 308<br>Brooklyn, NY 11206<br><br>*Attorneys for Plaintiff* |

**CC:** **VIA ECF**
Peter Till
pwt@till-law.com
*Attorney for Defendant Howard*

Michael Viviano
mviviano@law.nyc.gov
*Attorney for Defendant City of New York*

16