UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TAKISHA REID,

         **DECLARATION OF MATTHEW CHRISTIANA IN SUPPORT OF PLAINTIFF'S RULE 60(B) MOTION**

      Plaintiff,

 -against-

         20-CV-03926-PK

CITY OF NEW YORK, et al.,

      Defendants.
------------------------------------------------------------------X

  **MATTHEW CHRISTIANA**, declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, as follows:

  1. I am a Partner in the law office of Kopke Christiana & Rastetter LLP, attorney for Plaintiff Takisha Reid. As such, I am familiar with the facts set forth below.

  2. This declaration is submitted in support of Plaintiff's Motion to Vacate Order and Judgment Pursuant to Fed. R. Civ. P. 60(B).

  3. I entered my appearance for Plaintiff on February 28, 2025.

  4. Immediately, on February 28, 2025, I reached out to prior counsel, Vik Pawar, in order to obtain Plaintiff's case file. Mr. Pawar indicated he would provide the file the following week. Based on this representation, I assumed I would be in possession of the case materials by March 7, 2025.

  5. On March 6, 2025, Mr. Pawar e-mailed me some case related documents. Mr. Pawar's email did not contain any discovery produced by any defendants. That same day, I followed up with Mr. Pawar and inquired into the missing documents. After multiple emails between myself and Mr. Pawar, on March 12, 2025, Mr. Pawar informed me that he had sent me

"all the documents" he had, and did not possess any of the discovery provided by any of the defendants and instructed me to obtain the documents from the defendants. As such, on March 12, 2025, I e-mailed counsel for Defendant Howard and counsel for Defendant City of New York. Counsel for both defendants assured me they would assist me in obtaining the documents, which they did.

6. On March 27, 2025, Defendant City provided me nearly all of the documents they had previously bates-stamped during discovery. Upon reviewing the discovery, I discovered documents produced by the City of New York which indicated that Defendant Howard not only employed a CI prior to Ms. Reid, but that Defendant Howard was accused of disclosing confidential information to that prior CI, whilst also soliciting her for sex—all of which sparked an internal affairs investigation on November 17, 2017—months before the assaults on Plaintiff.

7. The investigation, captioned C.I. 18-95 and I/A 2017-45860, stemmed from allegations brought by a fellow Staten Island officer that Defendant Howard had (1) disclosed confidential information to a woman, (2) whom he was supervising as a confidential informant (hereinafter "C.I. #1"), and (3) whom he had been soliciting for sex.

8. While Defendant Howard denied the allegations, during the course of that investigation, NYPD investigators uncovered an extraordinary volume of communication—over 16,000 text messages and calls—exchanged between Defendant Howard and his confidential informant over a sixteen-month period, from July 20, 2016, to January 1, 2018.

9. While that investigation was ongoing, another, separate investigation into Defendant Howard was opened in June 2018 following Plaintiff's report to CCRB of her sexual assaults.

10. Because Defendant Howard was already under investigation for similar sexual misconduct against a female C.I. working under him, the investigators handling Plaintiff's complaint actively sought information from the earlier case, which had been formally classified as involving "similar allegations."

11. The investigation further revealed that Detective Howard had supervised two confidential informants—C.I. # 1 and Plaintiff—and his conduct with both was the subject of internal investigations.

12. Upon discovering this information, on March 28, 2025, I contacted Plaintiff. Plaintiff informed me that she was unaware that the negligent hiring, training, retention, and screening claim had been dismissed, and that she had never consented to the dismissal.

13. After first attempting to call prior counsel, Vik Pawar, on April 2, 2025, I e-mailed Mr. Pawar to inquire as to why he voluntarily dismissed the claims against the City of New York for negligent hiring, retention, training, and screening. Moreover, I asked Mr. Pawar if he discussed with Ms. Reid prior to the dismissal, and if he had documentation showing that she had consented.

14. Mr. Pawar initially did not respond to my emails or phone calls. But, on April 4, 2025, Mr. Pawar responded via email that "nothing in the case was done without her consent." When asked for documentation reflecting Mr. Pawar's assertions, he did not respond.

15. On April 3, 2025, I separately reached out to prior co-counsel, Devon Radlin. I also sent an e-mail to her and followed up by phone again. Mr. Radlin has not returned my phone calls or e-mail.

16. On April 4, 2025, I emailed Mr. Pawar and Ms. Radlin once again, and individually sent them a similar email:

> To be forthright, it is my understanding that Ms. Reid never consented to the dismissal of the City's negligent retention/supervision claim. Given the evidence, I believe this claim was strong enough to survive summary judgment. As such, I believe a motion under Rule 60(b)(1) for relief from that judgment is justified, as her consent was required for dismissal.
>
> That said, if you have any documentary evidence demonstrating that consent was given, and that my understanding is incorrect, please do provide it to me by Monday. If you do not have such documentation or believe your co-counsel may, please let me know that as well. As I'm sure you can appreciate, this is rather time sensitive.

17. I did not receive a response from either.

18. Because Mr. Pawar had previously indicated that he had provided me with his entire file, I reviewed the documents provided by Mr. Pawar once again and was unable to find any documentation evincing that even a discussion with Plaintiff had been had prior to dismissing the City claims—let alone any documentation evincing her consent.

19. On April 7, 2025, I received a number of pertinent documents previously produced by the City, by counsel for Defendant Howard. While I am still missing at least one pertinent document, I believe I am now in receipt of the vast majority of the underlying case file.

Dated: Brooklyn, New York
April 29, 2025

By: *Matthew Christiana*
Matthew Christiana
KOPKE CHRISTIANA & RASTETTER LLP
199 Cook Street, Suite 308
Brooklyn New York, 11206

*Attorney for Plaintiff Takisha Reid*

cc:     BY E.C.F.
        Peter Till
        pwt@till-law.com
        *Attorney for Defendant Howard*

        Michael Viviano
        mviviano@law.nyc.gov
        *Attorney for Defendant City of New York*
.