# KOPKE CHRISTIANA & RASTETTER LLP

199 Cook Street, Suite 308
Brooklyn, NY 11206
t/f: (917) 451-9525
e: office@kcrllp.com

**VIA ECF**  May 14, 2025
Hon. Peggy Kuo
U.S. Magistrate Judge, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201     Re:  *Reid v. City of New York,* 20-cv-3926 (PK)

Your Honor:

The undersigned represents Plaintiff in the above-referenced matter. Plaintiff submits this letter in opposition to Defendant City's letter request seeking (1) a finding that Plaintiff waived privilege as to the issue of authorization, (2) permission to communicate with Plaintiff's former counsel and obtain relevant evidence regarding authorization, and (3) a 14-day extension of time to oppose Plaintiff's Rule 60(b) motion. *See* ECF No. 114. To the extent this Court grants Defendant City's request regarding (1) and (2), Plaintiff respectfully asks this Court order Plaintiff's counsel to be present for *all communications* between defense counsel and Plaintiff's prior counsel, and for any documentary evidence (however unlikely to exist) to be provided from prior counsel directly to the Court for *in camera* review.

## I. Additional statements from prior counsel are not necessary.

Preliminarily, Defendant's professed need to speak with prior counsel is unconvincing. As Plaintiff discussed with the Court at the pre-motion conference, and as Plaintiff submitted in support of her Rule 60 motion, the undersigned has already communicated with prior counsel. The undersigned submitted a declaration outlining that (1) prior counsel represented that he had submitted his prior case file to the undersigned, (2) the entire case file was seemingly devoid of discovery from any defendants, (3) while some communications between Plaintiff and prior counsel were provided, none bore on the summary judgment proceedings or Plaintiff's negligent screening, training, hiring, and retention claim, (4) prior counsel curtly suggested that "nothing" was done without Plaintiff's consent, and (5) prior counsel was unable to provide any documentary evidence negating Plaintiff's contentions. Taken together, this evidence—along with Plaintiff's meritorious summary judgment argument (never before presented to the Court) and Plaintiff's own declaration—is sufficient for this Court to rule on Plaintiff's motion. In any event, to the extent Rule 60(b)(1) relief is denied, this Court otherwise has sufficient grounds to grant Rule 60(b)(6) relief for reasons outlined in Plaintiff's motion separate and apart from the basis underlying the Rule 60(b)(1) request, *i.e.*, prior counsel's unauthorized actions, because exceptional circumstances justify the ultimate relief requested.

Thus, it is entirely unclear what Defendant's request would accomplish—other than delay the ongoing proceedings. Tellingly, on Tuesday May 6, 2025, Defendant's counsel emailed the undersigned requesting consent on an extension of time to oppose Plaintiff's motion. In support of the request, Defendant's counsel explained "I have just recently joined the New York City Law Department and been assigned to this matter. A 14-day extension of the current response deadline-

-i.e., from May 19, 2025, until June 2, 2025--would allow me the necessary time to familiarize myself with case [sic] and fully respond to Plaintiff's motion. The additional two weeks, if granted, would also extend the reply deadline from May 27, 2025, until June 4, 2025. I would appreciate if each of you would advise whether you will consent to the proposed extension and, if not, the reason for not consenting so that I may include the information in my motion for an extension of time. *See* Individual Practice Rules of Magistrate Judge Peggy Kuo at 4."

Less than one hour later, the undersigned responded: "Plaintiff respectfully opposes the extension request. Plaintiff initially sought an expedited briefing schedule during the pre-motion conference. In response, Mr. Viviano requested an extension and informed the Court and the parties of his forthcoming departure, prompting the current briefing schedule to accommodate the transition to new counsel. The current schedule was intended to provide new counsel adequate time to prepare and respond to Plaintiff's narrowly focused motion. In addition, Plaintiff filed the motion a week early to ensure the City had sufficient time to assign counsel and prepare its opposition. Plaintiff also notes that trial is presently set to begin in August—just a few months away."[1]

Notably, Defendant's counsel did not mention her desire to communicate with prior counsel nor the basis for the *same* extension request now offered. In fact, Defendant's counsel had not conferred with the undersigned prior to submitting the request. Thus, Plaintiff respectfully requests this Court see Defendant's last-minute request for what it is: an attempt to do nothing more than delay the proceedings disguised as an unnecessary request to invade Plaintiff's private conversations with counsel and otherwise improperly argue the merits of Plaintiff's motion through a letter motion.

## II.     The attorney-client privilege was not waived.

Notwithstanding the above, this Court should not allow Defendant to communicate with prior counsel. First, the crux of Plaintiff's motion is the *absence* of communication—to which prior counsel was unable to provide *any* communications or other evidence negating. Thus, again, it is entirely unclear what a conversation with prior counsel would accomplish, other than delay the proceedings and invade Plaintiff's rights.

In any event—and importantly—aside from the fact that most of the cases Defendant cites declined to find an at-issue waiver, *all* of the cases cited pertain to privileged communications placed at issue in a litigation that bears *directly on the underlying claims asserted against the other party*. See e.g., *Novartis Pharma AG v. Incyte Corp.,* No. 20 CIV. 400 (GHW) (GWG), 2025 WL 1132303, at *1 (S.D.N.Y. Apr. 17, 2025) (finding waiver stemming from outside counsel's declaration in support of a dispositive motion outlining the party's understanding of certain provisions of a contract in a breach of contract claim where "[t]he dispute in this case 'hinges on the parties' differing interpretations'" of a contract); *Windsor Sec., LLC v. Arent Fox LLP*, 273 F. Supp. 3d 512, 519 (S.D.N.Y. 2017) (in denying the request to compel privilege communications, the Court noted that "Windsor has made clear that it does not intend to rely on any communications

---

[1] Defendant did not include Plaintiff's position opposing the extension request, as required by this Court's Individual Practice Rules.

with its replacement counsel in order to prove its claims in this case."); *Maiurano v. Cantor Fitzgerald Sec.*, No. 19 CIV. 10042 (KPF), 2021 WL 4993060, at *3 (S.D.N.Y. Oct. 27, 2021) (finding no waiver in a wrongful termination case where a memorandum produced in discovery contained privilege material was not at issue for waiver purposes, notwithstanding defendant's representation that the "decision to terminate Plaintiff was 'based, only in part, on the factual findings of the [Memorandum], all of which have been disclosed to Plaintiff.'") (citing cases establishing that the "at issue" waiver applies to communications placed at issue to the claims or defenses *at the heart of the action*); *In re Adelphia Commc'ns Corp.*, 2007 Bankr. LEXIS 660, 2007 WL 601452, at *6 (Bankr. S.D.N.Y. Feb. 20, 2007) (rejecting claim that evidence was placed "at issue", noting that it was not a case where, "[d]ue to the 'critical role' of the defendant's counsel in 'matters intimately related to the setoff defense,' the plaintiff was permitted to 'inquire into every aspect of the advice given by counsel with respect to the setoff defense.'") (citations omitted); *Floyd's of Leadville, Inc. v. Alexander Cap., L.P.*, No. 22 CIV. 3318, 2024 WL 4566148, at *1 (S.D.N.Y. Oct. 24, 2024) (limited at issue waiver found regarding prior counsel's communication where Plaintiff brought a cause of action alleging same prior counsel defrauded Plaintiff).[2]

Indeed, the proper application of the "at issue" waiver impacts the limited scenarios where the privileged communications go to the heart of the claims or defenses at issue in the case. *See e.g.*, *Maiurano v. Cantor Fitzgerald Sec.*, 2021 WL 4993060, at *3 ("Unlike in cases where a defendant invokes a good-faith or other defense that turns on the party's state of mind, the privileged communications will have no bearing on the validity of Defendant's defenses in this case"); *Gen. Elec. Co.* v. *APR Energy PLC*, No. 19 Civ. 3472 (VM) (KNF), 2020 WL 2061423, at *10 (S.D.N.Y. Apr. 29, 2020) (finding no at-issue waiver where party had "not made any claims or asserted any defenses ... that [it] intends to prove by use of the privileged materials" and the privileged materials "are not 'indispensable' to the claims and defenses in this action.") (internal quotation marks omitted and citations omitted); *see also In re Sims*, 534 F.3d 117, 141 (2d Cir. 2008) ("Further, a privilege may be forfeited with respect to a claim *or defense,* […] [t]hus, respondents' notion that a party forfeits his psychotherapist-patient privilege simply because he alleges—or even implies—that the attack on him was unprovoked is farther-reaching than perhaps respondents envision.") (emphasis in original) (citations and quotation marks omitted).

By contrast, here, any communication with prior counsel (or lack thereof) has no bearing on whether Defendant Howard sexually assaulted Plaintiff, and whether the City bears liability stemming therefrom. Thus, the "at-issue" waiver does not apply.

---

[2] The sole exception is *Freeman v. Giuliani*, No. 24-CV-06563 (LJL), 2024 WL 5202554, at *4 (S.D.N.Y. Dec. 23, 2024), an unpublished opinion finding waiver of a sealed declaration submitted by prior counsel, which *directly contradicts* Plaintiff's response to a sanctions and contempt motion, noting "[t]he unsealing is not only necessary so that the public can understand the basis of the Court's decisions, although it is relevant to that purpose. It is necessary to protect the integrity of the court and its orders." To be sure, this case is also readily distinguishable, as declining to find at-issue waiver here would not serve to "make a 'mockery'" of the judicial proceedings. *Id*. at *4.

3

### III. To the extent this Court grants Defendant's request, Plaintiff's Counsel should be present for all communications.

To the extent the Court grants Defendant's requests, Plaintiff respectfully requests that the Court direct that no communications occur outside the presence of the undersigned. Furthermore, while the undersigned is in possession of the complete (and slim) case file received from prior counsel and has identified no relevant documentary evidence therein, Plaintiff respectfully notes that, should it emerge that prior counsel, for some inexplicable reason, withheld relevant evidence bearing on the issue of authorization—despite repeated requests—the Court should order that any such documents be submitted directly to the Court for *in camera* review.

### IV. A 14-day extension is not warranted.

Finally, for the reasons outlined above, Plaintiff respectfully opposes Defendant's belated two-week extension request.

### V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's letter motion in its entirety. Defendant's request under the pretext of seeking additional information is wholly unnecessary given the record already before the parties and the Court. Coupled with a belated extension request—despite ample time to prepare—Defendant's motion appears to be little more than a thinly veiled effort to delay resolution of Plaintiff's motion and disrupt the current schedule.

I thank the Court for its time and consideration of this letter opposition.

Respectfully submitted,

/s/Matthew W. Christiana

Matthew W. Christiana
Kopke Christiana & Rastetter LLP

cc via ECF:   All counsel of record.