# Kopke Christiana & Rastetter LLP

199 Cook Street, Suite 308
Brooklyn, NY 11206
t/f: (917) 451-9525
e: office@kcrllp.com

**BY ECF**　　　　　　　　　　　　　　　　　　　　May 28, 2025
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: Takisha Reid v. City of New York, et al., 20-CV-3926 (PK)*

Your Honor:

  Plaintiff submits this letter requesting paragraphs 5 and 6 of the Declaration of Vik Pawar (ECF 116) be stricken.

  Relevant here, this Court ordered Mr. Pawar to submit the following:

1. an affidavit detailing any communication he had with Plaintiff related to the voluntary dismissal of the negligent screening, training, hiring, and retention claim against the City; and
2. any documents related to such communication.

Docket Entry dated May 19, 2025. At the May 19, 2025, conference, I expressed concern that Mr. Pawar might exceed the narrow scope of the Court's intended order. Unfortunately, that occurred. Instead of limiting his affidavit to the specific subject matter authorized by the Court—namely, the communications (or lack thereof) with Plaintiff concerning his voluntary dismissal of the negligent screening, hiring, training, and retention claim—Mr. Pawar used his submission to launch unfounded and inflammatory *ad hominem* attacks, accusing Plaintiff of perpetuating a "fraud on the court." *See* ECF. 116 ¶¶ 5–6.[1] Because only paragraphs 1–4 and 7 are responsive to the Court's directive, Plaintiff respectfully requests that the Court strike paragraphs 5 and 6 from Mr. Pawar's declaration.

  Thank you for your time and consideration of this request.

---

[1] Mr. Pawar also claims to have served a "Rule 11 letter" on Ms. Reid's counsel in the unrelated malpractice suit, suggesting that the suit was dismissed as a result. Aside from being non-responsive to the Court's order, the docket suggests otherwise. *See e.g.*, *Takiesha Reid v. Pawar* (25 CV 01091 (EDNY), ECF No. 12 (pre-motion conference letter seeking dismissal because New York law does not recognize emotional distress damages for, *inter alia*, violation of privacy—the only damages Plaintiff sought); ECF No. 16 (Plaintiff's voluntary dismissal).

Respectfully submitted,

*Matthew Christiana*
_____
Matthew W. Christiana
Kopke Christiana & Rastetter LLP
*Counsel for Plaintiff*