UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

TAKISHA REID,

                                    Plaintiff,

            -against-                                                    20-CV-03926 (PK)

THE CITY OF NEW YORK, et al.,

                                    Defendants.

------------------------------------------------------------------x


**DEFENDANT THE CITY OF NEW YORK'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE ORDER AND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)**


**MURIEL GOODE-TRUFANT**

CORPORATION COUNSEL OF THE CITY OF NEW YORK
*Attorney for Defendant the City of New York*
100 Church Street
New York, New York 10007


By:    Sandra A. Bober
       *Senior Counsel*
       Special Federal Litigation Division
       (212) 356-0827

Dated: June 3, 2025

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................................... 1

II.   BACKGROUND ..................................................................................................... 2
      A.   Procedural History ......................................................................................... 2
      B.   Plaintiff's Rule 60(b) Motion ......................................................................... 5

III.  PLAINTIFF HAS NOT MET THE STANDARD FOR RULE 60(B)(1) RELIEF ........ 7
      A.   Applicable Law ............................................................................................... 7
      B.   Analysis ......................................................................................................... 11

IV.   PLAINTIFF HAS NOT MET THE STANDARD FOR RULE 60(B)(6) RELIEF...... 18
      A.   Applicable Law ............................................................................................. 18
      B.   Analysis ......................................................................................................... 20

V.    CONCLUSION ..................................................................................................... 24

## TABLE OF AUTHORITIES

### Cases

*Aalmuhammed v. Kesten*, No. 98-cv-171 (DLC), 2003 U.S. Dist. LEXIS 415 (S.D.N.Y. Jan. 10, 2023) ........................................................................................................... 12

*Alvarado v. Manhattan Worker Career Ctr.*, No. 01-cv-9288 (CBM), 2003 U.S. Dist. LEXIS 19339 (S.D.N.Y. Oct. 29, 2003) ............................................................................ 9

*Am. Lifeguard Ass'n v. Am. Red Cross*, No. 92-2460, No. 92-2527, No. 93-1190, No. 93-1224, 1994 U.S. App. LEXIS 8430 (4th Cir. Apr. 22, 1994) ........................................... 16

*Amid v. Chase*, 720 F. App'x 6 (2d Cir. 2017) ........................................................... 7, 21

*Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36 (2d Cir. 2012) .................. 8

*Andrulonis v. United States*, 26 F.3d 1224 (2d Cir. 1994)............................................. 8

*Bahl v. N.Y. Coll. of Osteopathic Med.*, No. 14-cv-04020-NRM-LGD, 2024 U.S. Dist. LEXIS 34536 (E.D.N.Y. Feb. 28, 2024)....................................................................... 9

*Batac Development Corp. v. B&R Consultants, Inc.*, No. 98 Civ. 721 (CSH), 2000 US Dist. LEXIS 3695 (S.D.N.Y. Mar. 22, 2000) ............................................................. 9

*Bautista v. TAP Air Portugal*, No. 1:24-cv-00503 (JLR), 2025 U.S. Dist. LEXIS 80428 (S.D.N.Y. Apr. 28, 2025)........................................................................... 18, 19

*Bey v. McDonald's*, No. 20-CV-3031 (WFK) (LB), 2021 U.S. Dist. LEXIS 59066 (E.D.N.Y. Mar. 26, 2021).......................................................................................... 23

*Bongiorno v. United States*, No. 22-2900, 2023 U.S. App. LEXIS 30368 (2d Cir. Nov. 15, 2023) ........................................................................................................... 20

*Book v. Lauretti*, No. 20-cv-01381 (JCH), 2023 U.S. Dist. LEXIS 87851 (D. Conn. May 18, 2023) ........................................................................................................... 14

*Brody v. Bruner*, No. 19-cv-01091-RM-NRN, 2024 U.S. Dist. LEXIS 30738 (D. Colo. Feb. 22, 2024) ............................................................................................................................ 14

*Brooks v. The Doe Fund, Inc.*, No. 17-CV-3626 (PKC) (LB), 2020 U.S. Dist. LEXIS 175474 (E.D.N.Y. Sep. 24, 2020) ................................................................................... 14, 22

*Canouse v Protext Mobility, Inc.*, No. 22-cv-1335, 2023 U.S. App. LEXIS 12070 (2d Cir. May 17, 2023) ........................................................................................................................... 23

*Cavalier Label Co. Inc. v. S.S. Lilika*, 71 F.R.D. 395 (S.D.N.Y. 1976) ...................................... 11

*D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604 (2d Cir. 2002) .......................... 18, 20

*Dominguez v. United States*, 583 F.2d 615 (2d Cir. 1978) ......................................................... 12

*Ezagui v. City of N.Y.*, No. 20-cv-06360-DG-SJB, 2023 U.S. Dist. LEXIS 26075 (E.D.N.Y. Feb. 14, 2023) ....................................................................................................... 14, 19, 21, 22

*Flaks v. Koegel*, 504 F.2d 702 (2d Cir. 1974).................................................................... 11, 17

*Fuschi v. Bank of N.Y. Mellon Tr. Co., N.A.*, No. 22-2610, 2023 U.S. App. LEXIS 26681 (2d Cir. Oct. 6, 2023) ............................................................................................................... 17

*Gesualdi v. Reid*, No. 14-cv-4212(ADS) (GRB), 2017 U.S. Dist. LEXIS 27063 (E.D.N.Y. Feb. 27, 2017) ............................................................................................................................ 12

*Gomez v. City of New York*, 805 F.3d 419 (2d Cir. 2015) ........................... 8, 10, 11, 16, 17, 20, 23

*Harris v. United States*, 367 F.3d 74, 81 ........................................................... 19, 20, 22

*Haynes v. Cain*, 298 F.3d 375 (5th Cir. 2002)............................................................................ 13

*Hill v. World Class Auto. Corp.*, No. 06-CV-2496 (SLT), 2008 U.S. Dist. LEXIS 114988 (E.D.N.Y. Oct. 9, 2008)................................................................................................. 8, 21

*Hillair Capital Invs., LP v. Smith Sys. Transp., Inc.*, 640 F. App'x 49 (2d Cir. 2016) ............... 10

*In re Artha Mgmt., Inc.*, 91 F.3d 326 (2d Cir. 1996) ................................................................. 10

*In re Jackson*, 630 B.R. 700 (Bankr. D. Conn. 2021).................................................................. 13

*Jacobs v. Elec. Data Sys. Corp.*, 240 F.R.D. 595 (M.D. Ala. 2007) .......................................... 13

*Johnson v. Schmitz*, 237 F. Supp. 2d 183 (D. Conn. 2002) ....................................................... 13

*Klein v. Williams*, 144 F.R.D. 16 (E.D.N.Y. 1992) ................................................................... 24

*Klipsch Grp. v. Sosound*, 2013 U.S. Dist. LEXIS 50041 (S.D.N.Y. Apr. 5, 2013)..................... 15

*Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097 (9th Cir. 2006) ......................................... 15

*Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) ....................................................... 8, 19, 20

*Lopez v. Paramount Glob.*, No. 23-cv-01126 (JLR), 2024 U.S. Dist. LEXIS 206266 (S.D.N.Y. Nov. 12, 2024) ........................................................................................................................ 11

*Mandala v. NTT Data, Inc.*, 88 F.4th 353 (2d Cir. 2023) .................................................. 18, 19

*McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586 (6th Cir. 2002) 15

*Nastri v. Dykes*, No. 23-cv-0056 (JBA), 2023 U.S. Dist. LEXIS 143166 (D. Conn. Aug. 16, 2023) ......................................................................................................................................... 8

*Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986)............................................... 7, 9, 19, 21

*Rapillo v. Fingerhut*, No. 09-cv-10429 (VSB), 2020 U.S. Dist. LEXIS 96780 (S.D.N.Y. June 1, 2020) ....................................................................................................................................... 22

*Rodriguez v. City of New York*, 594 F. Supp. 3d 534 (E.D.N.Y. 2022)...................................... 14

*Saada v Golan*, No. 21-cv-876, 2021 U.S. App. LEXIS 31090 (2d Cir. Oct. 18, 2021)........ 11, 17

*Smith v. Roadie, Inc.*, No. 22-7449, 2023 U.S. Dist. LEXIS 176449 (E.D.N.Y. Sep. 30, 2023) . 14

*Socialist Republic of Romania v. Wildenstein & Co. Inc.*, 147 F.R.D. 62 (S.D.N.Y. 1993) ........ 14

*Soto v. Mineta*, No. 01-71244, 2008 U.S. Dist. LEXIS 104681 (E.D. Mich. Jan. 30, 2008) ....... 21

*Sprint Nextel Corp. v. Middle Man, Inc.*, No. 2:12-cv-02159-JTM-KGS, 2016 U.S. Dist. LEXIS 128114 (D. Kan. Sep. 19, 2016) ............................................................................................ 15

*State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158 (2d Cir. 2004)............ 7

*Stevens v. Miller*, 676 F.3d 62 (2d Cir. 2012)................................................................................ 11

*Stone v. Town of Westport*, No. 04-cv-18 (JBA), 2007 U.S. Dist. LEXIS 2863 (D. Conn. Jan 12, 2007) ................................................................................................................................ 13

*Stonewell Corp. v. Conestoga Title Ins. Co.*, 678 F. Supp. 2d 203 (S.D.N.Y. 2010)................... 13

*Thai-Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d at 172 (2d Cir. 2017).......................................................................................................................7

*U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 602 F. Supp. 3d 488 (S.D.N.Y. 2022)...... 9

*United Airlines, Inc. v. Brien*, 588 F.3d 158 (2d Cir. 2009) ......................................................... 8

*United States CFTC v. Kratville*, 796 F.3d 873 (8th Cir. 2015) ................................................. 15

*United States v. Cirami*, 563 F.2d 26 (2d Cir. 1977)................................................................... 8

*United States v. Int'l Bhd. of Teamsters*, 986 F.2d 15 (2d Cir. 1993) .................................. 10, 16

*Veronica v. Elmore*, No. 20-cv-00419-JRS-MJD, 2021 U.S. Dist. LEXIS 247305 (S.D. Ind. Dec. 29, 2021) ................................................................................................................................. 14

*Wagstaff-El v. Carlton Press Co.*, 913 F.2d 56 (2d Cir. 1990)..................................................... 23

*Yapp v. Excel Corp.*, 186 F.3d 1222 (10th Cir. 1999) ............................................................... 15

**Rules**

Fed. R. Civ. P. 60(b) ....................................................................................................... *passim*

Fed. R. Civ. P. 60(c)(1)........................................................................................................... 7

Fed. R. Civ. P. 60(b)(1).................................................................................................... *passim*

Fed. R. Civ. P. 60(b)(6).................................................................................................... *passim*

**Treatises**

Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2864 (3d ed. 2022) ........................................................................................................................................ 19

## I.     PRELIMINARY STATEMENT

This is a (nearly) 5-year-old civil rights case in which plaintiff Takisha Reid, through counsel, made a strategic decision to abandon certain of her claims against the City of New York almost two years ago. The Court granted summary judgment to the City on the one remaining claim, and accordingly entered judgment, relying on counsel's representation that Plaintiff had voluntarily withdrawn her remaining claims. Now, with the benefit of hindsight—and new counsel—Plaintiff, relying on Fed. R. Civ. P. 60(b), seeks to reinstate one of the claims that she voluntarily withdrew, alleging that her former counsel's strategic decision to dismiss some claims in favor of another was done without her authorization.

The Court should deny this naked and hindsight-driven attempt to take another bite at the apple. First, the motion was not brought within a reasonable amount of time: Plaintiff was on notice *nearly two years ago*, in July 2023, that counsel had voluntarily dismissed her claims; several publicly filed documents noted the dismissal of the claims, and Plaintiff, though represented, was obligated to remain engaged in her case. She could have—but did not—alert the Court nearly two years ago that counsel had acted without her authorization. Second, the decision to forgo some claims in favor of others is a strategic choice that is within counsel's discretion; client authorization is not required. Numerous courts, including the Second Circuit, have recognized that remorse over a strategic decision that ended poorly is not a basis for Rule 60(b) relief. The Court thus need not determine whether Plaintiff's former counsel received explicit authorization to withdraw some of Plaintiff's claims in favor of others. And third, if the Court were to find both that the motion was brought within a reasonable amount of time and that authorization was required, the presumption is that counsel acts with authority, and Plaintiff's self-serving affidavit does not overcome that presumption. Rather than grant the motion, the

Court would be required to hold an evidentiary hearing to resolve the conflict between Plaintiff's declaration—which claims that she never discussed or authorized the dismissal of her claims—and the declaration of her former counsel, which states that they had an informed discussion about the withdrawal and she fully understood the strategy behind it.

In short, there is little doubt that there would be no basis for Rule 60(b) relief if Plaintiff's former counsel, who voluntarily dismissed the claims, were now seeking to reinstate them on the purported basis that he had done so without authorization. The result should be no different just because Plaintiff fired her previous lawyer and retained a new one. The Court should deny the motion.

## II.    BACKGROUND

### A.  Procedural History

This lawsuit began nearly five years ago, in August 2020, when plaintiff Takisha Reid, through her former counsel, Vic Pawar, filed a complaint against NYPD Officer Gregory Howard, Jane and John Does, and the City of New York (the "City") arising out of Howard's alleged sexual assault of Plaintiff while she was serving as a confidential informant under Howard's supervision. *See* Dkt. 1 at ¶ 20. Plaintiff asserted claims against (1) Howard for violations of her Fourth and Fourteenth Amendment rights, retaliation, and denial of equal protection or gender-based discrimination; (2) Howard and the John and Jane Does for assault and battery, harassment, intentional and negligent infliction of emotional distress, and violations of New York State and New York City human and civil rights laws and the state constitution; (3) John and Jane Does for supervisory liability; and (4) the City for negligence, negligent screening, training, hiring, and retention, and respondeat superior liability. *See* Dkt. 1 (Compl.) at 4–10.

Discovery was completed about two and a half years ago, in November 2022. *See* 11/7/22 Docket Entry (noting that "discovery is now complete and . . . there are no remaining discovery disputes"). Two years ago, in April 2023, the City and Howard moved (separately) for summary judgment as to all claims asserted against them, *see* Dkt. 75 (City's motion served 4/11/23 and filed 7/20/23), Dkt. 81 (Howard's motion served 4/24/23 and filed 7/25/23). Plaintiff, through her former counsel Pawar, filed her opposition papers on July 9, 2023. Dkt. 84 (Plaintiff's opposition served 7/9/23 and filed 7/26/23).

In her opposition brief, Plaintiff advised the Court that she "abandons seven (7) causes of actions and opposes the defendants' summary judgment motions on the Fourth and Fourteenth Amendment, assault and battery, and intentional and negligent infliction of emotional distress claims against Howard, and the respondeat superior claim against the City." Dkt. 84 at 3. In light of this abandonment, the City's reply brief addressed only the remaining claim against it: the respondeat superior claim. Dkt. 80 at 2 n.1 (explaining that "Plaintiff expressly abandoned her other causes of action against defendant City and elected to proceed with only her respondeat superior claim"). On July 25, 2023, Howard also replied only as to the remaining claims against him, requesting that the Court grant his motion for summary judgment "with respect to the Plaintiff's remaining claims." Dkt. 82 at 5.

Approximately five months ago, on December 27, 2024, the Court granted the City's motion for summary judgment on the respondeat superior claim and denied Howard's motion for summary judgment as to the remaining claims against him. Dkt. 87 at 12. In so doing, the Court noted that Plaintiff had abandoned her other claims against the City:

> Plaintiff brought seven additional causes of action, which she has since
> voluntarily dismissed: retaliation; supervisory liability; denial of equal protection
> or gender-based discrimination; harassment; New York State and New York City

3

human rights laws violations; negligent screening, training, hiring, and retention; and negligence.

Dkt. 87 at 2 n.3 (citing Dkt. 84 at 1).

Pawar (Plaintiff's former counsel) then moved to withdraw as Plaintiff's attorney, advising the Court that "plaintiff has voiced a desire to terminate our services," and "request[ing] the Court's permission to file a Declaration for the 'Court's eyes only' in support of the motion to withdraw." Dkt. 90. On January 27, 2025, Pawar provided the Court (via email) the declaration along with two supporting exhibits. Dkt. 91. The Court granted Pawar permission to withdraw during a February 6, 2025 telephonic conference, in which Plaintiff herself participated. *See* Docket Entry dated Feb. 6, 2025 (minute entry).[1] The Court further directed the Clerk of the Court to enter judgment in favor of the City, recognizing that "[s]ince all claims against the City have been dismissed, the City is no longer a party to this action." *Id*. The following day, on February 7, 2025, the Clerk entered a partial judgment granting the City's motion for summary judgment and dismissing all claims against it. Dkt. 100.

About three weeks later, on February 28, 2025, Plaintiff's new counsel, Matthew W. Christiana, entered a notice of appearance, *see* Dkt. 101, and requested a 42-day adjournment of the upcoming pretrial conference, from March 19 to April 30. Dkt. 104. The Court granted the request. *See* 3/3/25 Docket Entry. On April 8, 2025, Plaintiff requested a premotion conference, seeking permission to move pursuant to Fed. R. Civ. P. 60(b). Dkt. 106. On April 16, 2024, the Court granted Plaintiff leave to file the Rule 60(b) motion and adjourned the pretrial conference until June 13, 2025. *See* 4/16/25 Docket Entry.

---

[1] The Court also denied Howard's motion to amend his answer to include a crossclaim against the City for indemnification. *See* DE dated Feb. 6, 2025 (minute entry).

### B.  Plaintiff's Rule 60(b) Motion

On April 29, 2025—i.e., 2.5 years after the close of discovery, nearly 2 years after Plaintiff's abandonment of the negligent screening, hiring, retention, and training claim (*see* Dkt. 84), and 4 months after the Court granted summary judgment in favor of the City on the remaining respondeat superior claim—Plaintiff filed a motion "for an Order pursuant to Federal Rule of Civil Procedure 60 vacating this Court's Order and Judgement [sic] granting summary judgment in favor of [the City] as to Plaintiff's Negligent Screening, Hiring, Retention, and Training claim, and dismissing Defendant City as a defendant" (the "Motion").[2] Dkt. 112. Plaintiff argues she is entitled to reinstate her claim for negligent hiring, training, retention, and screening—but not the six other claims she abandoned—pursuant to Rule 60(b)(1) on the basis that she did not authorize Pawar, her former counsel, to abandon the claim, *see* Dkt. 112-1 at 4; and/or pursuant to Rule 60(b)(6) on the basis of her alleged "strong and meritorious defense" which Pawar "should have . . . asserted" in opposition to the City's summary judgment motion, *see id.* at 18 (internal quotations omitted).

Plaintiff supports the Motion with a declaration averring that Pawar did not seek or obtain her consent "to voluntarily dismiss any claims—most notably, the negligent screening, hiring, training, and retention claim against Defendant City of New York." Dkt. 112-3 (Declaration of Plaintiff) at 1, ¶ 4. But Mr. Christiana, Plaintiff's current counsel, also submitted a declaration in

---

[2] As noted above, the Court did not grant summary judgment in favor of the City on Plaintiff's negligent hiring, retention, training, and supervision claim; rather, Plaintiff voluntarily withdrew that claim, *see* Dkt. 84 at 3, and the Court granted summary judgment in favor of the City on Plaintiff's sole remaining respondeat superior claim, *see* Dkt. 87 at 12. Thus, vacatur of the Court's December 27, 2024 Decision & Order will not provide Plaintiff the remedy she seeks, i.e., reinstatement of the claim for negligent screening, training, hiring, and retention. Moreover, Plaintiff does not challenge the Court's grant of summary judgment on the respondeat superior claim, and has articulated no basis upon which to do so. Accordingly, the judgment in favor of the City on the respondeat superior claim should not be disturbed.

support of the Motion, stating—in contrast to Plaintiff's declaration—that Pawar told him that

"nothing was done in the case without [Plaintiff's] consent." Dkt. 112-2 (Christiana Declaration)

¶ 14. In light of these conflicting statements and Plaintiff's argument that she is entitled to relief

on the basis of her alleged lack of consent, the City moved for (1) a finding that Plaintiff waived

attorney-client privilege by placing at issue her former counsels' authority to act on her behalf to

voluntarily dismiss her claim against the City for negligent screening, training, hiring, and

retention, and (2) permission to communicate with Pawar and obtain relevant evidence regarding

authorization. DE 114 at 4. The Court denied these requests and, as an alternative, directed

Pawar to file, under seal: "1) an affidavit detailing any communication he had with Plaintiff

related to the voluntary dismissal of the negligent screening, training, hiring, and retention claim

against the City; and 2) any documents related to such communication." 5/19/25 Docket Entry.

     Pawar filed the declaration as directed on May 23, 2025. Dkt. 116. He declares that he

spoke with Plaintiff when the City moved for summary judgment; they had "an informed

discussion"; and Plaintiff "fully understood the strategy [they] were employing in opposing

certain portions of the summary judgment motion and not opposing other portions." Dkt. 116

(Declaration of Vic Pawar, dated May 23, 2025) ¶¶ 2–4.[3]

     For the reasons below, the Court should deny the Motion.

---

[3] Pawar also states that "having the City remain in the case would personally benefit [him] because [he has] a lien on the case"; however, he "is not about to perpetuate a fraud on the Court, unlike [P]laintiff who swears she did not have knowledge of abandoning the negligent hiring claim." Dkt. 116 ¶ 5. Pawar further advises that "Plaintiff has already attempted to perpetuate a fraud on the court in *Takiesha Reid v. Pawar*[,] 25 CV 01091 EDNY, which was dismissed only after [he] served a Rule 11 letter on her counsel," and that "[t]he Court also has *ex-parte* communications that were submitted in [his] motion to withdraw (Docket Entry # 90 in this action) which documents plaintiff's attempts to rewrite history." *Id.* ¶ 6.

### III.    PLAINTIFF HAS NOT MET THE STANDARD FOR RULE 60(B)(1) RELIEF

The Court should deny the Motion to the extent it seeks relief under Rule 60(b)(1) because (1) it was not brought within a reasonable time; (2) the decision to withdraw the claim for negligent screening, training, hiring, and retention was a strategic decision that does not require explicit authority and does not trigger Rule 60(b)(1); (3) even if explicit authority were required, Plaintiff has not overcome the presumption that her attorney acted with authority; and (4) even if explicit authority were required and the Court believes that Plaintiff has made a showing that may overcome the presumption of authority, an evidentiary hearing would be required to resolve the conflict between Plaintiff's and her former counsel's declarations.

#### A.    Applicable Law

Under Rule 60(b)(1), "a court may relieve a party from a final judgment for 'mistake, inadvertence, surprise, or excusable neglect.'" *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166 (2d Cir. 2004) (quoting Fed. R. Civ. P. 60(b)(1)). A Rule 60(b)(1) motion must be made within a reasonable time, and no later than one year following entry of the challenged judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The burden is on the moving party to demonstrate that it is entitled to relief, and "courts generally require that the evidence in support of the motion to vacate a final judgment be highly convincing." *Thai-Lao Lignite (Thailand) Co. v. Gov't of the Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017) (cleaned up).

"Relief from counsel's error is normally sought pursuant to [Rule] 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect." *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986); *see also Amid v. Chase*, 720 F. App'x 6, 9 (2d Cir. 2017) ("Relief

from counsel error is generally afforded pursuant to Rule 60(b)(1)."); *Hill v. World Class Auto. Corp.*, No. 06-CV-2496 (SLT), 2008 U.S. Dist. LEXIS 114988, at *7 (E.D.N.Y. Oct. 9, 2008) ("Where, as here, an attorney's incompetence or neglect is the asserted basis for relief, the motion . . . properly arises under Rule 60(b)(1).").

However, the Second Circuit has emphasized "that Rule 60 does 'not allow district courts to indulge a party's discontent over . . . a 'deliberate, strategic choice . . . .'" *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) (quoting *Andrulonis v. United States*, 26 F.3d 1224, 1235 (2d Cir. 1994)); *see also United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977) ("[C]ourts should not encourage the reopening of final judgments or casually permit the relitigation of litigated issues out of a friendliness to claims of unfortunate failures to put in one's best case."). "A chance to relitigate an issue under a different strategy or with different evidence is . . . exactly the sort of 'second bite at the apple' that makes reconsideration inappropriate." *Nastri v. Dykes*, No. 23-cv-0056 (JBA), 2023 U.S. Dist. LEXIS 143166, at *11 (D. Conn. Aug. 16, 2023) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

Similarly, "[m]ere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." *Nemaizer*, 793 F.2d at 62. "This is because a person who selects counsel cannot thereafter avoid the consequences of the agent's acts or omissions." *Id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34 (1962)); *see also Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) ("[C]ourts are generally reluctant to recognize attorney error as a basis for relief from an order or judgment" under Rule 60(b)). Instead, "an attorney's actions, whether arising from neglect, carelessness or inexperience, are attributable to the client, who has a duty to protect his own interests by taking such legal steps as are necessary."

*Nemaizer*, 793 F.2d at 62; *see also id.* (noting that Second Circuit has "consistently declined to relieve a client [under 60(b)] of the burdens of a final judgment entered against him due to the mistake or omission of his attorney," for example, "by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload.") (cleaned up). Even gross negligence, including a "complete and total disregard for client rights or professional ethics," is not a basis "for relieving a party from a final judgment." *Alvarado v. Manhattan Worker Career Ctr.*, No. 01-cv-9288 (CBM), 2003 U.S. Dist. LEXIS 19339, at *7–8 (S.D.N.Y. Oct. 29, 2003); *see also id.* at *8–9 ("Plaintiff's claim essentially boils down to one of gross negligence and malfeasance on the part of his attorney. Because these errors and omissions, while no doubt objectionable, are inexcusable error under the Rule, the court cannot grant him relief from judgment under Rule 60(b)(1)."). In short, "it is clear in this circuit that a litigant cannot find shelter in [Rule 60(b)(1)] from the errors of his chosen counsel." *Batac Development Corp. v. B&R Consultants, Inc.*, No. 98 Civ. 721 (CSH), 2000 U.S. Dist. LEXIS 3695, at *11 (S.D.N.Y. Mar. 22, 2000).

An attorney's decision to withdraw certain claims in favor of pursuing others also does not trigger Rule 61(b)(1) relief because this type of decision is a strategic one that does not require explicit client authority. *See, e.g.*, *Bahl v. N.Y. Coll. of Osteopathic Med.*, No. 14-cv-04020-NRM-LGD, 2024 U.S. Dist. LEXIS 34536, at *11–12 (E.D.N.Y. Feb. 28, 2024) ("Because Bahl's former counsel did not settle Bahl's entire lawsuit, they may not have needed Bahl's consent to make the strategic decision of withdrawing some of Bahl's claims and continuing to pursue others."); *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 602 F. Supp. 3d 488, 506 (S.D.N.Y. 2022) (recognizing the "three major aspects of decision-making in litigation that are exercised by a client: the decision to bring suit, the decision as to which

9

attorney to retain, and the decision to settle'" and noting that, while "[a] potential fourth area occurs when clients are called upon to make strategic decisions about the progress of a case," "such decisions are not required of clients in all cases, and counsel frequently have no need to obtain a client's permission to make such decisions."). Rule 60(b)(1) may only provide an avenue for relief for a party who can prove that her attorney acted without consent in settling or dismissing her case. *See Gomez*, 805 F.3d at 424 ("the decision to settle or otherwise dismiss claims 'rests with the client'") (quoting *In re Artha Mgmt., Inc.*, 91 F.3d 326, 329 (2d Cir. 1996)). The burden of proof in this type of attorney authority case is substantial, and a party must first overcome the presumption that her attorney acted with authority. *See United States v. Int'l Bhd. of Teamsters*, 986 F.2d 15, 20 (2d Cir. 1993); *Hillair Capital Invs., LP v. Smith Sys. Transp., Inc.*, 640 F. App'x 49, 52 (2d Cir. 2016) ("any party challenging an attorney's authority . . . bears the burden of proving by *affirmative evidence* that the attorney lacked authority") (emphasis in original; quoting *In re Artha Mgmt.*, 91 F.3d at 329).

In *Gomez*, the Second Circuit explained that the presumption of authority is rebuttable and found that an evidentiary hearing was required to resolve a factual dispute as to whether the client had authorized the attorney to enter into a settlement agreement:

> [U]nlike many other acts that an attorney undertakes on a client's behalf, the decision to settle or otherwise dismiss claims "rests with the client" and is "not automatically bestow[ed] . . . on retained counsel." *Pereira v. Sonia Holdings Ltd. (In re Artha Mgmt.)*, 91 F.3d 326, 329 (2d Cir. 1996). And although "we presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so," this presumption is rebuttable. *Id.*; *see also United States v. Int'l Bhd. of Teamsters*, 986 F.2d 15, 20 (2d Cir. 1993) ("The burden of proving that an attorney entered into a settlement agreement without authority is not insubstantial.").
>
> . . .
>
> Perhaps in light of its assumption that an attorney-of-record's actions are always imputed to his or her client, the district court did not hold an evidentiary hearing to resolve the dispute over [attorney] Reid's authority to sign the stipulation. We

10

have previously observed that "[a] hearing is not necessary" if the parties contesting their attorney's authority failed "to allege that they did not give their attorney authority to sign [a] settlement agreement for them." *Pereira*, 91 F.3d at 330. But "[i]n circumstances where a former attorney and his client dispute the giving of authority, courts generally require the holding of an evidentiary hearing on the question of authorization." *Michaud v. Michaud*, 932 F.2d 77, 81 (1st Cir. 1991). As the First Circuit explained, "[a]fter such a hearing, of course, the court can resolve any conflict in the testimony; it may, for example, disbelieve the client. But such a determination cannot be made without first giving the client a fair opportunity to have his say." *Michaud*, 932 F.2d at 81. We agree.

805 F.3d at 424 (citations omitted).

The Court went on to explain why the circumstances of *Gomez* "clearly raised a factual dispute concerning [attorney] Reid's authority to dismiss [his client] Gomez's claims":

Within days of the stipulation's signing, Gomez filed a pro se motion for relief from the stipulation and a detailed letter setting forth his assertion that Reid lacked the authority to dismiss his claims. Because the presumption that an attorney-of-record has authority to settle a case is rebuttable, the district court should not have denied Gomez's motion without holding an evidentiary hearing to address Reid's authority to dismiss Gomez's claims. . . .

*Gomez*, 805 F.3d at 424. Thus, "in the Rule 60(b) context, evidentiary hearings should be held to decide disputes concerning 'material issues of fact.'" *Saada v Golan*, No. 21-cv-876, 2021 U.S. App. LEXIS 31090, at *8 (2d Cir. Oct. 18, 2021) (quoting *Flaks v. Koegel*, 504 F.2d 702, 712 (2d Cir. 1974)).

## B.    Analysis

Applying these standards here, Plaintiff has not established that she is entitled to Rule 60(b)(1) relief.

<u>First</u>, Plaintiff did not move for relief within a reasonable time. *See Lopez v. Paramount Glob.*, No. 23-cv-01126 (JLR), 2024 U.S. Dist. LEXIS 206266, at *7 (S.D.N.Y. Nov. 12, 2024) ("Even if brought within a year, . . . a motion for relief pursuant to Rule 60(b) must still be 'made within a reasonable time.'") (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); citing *Cavalier Label Co. Inc. v. S.S. Lilika*, 71 F.R.D. 395, 396 (S.D.N.Y. 1976) ("While the motion

11

was interposed strictly within the time limit of the Rule, that time limit is merely an outer limit.")). As detailed above, even if the Court were to discredit Pawar's declaration—in which he avers that he spoke with Plaintiff, and that she understood their strategy in opposing summary judgment—the voluntary withdrawal of Plaintiff's claims was noted on the Court's docket at least three times, beginning on July 26, 2023. *See* Dkt. 80 ("Plaintiff expressly abandoned her other causes of action against defendant City and elected to proceed with only her *respondeat superior* claim."), 84 ("Ms. Reid abandons seven (7) causes of action"), 87 ("Plaintiff brought seven additional causes of action, which she has since voluntarily dismissed[.]"). Notwithstanding that she was represented by counsel, Plaintiff was still obligated to act with diligence and remain engaged in her case. *See, e.g.*, *Gesualdi v. Reid*, No. 14-cv-4212 (ADS) (GRB), 2017 U.S. Dist. LEXIS 27063, at *18 (E.D.N.Y. Feb. 27, 2017) ("counseled litigants themselves have a burden to act with diligence"). She cannot use Pawar's alleged failure to discuss case strategy with her two years ago as a basis for resurrecting voluntarily dismissed claims now—she could have alerted the Court any time during the months her motion was pending that, contrary to the repeated public representations on the docket, she did not consent to the withdrawal of her claims. *See Aalmuhammed v. Kesten*, No. 98-cv-171 (DLC), 2003 U.S. Dist. LEXIS 415, at *15 (S.D.N.Y. Jan. 10, 2023) ("Even where an attorney has inexcusably and completely abandoned his responsibilities to his client, [ ] a party must still demonstrate his own diligent efforts to induce the attorney 'to fulfill his duty.'") (quoting *Dominguez v. United States*, 583 F.2d 615, 618 (2d Cir. 1978)). Accordingly, the Court can and should deny the Motion on this basis alone.

    <u>Second</u>, the decision to pursue certain causes of action rather than others—as opposed to the entirely different question of whether to settle or dismiss an entire case—is a strategic

decision within the purview of counsel; no client authority is necessary. *See, e.g.*, *Stone v. Town of Westport*, No. 04-cv-18 (JBA), 2007 U.S. Dist. LEXIS 2863, at *26–28 n.7 (D. Conn. Jan 12, 2007) (where plaintiffs alleged that their former counsel withdrew "certain of their claims . . . without their consent" and sought "restoration of the withdrawn claims," the court held that plaintiffs were bound by their former counsel's "decision to voluntarily withdraw their claims," explaining: "[t]his principle of representative litigation that a client is held to his or her attorney['s] legal judgment to withdraw a claim is thus distinct from the operative principle in the context of settlement discussions that 'the decision to settle a case belongs to the client alone.'") (quoting *Johnson v. Schmitz*, 237 F. Supp. 2d 183, 188 (D. Conn. 2002)); *see also*, *e.g.*, *Jacobs*, 240 F.R.D. at 601 (Where plaintiff argued that "her attorney abandoned [Title VII and assault-and-battery claims] claims without consulting [her] and without her authorization or consent," the court found: "[R]elief is not warranted on Jacobs's motion with respect to the claims she abandoned in her brief opposing the defendants' motions for summary judgment. These were decisions regarding litigation strategy, and the consequences of any error made by Jacobs's attorney in abandoning those claims must be borne by Jacobs herself.").[4]

---

[4] *See also Stonewell Corp. v. Conestoga Title Ins. Co.*, 678 F. Supp. 2d 203, 211 (S.D.N.Y. 2010) ("Where a claim of legal malpractice is based upon a plaintiff's displeasure, developed only with the benefit of hindsight, regarding a defendant-attorney's selection of one among several reasonable strategic options, summary judgment should be granted in defendant's favor."); *In re Jackson*, 630 B.R. 700, 723–24 (Bankr. D. Conn. 2021) ("Decisions regarding the evidentiary support for a motion or the legal theory of a case are commonly strategic decisions and a client's disagreement with its attorney's strategy does not support a malpractice claim, even if the strategy had its flaws."); *Jacobs v. Elec. Data Sys. Corp.*, 240 F.R.D. 595, 601 (M.D. Ala. 2007) ("Decisions to concede certain parts of a case in order to focus on others, or not to pursue every possible claim cognizable under the law, are examples of strategic or tactical choices well within the scope of the attorney's authority, decisions that bind the client.") (citing *Haynes v. Cain*, 298 F.3d 375, 381 (5th Cir. 2002); *see also Haynes*, 298 F.3d at 381 ("when counsel fails to oppose the prosecution's case at specific points or concedes certain elements of a case to focus on others, he has made a tactical decision").

This is particularly so where, as here, counsel abandoned a claim with a theory of liability (negligence) that was inconsistent with the theory of liability he chose to pursue instead (respondeat superior).[5] It is well settled that Rule 60(b) relief is not available to provide another bite at the apple when a strategic decision does not yield favorable results. *See Book v. Lauretti*, No. 20-cv-01381 (JCH), 2023 U.S. Dist. LEXIS 87851, at *15–16 (D. Conn. May 18, 2023) (plaintiff's argument that "previously conceded or abandoned claims should be resurrected, such as his substantive and procedural due process claims," does not "provide the court with a legal basis to reconsider or change its Ruling"); *Ezagui v. City of N.Y.*, No. 20-cv-06360-DG-SJB, 2023 U.S. Dist. LEXIS 26075, at *17 (E.D.N.Y. Feb. 14, 2023) ("[I]t appears that Zelman made a strategic decision to dismiss federal claims to avoid federal court and to pursue his client's claims in a more advantageous forum. . . . That, of course, is a litigation judgment, and to the extent he now questions the strategy's wisdom, 'Rule 60(b) will not afford . . . relief from the consequences of its litigation strategy.'") (quoting *Socialist Republic of Romania v. Wildenstein & Co. Inc.*, 147 F.R.D. 62, 65 (S.D.N.Y. 1993)).[6]

---

[5] "*Respondeat superior* only applies to tortious conduct committed by an employee acting within the scope of his/her employment, whereas negligent hiring, training, supervision, or retention applies to acts outside the scope of employment." *Smith v. Roadie, Inc.*, No. 22-7449, 2023 U.S. Dist. LEXIS 176449, at *8-9 (E.D.N.Y. Sep. 30, 2023) (citing *Rodriguez v. City of New York*, 594 F. Supp. 3d 534, 548 (E.D.N.Y. 2022)); *see also, Velez v. City of New York*, 730 F.3d 128, 136-37 (2d Cir. 2013). Accordingly, a plaintiff cannot recover on both theories of liability.

[6] *See also, e.g.*, *Brooks v. The Doe Fund, Inc.*, No. 17-cv-3626 (PKC) (LB), 2020 U.S. Dist. LEXIS 175474, at *8 (E.D.N.Y. Sep. 24, 2020) ("It is immaterial whether the failure to assert a Title VII sex discrimination claim was a deliberate choice of Plaintiff's counsel or a result of their negligence. Neither are grounds for Rule 60(b)(1) relief."); *Brody v. Bruner*, No. 19-cv-01091-RM-NRN, 2024 U.S. Dist. LEXIS 30738, at *4 (D. Colo. Feb. 22, 2024) ("Rule 60(b) relief is not available to Plaintiff" because "the decision to dismiss his claims against MAB without prejudice was part of a deliberate litigation strategy."); *Veronica v. Elmore*, No. 20-cv-00419-JRS-MJD, 2021 U.S. Dist. LEXIS 247305, at *7 (S.D. Ind. Dec. 29, 2021) ("Mr. Veronica could have sought leave to amend his complaint before his *Bivens* claims were dismissed; but instead, he waited until those claims failed before seeking a second bite at the apple. Rule 60(b) is not a way to pursue new claims or legal theories when a party's original

Presumably, if the Court had allowed Plaintiff's respondeat superior claim to proceed past summary judgment against the City, current counsel would not have brought the instant motion. Instead, because the City's motion for summary judgment was granted—and only once it became clear that Pawar's strategy was unsuccessful—plaintiff now seeks a second bite at the strategy apple by attempting to resurrect the negligence claim against the City. This type of tactical maneuvering—in which the wisdom of the strategic decision is tainted by hindsight—is not a basis for Rule 60(b)(1) relief. *See Klipsch Grp. v. Sosound*, 2013 U.S. Dist. LEXIS 50041, at *11 (S.D.N.Y. Apr. 5, 2013) ("Rule 60(b) does not exist to save a party from its—or its counsel's—ignorance, timidity, or buyer's remorse.").[7]

_____

strategy has proved unsuccessful."); *Sprint Nextel Corp. v. Middle Man, Inc.*, No. 2:12-cv-02159-JTM-KGS, 2016 U.S. Dist. LEXIS 128114, at *11 (D. Kan. Sep. 19, 2016) ("Sprint made a tactical decision to voluntarily dismiss other claims and to pursue only its contract claim. When it did so, it was or should have been obvious that this court's ruling on the contract issue was subject to appeal and to potential reversal. Despite that obvious possibility, Sprint dismissed its other claims with prejudice. That was a decision totally within Sprint's control. The fact that the contract claim has now been reversed is not an unforeseeable or inequitable circumstance that would justify undoing Sprint's tactical decision.").

[7] *See also Nemaizer*, 793 F.2d at 59–60 ("Although obviously better than foresight, an argument based on hindsight is not a ground upon which a court may grant Rule 60(b) relief"); *United States CFTC v. Kratville*, 796 F.3d 873, 896 (8th Cir. 2015) (Rule 60(b)(1) "does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous"); *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("We agree that Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel. For purposes of subsection (b)(1), parties should be bound by and accountable for the deliberate actions of themselves and their chosen counsel. This includes not only an innocent, albeit careless or negligent, attorney mistake, but also intentional attorney misconduct. Such mistakes are more appropriately addressed through malpractice claims."); *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002) ("out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1)") (citation omitted); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes.") (citation

       <u>Third</u>, the Court should deny the Motion because even if the strategic decision to abandon one claim in favor of pursuing another required client authorization, which it doesn't, Plaintiff has not overcome the presumption that Pawar acted with authority. Pawar has explicitly stated that he spoke with Plaintiff when the City moved for summary judgment; they had "an informed discussion"; and Plaintiff "fully understood the strategy [they] were employing in opposing certain portions of the summary judgment motion and not opposing other portions." Dkt. 116 ¶¶ 2–4; *see also* Christiana Decl. ¶ 14 (noting that Pawar advised Christiana via email that "nothing in the case was done without [Plaintiff's] consent"). Plaintiff's self-serving statements to the contrary are an insufficient basis upon which to rebut the presumption and find that she has met her "not insubstantial" burden of proving the absence of authorization. As one court in this district has explained, a plaintiff's "conclusory allegation regarding his counsel's unauthorized withdrawal of his claims is insufficient to raise a factual dispute meriting an evidentiary hearing." *Bahl*, 2024 U.S. Dist. LEXIS 34536, at *15 (citing *Gomez*, 805 F.3d at 424); *Ezagui*, 2023 U.S. Dist. LEXIS 26075, at *15–16 ("Ezagui only changed attorneys in December 2022. And prior to that there is not a whisper (at least on the docket) that Zelman was acting without Ezagui's authority. All of this is to suggest that" Ezagui "cannot rebut the presumption that the 'attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so.' That is because '[t]he burden of proving that an attorney entered into a settlement agreement without authority is not insubstantial.'") (quoting *Gomez*, 805 F.3d at 424; *Teamsters*, 986 F.2d at 20). Accordingly, Plaintiff's attorney-

---

omitted); *Am. Lifeguard Ass'n v. Am. Red Cross*, No. 92-2460, No. 92-2527, No. 93-1190, No. 93-1224, 1994 U.S. App. LEXIS 8430, at *5–6 (4th Cir. Apr. 22, 1994) ("Perhaps the most salient example of behavior that cannot constitute grounds for Rule 60(b) relief is the purposeful litigation decision of a party.").

authorization argument is without merit and she is not entitled to Rule 60(b)(1) relief on that basis.

Fourth, the Motion should be denied because even if explicit authority were required and Plaintiff has met the high burden required to rebut the presumption of authority, at most, there is a factual dispute that requires an evidentiary hearing to resolve. *Gomez*, 805 F.3d at 424 ("Because the presumption that an attorney-of-record has authority to settle a case is rebuttable, the district court should not have denied Gomez's motion without holding an evidentiary hearing to address Reid's authority to dismiss Gomez's claims."); *id.* ("When, as here, a party promptly raises a colorable argument that his or her attorney lacked authority to settle or otherwise dismiss his or her claims, a factual dispute arises that must be resolved through an evidentiary hearing, unless, of course, the parties agree that no such hearing is necessary. On remand, the district court should hold an evidentiary hearing and determine whether Reid had authority to stipulate to a dismissal of Gomez's claims."); *Fuschi v. Bank of N.Y. Mellon Tr. Co., N.A.*, No. 22-2610, 2023 U.S. App. LEXIS 26681, at *2 (2d Cir. Oct. 6, 2023) ("while we presume that counsel acts pursuant to authority, that presumption is a rebuttable question of fact"); *Saada*, 2021 U.S. App. LEXIS 31090, at *8 ("As a general matter, in the Rule 60(b) context, evidentiary hearings should be held to decide disputes concerning material issues of fact."); *Flaks*, 504 F.2d at 712 ("The affidavits submitted by Koegel personally, by his new counsel and by his former counsel created, in our view, material issues of fact which could not have been properly resolved without an evidentiary hearing.").

In sum, there is no basis for relief under Rule 60(b)(1). Nor, as explained below, is there any basis for relief under Rule 60(b)(6).

## IV.    PLAINTIFF HAS NOT MET THE STANDARD FOR RULE 60(B)(6) RELIEF.

The Court should deny the Motion to the extent it seeks relief under Rule 60(b)(6) because (1) it was not brought within a reasonable time; (2) the asserted ground for relief is not properly brought pursuant to Rule 60(b)(6); and (3) Plaintiff has not established extraordinary circumstances.

### A.    Applicable Law

Rule 60(b)(6) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment upon such terms as are just, provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). "Material offered in support of a motion to vacate under Rule 60(b)(6) must be highly convincing." *D'Angelo v. State Farm Fire & Cas. Co.*, 32 F. App'x 604, 605 (2d Cir. 2002). "The movant must also show good cause for failing to act sooner and show that granting the motion will not impose an undue hardship on the other party." *Bautista v. TAP Air Portugal*, No. 1:24-cv-00503 (JLR), 2025 U.S. Dist. LEXIS 80428, at *17 (S.D.N.Y. Apr. 28, 2025) (cleaned up).

The "[p]roper characterization of [a party's] Rule 60(b) motion is a threshold issue." *Mandala*, 88 F.4th at 359. "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct which generally falls under the former cannot stand as a ground for relief under the latter." *Id.* (cleaned up). Thus, "[w]here a party's Rule 60(b) motion is premised on grounds

fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Id.* (citation omitted); *see also Ezagui*, 2023 U.S. Dist. LEXIS 26075, at *6 ("District Courts have followed the guidance in *Nemaizer*—that is, concluding that attorney authority claims rise and fall under Rule 60(b)(1).").

"While a court's authority under Rule 60(b)(6) is broad, that reservoir is not bottomless, and relief under Rule 60(b)(6) is reserved for cases that present extraordinary circumstances." *Bautista*, 2025 U.S. Dist. LEXIS 80428, at *16 (quoting *Mandala*, 88 F.4th at 361 (cleaned up)); *see also D'Angelo*, 32 F. App'x at 605 ("Rule 60(b)(6) is properly invoked when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the grounds for relief are not recognized in clauses (1)–(5) of the Rule.") (citing *Nemaizer*, 793 F.2d at 63). "'[T]he broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices the party has made. A party remains under a duty to take legal steps to protect his own interests.'" *Ezagui*, 2023 U.S. Dist. LEXIS 26075, at *7 (quoting 11 Charles Alan Wright & Arthur R. Miller et al., *Federal Practice and Procedure* § 2864 (3d ed. 2022)).

As the Second Circuit explained in *Harris v. United States*, "[i]n typical civil proceedings, this Court very rarely grants relief under Rule 60(b)(6) for cases of alleged attorney failure or misconduct. The rationale for this principle was best expressed by Justice Harlan in *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)." 367 F.3d 74, 81 (2d Cir. 2004) (citation omitted). There, Justice Harlan explained:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his

> lawyer-agent and is considered to have notice of all facts, notice of which can be
> charged upon the attorney.

*Id.* (quoting *Link*, 370 U.S. at 633–34). "To be 'extraordinary circumstances' for purposes of Rule 60(b)(6), a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance or constructive disappearance." *Id.* (citations omitted); *see also Gomez*, 805 F.3d at 424 ("we have recognized as bases for Rule 60(b) relief an attorney's disappearance or mental illness where the party 'tried diligently' to contact his or her attorney"); *D'Angelo*, 32 F. App'x at 605 (Rule 60(b)(6) "does not permit relief to a client whose counsel has shown gross negligence absent a showing of exceptional circumstances, such as a mental disorder, or to a party who has made deliberate tactical decisions that do not stem from such a mental disorder.").

### B.    Analysis

Applying these standards here, Plaintiff has not established that she is entitled to Rule 60(b)(6) relief.

<u>First</u>, for the reasons explained Part III.B, Plaintiff did not move for relief within a reasonable time. *See* III.B (explaining that a two-year delay in seeking relief is not reasonable); *cf. Gomez*, 805 F.3d at 424 ("*Within days of the stipulation's signing*, Gomez filed a pro se motion for relief from the stipulation and a detailed letter setting forth his assertion that Reid lacked the authority to dismiss his claims.") (emphasis added); *see also Bongiorno v. United States*, No. 22-2900, 2023 U.S. App. LEXIS 30368, at *4 (2d Cir. Nov. 15, 2023) ("For relief to be warranted under Rule 60(b)(6), the movant must make his motion within a reasonable time and must demonstrate extraordinary circumstances justifying relief.") (cleaned up).

<u>Second</u>, Plaintiff's allegation that Pawar "should have . . . asserted" her alleged "strong and meritorious defense" to the City's summary judgment motion, *see* Dkt. 112 at 18, is—

nakedly—a claim premised on attorney mistake or inadvertence, which, as explained above, can only be brought pursuant Rule 60(b)(1). *See Amid*, 720 F. App'x at 9 ("Relief from counsel error is generally afforded pursuant to Rule 60(b)(1)."); *Nemaizer*, 793 F.2d at 62 ("Relief from counsel's error is normally sought pursuant to [Rule] 60(b)(1) on the theory that such error constitutes mistake, inadvertence or excusable neglect."); *Hill*, 2008 U.S. Dist. LEXIS 114988, at *7 ("Where, as here, an attorney's incompetence or neglect is the asserted basis for relief, the motion properly arises under Rule 60(b)(1)."). Accordingly, relief under Rule 60(b)(6) is foreclosed. *See Nemaizer*, 793 F.2d at 63 ("To grant relief under . . . [subsection (6)] would be to accept the proposition that when counsel's conduct shows *gross* negligence relief to a client may be afforded under Rule 60(b)(6). Although some courts have embraced that view . . . we have consistently indicated a reluctance to do so.") (citations omitted; emphasis in original)); *Ezagui*, 2023 U.S. Dist. LEXIS 26075, at *6 ("Ezagui attempts to shoehorn his claim—that his counsel lacked the authority to dismiss his federal claims—into Rule 60(b)(6). It does not fit. The Court of Appeals has indicated that a claim like Ezagui's—that his attorney lacked authority to settle— falls within 60(b)(1), like most claims of attorney error. Ezagui, therefore, has no recourse under 60(b)(6)."); *see also*, *e.g.*, *Soto v. Mineta*, No. 01-71244, 2008 U.S. Dist. LEXIS 104681, at *42 (E.D. Mich. Jan. 30, 2008) ("Plaintiff seeks Rule 60(b)(6) relief based on his attorney's tactical choice to avoid responding to the Defendant's Motion for Summary Judgment by expanding the scope of the lawsuit with new claims . . . . Kubicki's sworn declaration confirms that tactical decision. . . .  It was probably a poor decision, and perhaps was malpractice. It was not . . . the type of extraordinary and egregious behavior that would warrant relief from its consequences under Fed. R. Civ. P. 60(b)(6).").

Third, the Motion should be denied because Plaintiff has not established that Pawar's failures were "so egregious and profound" that they amounted to the abandonment of Plaintiff's case altogether, "either through physical disappearance, or constructive disappearance." *Harris*, 367 F.3d at 81; *see also Ezagui*, 2023 U.S. Dist. LEXIS 26075, at *14 ("For one thing, there is no 'attorney disappearance,' abandonment of a case, or analogous situation present. And that is the minimum requirement for 60(b)(6) relief when a party seeks to distance himself from his attorney's litigation conduct."). To the contrary, Pawar communicated with Plaintiff, engaged in discovery, appeared before the Court on numerous occasions, and briefed an opposition to the City and Howard's summary judgment motions, successfully opposing Howard's motion. *See Brooks v. The Doe Fund, Inc.*, No. 17-CV-3626 (PKC) (LB), 2020 U.S. Dist. LEXIS 175474, at *4 (E.D.N.Y. Sep. 24, 2020) ("While the Court is sympathetic to the injustice Plaintiff claims [from his counsel's failure to bring a Title VII claim], his allegations of attorney misconduct and inadequacy are insufficient to warrant Rule 60(b)(6) relief. Plaintiff does not allege that his counsel abandoned the case altogether and, in fact, Plaintiff's counsel prepared Plaintiff's opposition to Defendants' motions for summary judgment. To the extent that Plaintiff alleges gross negligence, the Second Circuit has "consistently" resisted granting Rule 60(b)(6) relief for the gross negligence of a party's lawyer."); *Rapillo v. Fingerhut*, No. 09-cv-10429 (VSB), 2020 U.S. Dist. LEXIS 96780, at *11-12 (S.D.N.Y. June 1, 2020) ("Here, Plaintiffs have not argued that their former counsel, Robert Conway, abandoned their case or was unable to provide adequate representation. Indeed, any argument of abandonment would be unfounded. Conway appeared before the court throughout this litigation, engaged in the discovery process, and filed a voluminous opposition to Defendants' motion for summary judgment."). Indeed, Plaintiff

continues to pursue her active claims against defendant Howard. On these facts, any argument that Pawar actually or constructively disappeared is without merit.

Moreover, even if Pawar had "disappeared," to prevail, Plaintiff must demonstrate that she acted with diligence. *See Canouse v Protext Mobility, Inc.*, No. 22-cv-1335, 2023 U.S. App. LEXIS 12070, at *5–6 (2d Cir. May 17, 2023) ("even when an attorney has inexcusably abandoned his responsibilities to his client, to be entitled to relief under Rule 60(b)(6) a party must also demonstrate its own 'diligent efforts . . . to induce [the attorney] to fulfill his duty.'") (quoting *Dominguez*, 583 F.2d at 618); *Gomez*, 805 F.3d at 424 (recognizing "as bases for Rule 60(b) relief an attorney's disappearance or mental illness where the party 'tried diligently' to contact his or her attorney," and explaining that, in such cases, the Court has "remanded for evidentiary hearings on the allegations raised in the motions for relief and the parties' diligence in prosecuting their cases"). As explained above, it has been nearly two years since Plaintiff withdrew her claims and failed to oppose the negligence claim. Seeking relief from that strategic decision now does not amount to diligence.

For these reasons, Plaintiff is not entitled to relief under Rule 60(b)(6).[8]

---

[8] The City does not address Plaintiff's "meritorious defense" argument, *see* Dkt. 112-1 at 18–19, because, as the cases Plaintiff cites explain, the "meritorious defense" analysis applies when a party is seeking relief from default judgment. *See Wagstaff-El v. Carlton Press Co.*, 913 F.2d 56, 57–58 (2d Cir. 1990) ("We believe that Carlton's default may be justly characterized as willful and should be excused only for a compelling reason. Such a reason exists, however, in the fact that Wagstaff-EL's action and the resultant judgment have no valid basis whatsoever. Were they based on grounds of even minimally colorable validity, vacating the default judgment might have been an abuse of discretion. However . . . the calculation of damages was preposterous. . . . Allowing the default judgment to stand would, therefore, have constituted a serious miscarriage of justice."); *Cirami*, 563 F.2d at 35 ("Where one timely seeking Rule 60(b)(6) relief from a default judgment can make out a strong case that he had a meritorious defense which could have been asserted *but for a truly extraordinary turn of events not covered by the first five clauses of the rule* and which brought about his default and resulted in substantial injustice to him, it is appropriate to vacate the judgment so that the merits of his case can be considered.") (emphasis added); *Bey v. McDonald's*, No. 20-CV-3031 (WFK) (LB), 2021 U.S. Dist. LEXIS 59066, at *1

## V.    CONCLUSION

For the reasons above, Plaintiff's Motion for Rule 60(b) relief should be denied.

Dated:  New York, New York
        June 3, 2025

                                     MURIEL GOODE-TRUFANT
                                     Corporation Counsel of the City of New York
                                     *Attorney for Defendant the City of New York*

           By:    /s/ Sandra A. Bober
                                    Sandra A. Bober
                                    Senior Counsel
                                    Special Federal Litigation Division
                                    100 Church Street
                                    New York, NY 10007
                                    (212) 356-0827
                                    sabober@law.nyc.gov

cc:    All Counsel (via ECF)

---

(E.D.N.Y. Mar. 26, 2021) (no relief for judgment entered after plaintiff failed to file an amended complaint within the time allotted); *Klein v. Williams*, 144 F.R.D. 16, 18-19 (E.D.N.Y. 1992) (analyzing the claim pursuant to Rule 60(b)(1), the court stated that if plaintiff could "present a meritorious defense to defendants' motion [to dismiss on the basis of failure to properly serve the United States], the Court would readily set aside the judgment of dismissal" because "[a] mechanistic application of the Rule would frustrate its purpose, particularly, as here, where the judgment of dismissal was entered upon a party's default").

That said, even if a "meritorious defense" was relevant to the analysis here, it is lacking. To be clear, contrary to Plaintiff's assertion, there is no evidence that Howard had an improper relationship with another confidential informant at the time he became Plaintiff's handler. *See* Dkt 111-1 (Exhibit 3-2 to Plaintiff's Opposition to Defendant City Motion for Summary Judgment, filed under seal). Moreover, the allegations against Howard upon which Plaintiff relies in support of her "meritorious defense" argument were found to be unsubstantiated. *Id*. at D18 ("DISP: UNSUBSTANTIATED"; "OVERALL DISPOSITION: EXONERATED").

**CERTIFICATION**

In accordance with Local Civil Rule 7.1 of the Local Rules of the United States District

Courts for the Southern and Eastern Districts of New York, I hereby certify that the total number

of words in the foregoing Memorandum of Law, inclusive of point headings and footnotes, is

8,452. I have relied on the word count function of Microsoft Word to prepare this certification.

Dated: New York, New York
       June 3, 2025

                             MURIEL GOODE-TRUFANT
                             Corporation Counsel of the City of New York
                             *Attorney for Defendant the City of New York*

By:     /s/ Sandra A. Bober
                             Sandra A. Bober
                             Senior Counsel
                             Special Federal Litigation Division
                             100 Church Street
                             New York, NY 10007
                             (212) 356-0827
                             sabober@law.nyc.gov