# EXHIBIT 5

```
 1    UNITED STATES DISTRICT COURT

 2    EASTERN DISTRICT OF NEW YORK

 3    --------------------------------------------------

 4    TAKIESHA REID,

 5

 6            Plaintiff,

 7     -vs-                        INDEX NO. 20 CV 3926(FB)(PK)

 8    THE CITY OF NEW YORK,
      GREGORY HOWARD,
 9    JOHN AND JANE DOES 1-5,

10
              Defendants.
11
      --------------------------------------------------
12            EXAMINATION BEFORE TRIAL OF CHRISTOPHER BANNON

13                       APPEARING REMOTELY FROM

14                       NEW YORK CITY, NEW YORK

15

16

17               Wednesday, October 26th, 2022

18                   1:30 p.m. - 1:59 p.m.

19                      pursuant to notice

20

21    REPORTED BY:

22    Kelly Hairston, Notary Public

23    APPEARING REMOTELY FROM ERIE COUNTY, NEW YORK
```

**R E M O T E   A P P E A R A N C E S**

APPEARING FOR THE PLAINTIFF:

    **VIK PAWAR LAW, PLLC,**
    BY: **VIK PAWAR, ESQ.,**
    20 Vesey Street, Suite 1410,
    New York, New York 10007,
    (212) 571-0805.

APPEARING FOR THE DEFENDANT DETECTIVE GREGORY HOWARD:

    **LAW OFFICES OF PETER TILL,**
    BY: **PETER W. TILL, ESQ.,**
    105 Morris Avenue,
    Springfield Township, New Jersey 07081,
    (973) 258-0064.

APPEARING FOR THE DEFENDANT CITY OF NEW YORK:

    **NEW YORK CITY LAW DEPARTMENT,**
    **FEDERAL LITIGATION DIVISION,**
    **ASSISTANT CORPORATION COUNSEL,**
    BY: **JEFFREY FRANK, ESQ.,**
    100 Church Street,
    New York, New York, 10007,
    (212) 356-3541.

3

```
 1                         I N D E X

 2

 3     WITNESS              EXAMINATION                    PAGE

 4     Christopher Bannon

 5              by Mr. Pawar                               04

 6              by Mr. Frank                               21

 7              by Mr. Pawar                               24

 8

 9

10

11                         EXHIBITS

12     NUMBER               DESCRIPTION                    PAGE

13

14              NO EXHIBITS WERE MARKED
```

**REPORTED REMOTELY FROM NEW YORK CITY, NEW YORK**

THE REPORTER: Do the attorneys continue their consent to the remote swearing of the witness?

MR. TILL: On behalf the Defendant Howard, we do.

MR. FRANK: On behalf of Defendant City of New York, we do.

**CHRISTOPHER BANNON,**

One Edgewater Plaza, Staten Island, New York, having been first duly sworn, was examined and testified as follows:

EXAMINATION

BY MR. PAWAR:

Q. How long have you been employed with the NYPD?
A. I am in my 25th year with the NYPD.
Q. Whatever happened to 20 and out?
A. Still going, still going.
Q. My name is Vik Pawar. I'm an attorney for a plaintiff by the name of Takiesha Reid who has brought a lawsuit against the City of New York and Detective Gregory Howard. So I'm going to ask you some questions with respect to the City and with respect to Mr. Howard. To

```
 1        the extent you can answer, I will appreciate an honest
 2        response, do you understand?
 3     A. Yes.
 4     Q. Okay.  I'm going to try to make my questions very
 5        clear.  If at any time you think that I'm -- my
 6        questions are not clear enough, please let me know and
 7        I'll try to rephrase it, okay?
 8     A. Very well.
 9     Q. Where are you assigned to currently?
10     A. I am the commanding officer of Staten island Grand
11        Larceny Squad.
12     Q. Is that based out of a specific precinct or no?
13     A. It's One Edgewater Plaza is the actual location.  It's
14        a private --
15     Q. I understand.  How long have you been a CO there?
16     A. Approximately three years now.
17     Q. And prior to that, where were you assigned?
18     A. 120 Detective Squad.
19     Q. And how many years were you there for?
20     A. Approximately four years.
21     Q. So 2013 to -- I'm sorry, 2015 to 2019, yeah,
22        approximately?
23     A. Correct, right in that time frame, yes.
```

1    THE WITNESS: It depends on the situation. If
2    there's -- you know, it depends on the unit that
3    somebody falls under. So, you know, like, for
4    instance, if the detective squad -- I'm the CO as a
5    lieutenant, and then there's two sergeants under me and
6    then there's additional personnel under them. But
7    sometimes there could be a sub unit where there's just
8    one supervisor which is a lieutenant, so sometimes that
9    chain of command that you spoke about doesn't
10   necessarily go from sergeant to lieutenant. It may
11   just go to a lieutenant because there is no sergeants.
12   So --
13
14   BY MR. PAWAR:
15   Q. Lou, from your recollection, what years, if any, were
16      you a direct supervisor to Gregory Howard?
17   A. I can't -- I -- I really don't recall like specific
18      years and, you know, or anything like that off the top
19      of my head. It's been a while, like I said, so I just
20      don't want to throw years and dates out there that I
21      don't know and I'm not aware of.
22   Q. That's fine. But you don't deny that there was a
23      period of time where you were a supervisor for

1      that again.

2

3  BY MR. PAWAR:

4  Q. Sure.  So you said to your knowledge Detective Howard
5     was not brought up on any -- or there were no
6     allegations against him.  There was no internal affairs
7     investigation against him and there were no
8     substantiated allegations against him; correct?
9  A. Yes, to my knowledge.  Those are all unknowns.
10 Q. Okay.  So if something is unknown, you would not
11    necessarily tell a subordinate that you need to go get
12    retrained or I'm going to have to discipline you or I'm
13    going to have to add an added layer of supervision; is
14    that fair to say?
15       MR. FRANK:  Objection, you can answer.
16       THE WITNESS:  Yes, that's fair to say.  If I have no
17    knowledge of it, then obviously there would be no
18    repercussions or any additional training to anything.

19

20 BY MR. PAWAR:

21 Q. Would there be some -- I suppose there would be an
22    intermediary as you testified that it may get to you if
23    there was an allegation, but sometimes it may not.  So

1         is it fair to say if there was an allegation and it
2         never got to you, that somewhere in the middle is when
3         it, got for lack of a better term, shit-canned?
4              MR. FRANK:  Objection to form.  You can answer if
5         you understand the question.
6              THE WITNESS:  Basically it depends upon, like,
7         whatever the allegation might be, you know.  And then
8         obviously certain allegations, whatever they may be, go
9         to different agencies within the NYPD, whether it be
10        CCRB, IAB.  You know, certain things wouldn't reach,
11        depending on what it is, wouldn't reach my level.
12
13   BY MR. PAWAR:
14   Q. So to reach your level then, you have no reason to
15        think that Howard -- I'm sorry, Detective Howard needed
16        extra supervision; correct?
17   A. Correct.
18   Q. And in the same vein, you would have no reason to
19        believe that Detective Howard needed to be disciplined
20        or retrained because you personally did not know
21        anything about it; correct?
22   A. Correct.
23             MR. PAWAR:  Can we go off the record for a second.

```
 1    A. How was he conducting himself as a detective or how was
 2       he conducting himself with the confidential informant?
 3    Q. Well, with respect to the confidential informant.
 4    A. So my supervision will be limited to in that regard
 5       what substantive information comes back as far as the
 6       intelligence from the CI.  I don't have a dealing with
 7       the CI.  I just go based upon what Detective Howard
 8       would tell me the information that the CI would be
 9       there to provide.
10    Q. But is it fair to say that you did not undertake any
11       independent supervision to make sure that Detective
12       Howard's conduct was on the up and up?
13          MR. FRANK:  Objection, you can answer.
14          THE WITNESS:  There wouldn't be any need to in this
15       regard, from my knowledge.
16
17    BY MR. PAWAR:
18    Q. Because you -- whatever Detective Howard told you is
19       what you went with; correct?
20          MR. FRANK:  Objection, you can answer.
21          THE WITNESS:  Yes.  Again, you know, Detective
22       Howard acting as the handler for a specific
23       confidential informant, that information again would
```

1  just go through the CI to Detective Howard and get over
2  to me.  So there would be no point for me to actually
3  intervene in that exchange.
4
5  BY MR. PAWAR:
6  Q. And then if there was a problem with the CI and
7     Detective Howard, and it was never brought to your
8     attention then, you would find no need to have an extra
9     layer of supervision; correct?
10 A. Correct.
11        MR. PAWAR:  Just give me a minute.  Let me look at
12    my notes, see if I missed anything.
13
14 BY MR. PAWAR:
15 Q. Did you ever recommend that certain disciplinary cases
16    against Detective Howard be closed?
17        MR. FRANK:  Objection, you can answer.
18        THE WITNESS:  Not to my knowledge.
19        MR. PAWAR:  Based on the objection I already put on
20    the record, I really have nothing further for
21    Lieutenant Bannon.
22        MR. TILL:  I have no questions for the lieutenant.
23    Thank you.

1        MR. FRANK:  Just A few follow-up questions and I
2    think we're done unless, Vik, you have anything else
3    after that.
4        MR. TILL:  I have one housekeeping matter.
5        MR. FRANK:  Sure, go for it.
6        MR. TILL:  After you're done.
7        MR. FRANK:  Okay.
8
9                    EXAMINATION
10 BY MR. FRANK:
11 Q. Lieutenant Bannon, you said earlier you didn't have any
12   independent knowledge of allegations against Detective
13   Howard.  Did you eventually learn that there were
14   disciplinary allegations against him?
15 A. No.
16 Q. Okay.  In preparing for today's deposition, did you
17   learn about anything, any allegations brought by the
18   plaintiff Takiesha Reid against him?
19 A. What do you mean --
20 Q. In preparing for today's deposition, did you learn, did
21   you come to learn about the allegations that plaintiff
22   Takiesha Reid is making against Detective Howard in
23   this case?

```
 1    STATE OF NEW YORK)
                     )    ss.
 2    COUNTY OF ERIE   )

 3
      I, Kelly S. Hairston, Notary Public, in and for the County
 4    of Erie, State of New York, do hereby certify:

 5
             That the witness whose testimony appears hereinbefore
 6    was, before the commencement of their testimony, duly
      sworn to testify the truth, the whole truth and nothing
 7    but the truth; that said testimony was taken pursuant to
      notice at the time and place as herein set forth; that
 8    said testimony was taken down by me and thereafter
      transcribed into typewriting, and I hereby certify the
 9    foregoing testimony is a full, true and correct
      transcription of my shorthand notes so taken.
10

11           I further certify that I am neither counsel for nor
      related to any party to said action, nor in any way
12    interested in the outcome thereof.

13
             IN WITNESS WHEREOF, I have hereunto subscribed my
14    name and affixed my seal this 15th day of November, 2022.

15

16    _____

17    Kelly S. Hairston
      Notary Public,
18    State of New York, County of Erie
      My commission expires 08/29/2026.

19

20

21

22

23
```