UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TAKISHA REID,

                          Plaintiff,

      -against-

CITY OF NEW YORK, et al.,

                          Defendants.
------------------------------------------------------------------------X

**DECLARATION OF MATTHEW CHRISTIANA IN SUPPORT OF PLAINTIFF'S MOTION TO REOPEN EXPERT DISCOVERY**

20-CV-03926(PK)

      **MATTHEW CHRISTIANA**, an attorney duly admitted to practice law before the courts of the State of New York and the United States District Court for the Eastern District of New York, declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

      1.     I am a member of Kopke Christiana & Rastetter LLP, attorneys for Plaintiff Takisha Reid in the above matter. As such, I am fully familiar with the facts and circumstances in conjunction therewith. I make this Declaration in Support of Plaintiff's Motion to Reopen Expert Discovery.

      2.     I filed my notice of appearance on February 28, 2025, and on April 29, 2025, moved for relief pursuant to Federal Rule of Civil Procedure 60(b), seeking an order partially vacating the Court's Order and Judgment dismissing Plaintiff's negligent supervision claim against Defendant City. From that point forward, the litigation focused exclusively on that motion until it was granted on December 19, 2025.

      3.     Following the Court's grant of Plaintiff's Rule 60(b) motion reinstating the negligent supervision claim (ECF No. 127), and in the context of the parties' ongoing summary judgment briefing on that claim, it became increasingly apparent that expert testimony is central to Plaintiff's ability to prove her case at trial—not merely to defeat summary judgment. In particular, Defendants' summary judgment motions emphasized Plaintiff's post-assault

1

conduct, including her continued contact with Defendant Howard and certain post-assault statements, as purportedly inconsistent with her allegations of sexual assault. Through the summary judgment process and careful review of Defendants' arguments, I came to fully appreciate the critical importance of expert testimony, especially in light of Defendants' anticipated efforts to challenge Plaintiff's credibility before the jury.

4. The prominence of these behavioral arguments in Defendants' briefing—and their obvious appeal to common lay assumptions about how sexual assault victims "should" behave—made clear that expert testimony will be essential at trial to provide the jury with an appropriate psychological and scientific framework for evaluating Plaintiff's conduct.

5. Within days of the Court's December 19, 2025 Order, I contacted multiple potential experts in the field of sexual trauma. Plaintiff plans to retain an expert qualified to opine on the psychological effects of sexual-assault trauma, common victim response patterns, and Plaintiff's resulting psychological injuries. Plaintiff has identified Dr. Julie Medlin as her proposed expert. Dr. Medlin is a licensed psychologist and trauma expert with over thirty years of clinical experience specializing in sexual trauma, and she has testified more than 250 times on these subject matters in both federal and state courts across fourteen states.

6. Annexed hereto as <u>Exhibit 1</u> is a true and accurate copy of Dr. Medlin's current curriculum vitae.

7. I inquired into Dr. Medlin's availability, and she confirmed that the following proposed expedited schedule is workable for her: retention of the expert and execution of the engagement agreement within five (5) days of the Court's Order; expert review of relevant materials and evaluation within forty-five (45) days of the Court's Order; service of the expert

report within sixty (60) days of the Court's Order; and the expert's deposition no later than ninety (90) days of the Court's Order.

    8. Although I have been in contact with Dr. Medlin, so as to avoid unnecessary financial burden, should the Court grant Plaintiff's motion, we are prepared to finalize the engagement immediately upon the Court's approval and proceed without delay to complete expert disclosure and schedule Dr. Medlin's deposition on the proposed expedited timeline.

    9. Prior to filing the instant motion, I e-mailed counsel for all Defendants, requesting their position. Defendant City indicated that, at the current time, they do not consent and reserve their rights to, inter alia, oppose. Likewise, Defendant Howard did not consent.

Dated: Brooklyn, New York
    January 23, 2026

KOPKE CHRISTIANA & RASTETTER LLP

By: /s/Matthew Christiana
Matthew Christiana, Esq.
*Attorneys for Plaintiff*
199 Cook Street, Suite 308
Brooklyn, NY 11206
t/f: (917) 451-9525
e: matt@kcrllp.com

**Via ECF:**

To: Peter Till
   pwt@till-law.com
   *Attorney for Defendant Howard*

   Elissa Beth Jacobs
   ejacobs@law.nyc.gov
   John McLaughlin
   jmclaugh@law.nyc.gov
   *Attorney for Defendant City of New York*