# Kopke Christiana & Rastetter LLP

199 Cook Street, Suite 308
Brooklyn, NY 11206
t/f: (917) 451-9525
e: office@kcrllp.com

**BY ECF**  February 16, 2026
Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Takisha Reid v. City of New York, et al.*, 20-CV-3926 (PK)

Your Honor:

  Plaintiff submits this letter, requesting the Court strike the additional exhibits used by Defendant City of New York in their Reply in support of their Motion for Summary Judgment (ECF Nos. 135-3, 135-4, 135-5), as well as any arguments made in reliance thereon.

  On February 13, 2026, Defendant City of New York filed their Reply in support of their Motion for Summary Judgment (ECF No. 135). As part of the filing, Defendant City supplemented the record with new evidence not included, cited, attached, or relied on during their moving papers. *See* ECF Nos. 135-3 (Additional IAB Materials), 135-4 (Additional Deposition Excerpts of Defendant Howard), 135-5 (Additional Deposition Excerpts of Plaintiff)).[1]

  It is well settled that a party may not supplement the record on reply. *See, e.g.*, *Madorskaya v. Frontline Asset Strategies, LLC*, No. 19-CV-895 (PKC) (RER), 2021 WL 3884177, at *18 (E.D.N.Y. Aug. 31, 2021) ("It is well-established that new arguments may not be made in a reply brief.") (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 2000)); *see also Monaghan v. Airlines*, No. 16-CV-3528 (ERK) (PK), 2018 WL 3682482, at *4 (E.D.N.Y. Aug. 2, 2018) ("It is plainly improper to submit on reply evidentiary information that was available to the moving party at the time it filed its motion and that is necessary to meet its burden."); *Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007) (a movant may not add new materials on reply simply because the opposing party has identified deficiencies in the initial motion). In such circumstances, a district court has "discretion in deciding whether to strike portions of [a party's] reply papers." *Id*. at 19-20.

---

[1] Prior to seeking a briefing extension on the time to file the Reply, *see* ECF No. 132, Defendant City suggested that they might supplement the record in the forthcoming Reply. Plaintiff's counsel objected, citing the same authorities set forth here. Nevertheless, Defendant City has proceeded to supplement the record without seeking leave of the Court.

Defendant improperly supplemented the record here. *See* ECF Nos. 135-3, 135-4, 135-5. Importantly, these additional materials do nothing more than mischaracterize and obscure the underlying record—while, at best, merely underscoring the existence of factual disputes. For example, Defendant City introduces new, out-of-context deposition testimony of Defendant Howard. (*See* ECF No. 134-4). Defendant City than utilizes Defendant Howard's self-serving deposition testimony to suggest that C.I. # 1 was not *really* a C.I. (in the "ordinary sense" as Defendant City states, even though Howard admits she gave him "information" about "people…involved in shootings"), but even if she was a C.I., *according to Defendant Howard*, she was active for a "month" and was only activated, inexplicably, upon the suggestion of "Internal Affairs" who for some reason hand-selected Defendant Howard and requested he "approach her" with a "phone call" before Internal Affairs reversed course and changed their mind, inexplicably instructing him "to deactivate her." *See* ECF No. 134-4 at 20:7-22:14.

Not only does this account defy common sense on its face—i.e., that IAB somehow *sua sponte* identified this woman, decided she should be a C.I., hand-selected Defendant Howard as her handler, and then promptly executed an about-face—but it is squarely contradicted by the objective record. The IAB reports reflect: (1) that "Det. Howard had two CI's assigned under him" (ECF No. 130-4 at D256); (2) that C.I. #1 was the "Past CI" "registered to Det. Howard" (ECF No. 130-4 at D266); (3) that Howard and C.I. #1 communicated for "18 months," from "7/3/2016" to "01/03/2018," ending only months before the sexual assaults on Plaintiff (ECF No. 130-4 at D90), and, as Defendant City admits,(4) that Detective Howard "never handled another C.I. after Plaintiff" (ECF No. 135-1, Def's. Resp. to Pls. 56.1 ¶ 51). This evidence supports the straightforward conclusion that Detective Howard had two C.I.s—Plaintiff and C.I. #1—that C.I. #1 was his "past C.I.", active prior to Plaintiff during the period "7/3/2016" to "01/03/2018," and that he was accused of unlawfully soliciting sex, prompting an Internal Affairs investigation opened on 11/17/2017—months before the sexual assaults on Plaintiff. *See* ECF No. 130-4 at D17, D90, D256, D266.

Because this material was not introduced in Defendant City's moving papers—where it belonged—Plaintiff has been deprived of a fair opportunity to respond to Defendant's belated mischaracterization that C.I. #1 was not truly a C.I. in the "ordinary sense," or was somehow not a prior C.I. at all. (See ECF No. 135 at p. 9 of 15.) Defendant's attempt to weaponize confusing and self-serving testimony in reply should not be credited and Defendant's new exhibit, ECF No. 134-4, should be stricken. In any event, Defendant's argument fails on the merits. It does nothing to negate the record evidence that Detective Howard had a prior C.I. before Plaintiff, and that an investigation into his conduct with her—including allegations of sexual misconduct—was initiated before the sexual assaults on Plaintiff. *See* ECF No. 130 at ECF 5–6 (Plaintiff's Opposition); *see also* ECF No. 130-4 at D17, D90, D256, D266; ECF No. 135-1, Def's. Resp. to Pls. 56.1 ¶ 51.

Moreover, Defendant City's Exhibit E, ECF No. 135-3, (Additional IAB Files) is utilized in an attempt to suggest that the allegation that Detective Howard "patronize[d]" his prior C.I. for sex was unsubstantiated and is otherwise too dissimilar to raise a triable issue of fact on notice. *See* ECF No. 135-3 at D29; Def's. Resp. to Pls. 56.1 at ¶ 28, 30, 32, 33, 36. Not only is the unsubstantiated finding irrelevant (especially considering it was unsubstantiated *after* a

cursory investigation following the sexual assaults on Plaintiff and after Plaintiff's investigation had been initiated, *see* ECF No. 135-3 at D28-29 (opening date as 11/17/2017 and closing date as 10/18/2018)), any attempt to argue dissimilarity fails and Defendant's newly submitted exhibit makes the point plainly: in the prior matter, Howard sought to engage in improper sexual contact with his female C.I. (C.I. #1). Just months later, he engaged in similar conduct with Plaintiff—except this time he succeeded and engaged in his desired, and unlawful, sexual contact. This is sufficient. *See e.g.*, *Martin v. Nieuw Amsterdam Prop. Mgmt., LLC*, No. 22-CV-3506 (ARR) (TAM), 2025 WL 1504124, at *1, 9 (E.D.N.Y. May 27, 2025) (Defendant's motion for summary judgment denied where Plaintiff was sexually assaulted and established notice because Defendant's employee had been accused of sexual harassment and "propositioning [another] for sex in exchange for rent and car payments", while "reject[ing] the notion that only a 'prior criminal incident [or] assault' would put [] Defendants on notice of Defendant [employee's] propensity to commit sexual assault."); *see also G.P. v. State*, 82 Misc. 3d 265, 276, 278, (N.Y. Ct. Cl. 2023) (Summary judgment denied where Plaintiff was sexually assaulted by employee and notice was established *via* a prior complaint against the employee of "soliciting a bribe" because "Defendant was on notice of a dangerous propensity sufficient to demonstrate to a reasonable employer that [employee] should have been prevented from having further unsupervised contact with members of the public."); *Doe v. Chenango Valley Cent. High Sch. Dist.*, 938 N.Y.S.2d 360, 362 (App. Div. 2012) (denying summary judgment where a bus driver had allegedly pulled down his pants to reveal an adult diaper to children eight months before allegedly sexually abusing two children during a field trip).

      For the foregoing reasons, Plaintiff respectfully requests that the Court strike the improper supplementation of the record and disregard any arguments in Defendant's reply that rely upon it.

                                      Respectfully submitted,

                                      */s/ Matthew Christiana*
                                      Matthew W. Christiana
                                      Kopke Christiana & Rastetter LLP
                                      *Counsel for Plaintiff*