

**STEVEN BANKS**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 Church Street
NEW YORK, NY 10007

**JOHN MCLAUGHLIN**
Phone: (212) 356-2670
Fax: (212) 356-3509
jmclaugh@law.nyc.gov
*Assistant Corporation Counsel*

March 2, 2026

**BY ECF**
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Takisha Reid v. Detective Gregory Howard, et al.,
                20-CV-3926 (PK)

Your Honor:

        Defendant City of New York ("City") respectfully submits this letter in opposition to Plaintiff's letter motion (ECF No. 136) to strike Exhibits E, F, and G (ECF Nos. 135-3, 135-4, 135-5) filed with the City's Reply Memorandum of Law. Plaintiff's motion should be denied. Each challenged exhibit was submitted in direct response to a specific factual narrative that Plaintiff constructed for the first time in her opposition—namely, that Detective Howard had a "prior" female confidential informant with whom he was "credibly accused of serious sexual misconduct," that the prior investigation was a "2017 sexual misconduct investigation," and that this history put the City on notice. (See Pl.'s Opp. at 3, 8). The City's reply exhibits respond to that narrative; they advance no new legal arguments or independent theories. This is the paradigmatic case for rebuttal evidence on reply.

        **I.**    **Reply Evidence Offered to Rebut Arguments First Raised in Opposition Is Proper**

        The Second Circuit has squarely held that "'reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.'" *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000); *see also Guadagni v. N.Y.C. Transit Auth.*, 387 F. App'x 124, 125–26 (2d Cir. 2010) (quoting *Bayway*); *accord Thompson v. Spota*, 14-CV-2473, 2019 WL 2602062, at *3 (E.D.N.Y. 2019). Courts in this Circuit have consistently applied this principle to deny motions to strike reply materials on summary judgment where, as here, the challenged materials are "provided in direct response" to the opponent's arguments and "raise[] no new legal arguments." *Sullivan-Mestecky v. Verizon Commc'ns Inc.*, No. 14-CV-1835 (SJF) (AYS), 2018 WL 2422678, at *10 (E.D.N.Y. Mar. 5, 2018); *see also Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09 Civ. 9790 (LTS) (MHD), 2012 WL 5457681, at *5 (S.D.N.Y. Nov. 8, 2012) (denying motion to strike

reply brief and reply declaration where "Plaintiffs' Reply and the Munoz Reply Declaration were provided in direct response to Defendants' arguments," and plaintiffs "raise[d] no new legal arguments in their Reply") (quoting *Bayway*, 215 F.3d at 226–27); *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 324 F. Supp. 3d 387, 395 (S.D.N.Y. 2018) ("[I]n certain circumstances it is appropriate to supplement the record to support prior points and rebut the opposition.") (citing *Bayway*, 215 F.3d at 227).

The distinction is between evidence submitted to *cure a deficiency in the movant's initial showing*—which is improper—and evidence submitted to *respond to the opponent's newly raised factual contentions*—which is proper. *See Monaghan v. Airlines*, No. 16-CV-3528 (ERK) (PK), 2018 WL 3682482, at *4 (E.D.N.Y. Aug. 2, 2018) (improper to submit evidence "that was available to the moving party at the time it filed its motion and that is *necessary to meet its burden*") (emphasis added). Here, the City's opening motion was not deficient. It established the absence of pre-injury notice through the available record, including Detective Howard's deposition testimony that Plaintiff was his only confidential informant (Howard Tr. at 16:19–23) and Lieutenant Bannon's testimony that no prior similar disciplinary allegations had been made. (Bannon Tr. at 10:04–18, 22:08–14). The City satisfied its initial summary judgment burden on notice; it did not need these exhibits to do so.

Plaintiff constructed a detailed counter-narrative—spanning seven pages—around the thesis that the earlier IAB investigation (C18-95) was a "2017 sexual misconduct investigation" that put the City on notice. (Pl.'s Opp. at 3–9). Plaintiff asserted that Detective Howard was "credibly accused of serious sexual misconduct" with a "prior" female confidential informant (id. at 8); that Howard maintained "two C.I.'s assigned under him" for an extended period (id. at 8–9); and that investigators between the two cases repeatedly classified the allegations as "similar" (id. at 9–10). These factual contentions were supported exclusively by selective citations to internal IAB investigator worksheets. The challenged exhibits respond directly to these contentions with competent evidence from the record.

Courts in this Circuit recognize that Rule 56.1 responses addressing new facts raised in the non-movant's counterstatement are proper. *See Pape v. Dircksen & Talleyrand Inc.*, No. 16-CV-5377, 2019 WL 1435882, at *3 (E.D.N.Y. Feb. 1, 2019) (considering reply 56.1 statement "to the extent it responded to [ ] new facts"), *report and recommendation adopted*, 2019 WL 1441125 (E.D.N.Y. Mar. 31, 2019); *Roth v. Cheesecake Factory Restaurants, Inc.*, No. 19-CV-6570, 2021 WL 1103505, at *2 (S.D.N.Y. Feb. 5, 2021) (considering reply 56.1 facts asserted "in response to new facts raised in the non-movant's response"), *report and recommendation adopted*, 2021 WL 912416 (S.D.N.Y. Mar. 10, 2021). The City's response to Plaintiff's counterstatement (ECF No. 135-1) is precisely such a filing: it asserts no new undisputed facts but responds to the fifty-three paragraphs of additional facts Plaintiff introduced in her counterstatement — including her claims regarding K.J.'s CI status (Pl.'s 56.1 ¶¶ 28–29), the nature of the C18-95 investigation (Pl.'s 56.1 ¶¶ 33–34), and the characterization of Howard's communications with Plaintiff (Pl.'s 56.1 ¶¶ 37–39). The challenged exhibits provide the evidentiary foundation for those responses. Plaintiff's motion to strike thus seeks not merely to exclude three exhibits, but to strip the record support from the City's responses to Plaintiff's own factual assertions — effectively denying the City the ability to respond to the very counter-narrative Plaintiff constructed.

### II. Each Challenged Exhibit Responds to a Specific Argument First Raised in Opposition

Plaintiff's own letter motion identifies the precise arguments that each exhibit rebuts—and, in doing so, confirms their rebuttal character.

**Exhibit E (ECF No. 135-3)—Additional IAB Materials.** Plaintiff's opposition argued that the unsubstantiated disposition of C18-95 is irrelevant, and characterized C18-95 as a "sexual misconduct investigation" reflecting notice. (Pl.'s Opp. at 3, 10). Exhibit E provides the closing memorandum and disposition details from C18-95—specifically, investigators' finding that "Ms. K J has never been arrested for prostitution and there is no indication of Ms. J being a prostitute" (ECF No. 135-3 at D29)—demonstrating that the "Unsubstantiated" finding was the product of affirmative investigative steps, not willful inaction. This evidence is offered solely to rebut Plaintiff's characterization of the prior investigation; it advances no independent theory.

**Exhibit F (ECF No. 135-4)—Additional Howard Deposition Excerpts.** Plaintiff's opposition asserted that Detective Howard handled a "prior" female C.I. during the relevant period, relying on IAB investigator worksheets. (Pl.'s Opp. at 8; Pl.'s 56.1 ¶¶ 28–29). The City's opening motion cited Howard's testimony that Plaintiff was his only CI (Howard Tr. at 16:19–23), but Plaintiff challenged that assertion with her specific factual theory about K.J.'s CI status. Exhibit F provides additional testimony—from the same deposition transcript already in the record—in which Howard explains that the individual was briefly "signed up" at IAB's direction, "never worked" as a CI, and was deactivated approximately a month later. (Add'l Howard Tr. at 19:21–20:7; 21:8–22:6). This is the classic rebuttal scenario: Plaintiff raised a new factual contention; the City responded with evidence bearing on it.

Plaintiff's letter acknowledges this dynamic. She contends that the City used Exhibit F to argue "that C.I. #1 was not really a C.I." and was "somehow not a prior C.I. at all." (ECF No. 136 at 2).[1] Precisely so: Plaintiff's opposition placed K.J.'s CI status at the center of the notice dispute; the City's reply addressed it. This is not supplementation—it is responsive briefing.

**Exhibit G (ECF No. 135-5)—Additional Plaintiff Deposition Excerpts.** Plaintiff's opposition characterized the communications between Howard and Plaintiff as one-sided stalking and harassment, and asserted that Howard "stalked her and repeatedly called and texted her." (Pl.'s Opp. at 4; Pl.'s 56.1 ¶¶ 37–39). Exhibit G provides Plaintiff's own deposition testimony regarding what she reported to IAB about the nature of the encounters and communications, drawn from the same transcript already available to both parties.[2]

---

[1] The City notes that Plaintiff's letter motion was filed on February 16, 2026, a federal holiday, without the pre-filing consultation required by Your Honor's Individual Rule VI.A.2. The City's offices were closed, and undersigned counsel was not contacted prior to filing.

[2] Although Exhibit G also bears on Plaintiff's characterization of the encounters between Howard and Plaintiff, the City notes that the challenged portions of the deposition transcript were separately submitted in connection with Defendant Howard's summary judgment motion and thus were

### III.  Plaintiff's Cited Authorities Are Distinguishable

Each of Plaintiff's cited cases involved the very circumstance *Bayway* distinguishes from proper rebuttal: a movant who submitted evidence on reply to meet its initial burden or to advance new legal arguments not raised in the opening brief. None supports striking evidence submitted to rebut factual contentions first raised in opposition.

*Madorskaya v. Frontline Asset Strategies, LLC*, 2021 WL 3884177, at *18 (E.D.N.Y. Aug. 31, 2021), addressed "new arguments" raised for the first time on reply—a legal, not evidentiary, problem. Here, the City's reply raises no new legal arguments; the sole legal theory—absence of pre-injury propensity notice—is the same one presented in the opening motion. Moreover, Plaintiff omits the outcome in *Madorskaya* that is most relevant here: the Court *declined* to strike even the evidence it found problematic, reasoning that "even if the Court were to consider it, the disposition of Defendant's summary judgment motion would not change" and there was therefore "no need to strike the reply." *Id.* (citing *Monaghan*, 2018 WL 3682482, at *4 (declining to strike new reply evidence because "even if the court had considered it, it would not have changed the court's ruling on the motion")). The corollary logic applies here: even if the Court were to strike the challenged exhibits, Plaintiff's notice theory would remain dependent on the same IAB investigator worksheets that the City has challenged as multiple-hearsay lacking foundation. (See Def.'s 56.1 Resp. ¶ 28). The challenged exhibits do not alter the analytical framework; they provide additional context within it.

*Aurora Loan Services, Inc. v. Posner, Posner & Assocs., P.C.*, 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007), is even further afield. There, the movant on summary judgment sought to add new materials on reply to meet its initial burden after the opponent identified that the movant had failed to do so. The Court reasoned that "plaintiff had the initial burden in moving for summary judgment, and may not add new materials simply because defendant pointed out that it has not met its burden." *Id.* That is the precise opposite of the present situation. The City is the summary judgment movant, it met its initial burden, and the challenged exhibits are not necessary to that burden. The question of whether K.J. was Howard's confidential informant during the relevant period was not an element the City was required to affirmatively disprove in its opening motion; it became a contested factual issue only because Plaintiff raised it in opposition. To hold otherwise would require a summary judgment movant to anticipate and affirmatively negate every potential factual counterargument an opponent might advance—a standard no court has imposed, and which would be antithetical to principles of judicial efficiency and Rule 1.

*Monaghan v. Airlines*, 2018 WL 3682482, at *4, likewise concerned evidence "that was available to the moving party at the time it filed its motion and that is *necessary to meet its burden*." (Emphasis added). That condition is not satisfied here. The City met its burden without these exhibits, and the exhibits address factual contentions Plaintiff raised for the first time in her opposition.

---

already part of the record available to all parties. The City does not press this exhibit as vigorously, as it goes only to Plaintiff's characterizations rather than inaccurate factual assertions, but submits that it is proper rebuttal for the same reasons applicable to Exhibits E and F.

IV. **Plaintiff Cannot Demonstrate Prejudice**

"Courts have broad discretion to consider argument and evidence first introduced on reply when determining motions for summary judgment." *In re Kwok*, 663 B.R. 151, 161 (Bankr. D. Conn. 2024). In exercising that discretion, courts assess whether the challenged materials are "directly responsive" to the opponent's arguments, whether the materials constitute "additions to the [movant's] case-in-chief," and whether their contents "can be considered surprising." *Id.* Each factor weighs against striking here.

*The exhibits are directly responsive, not additions to the City's case-in-chief.* As demonstrated above, each exhibit maps to a specific argument Plaintiff advanced for the first time in her opposition. The City's opening motion established the absence of pre-injury notice without reference to these materials. The exhibits do not expand the City's theory; they rebut Plaintiff's newly constructed counter-narrative. *See Briese Lichttechnik*, 2012 WL 5457681, at *5 (denying motion to strike where reply declaration "only responds to arguments raised in Defendants' Opposition" and "introduce[d] [no] new arguments").

*The contents of the exhibits are not surprising.* Each exhibit consists of materials already in the parties' possession: deposition transcripts of the parties themselves and IAB records produced in discovery. Plaintiff had access to the identical documents throughout the litigation and cited extensively from these same sources in her opposition.[3] *Cf. Kwok*, 663 B.R. at 161 (considering that "the contents of the Reply Documents cannot be considered surprising" where discovery was closed and the materials were responsive to the opponent's evidentiary objections).

*No new undisputed facts are asserted.* The City's reply did not submit a supplemental Rule 56.1 statement or assert additional undisputed facts. The exhibits provide evidentiary context for the same factual disputes already framed by the parties' dueling 56.1 statements.

*Plaintiff has already substantively responded.* Rather than confining her letter motion to procedural grounds, Plaintiff devotes nearly two pages of a three-page letter to engaging with the *substance* of the challenged exhibits—arguing that Howard's testimony "defies common sense on its face" and is "squarely contradicted by the objective record." (ECF No. 136 at 2). Plaintiff further contends that "in the prior matter, Howard sought to engage in improper sexual contact with his female C.I. (C.I. #1)" and cites three new cases that speak to the merits of the case

---

[3] On this point, Plaintiff's footnote 1 warrants clarification. (ECF No. 136 at 1 n.1). Before filing its Reply, the City informed Plaintiff's counsel that it might seek to obtain the *underlying IAB disposition file*—materials not in either party's possession—to place in the record. Plaintiff's counsel objected, and the City deferred to that objection. The City's Reply ultimately relied only on evidence already in the parties' possession: deposition transcripts and IAB records produced in discovery. Plaintiff's suggestion that the City disregarded her objection is inaccurate; to the contrary, the City specifically limited its reply exhibits to materials Plaintiff already had while preparing her opposition.

not previously raised in her opposition brief.[4] The animating concern underlying the rule against new reply evidence—that the opposing party is "deprived of a fair opportunity to respond," see *Aurora Loan Servs.*, 513 F. Supp. 2d at 20—is thus substantially mitigated, and Plaintiff's own letter demonstrates as much.

Conversely, striking the exhibits would deprive the Court of competent, sworn deposition testimony directly bearing on the central factual dispute in this motion: whether K.J. was, in fact, Howard's confidential informant during the relevant period, and whether C18-95 constituted notice. The Court would be left only with Plaintiff's characterizations drawn from IAB investigator worksheets—the very documents the City has challenged as multiple-hearsay lacking foundation. (See Def.'s 56.1 Resp. ¶ 28). That is not a result that serves the interests of a fully informed adjudication.

### V. In the Alternative, the Appropriate Remedy Is a Sur-Reply, Not Striking

Even if the Court harbors any concern regarding the timing of the challenged exhibits, the exercise of the Court's discretion should be calibrated to any actual prejudice. The preferred practice in this Circuit when reply materials address newly raised arguments is to permit a limited response, rather than to strike the evidence and deprive the Court of relevant record materials. *See Sullivan-Mestecky*, 2018 WL 2422678, at *10 (denying motion to strike reply materials where filed "in direct response to Plaintiff's arguments"); *Briese Lichttechnik*, 2012 WL 5457681, at *5 (same); *Royal Park*, 324 F. Supp. 3d at 395.

Plaintiff's reliance on *Aurora Loan Services* for the proposition that a sur-reply is inappropriate because it "creates opportunities for gamesmanship" is misplaced. *Aurora* involved the concern that a movant could use reply supplementation as a vehicle for a "second bite at the summary judgment apple"—i.e., a second chance to meet an initial burden it had failed to carry. *Id.* at 20. Here, the City met its initial burden, and the challenged exhibits do not bear on that burden. A sur-reply limited to the challenged exhibits would merely ensure both sides are heard on the factual dispute Plaintiff herself injected into this case.

To that end, the City does not oppose granting Plaintiff leave to file a brief sur-reply limited to the challenged exhibits. This remedy preserves the Court's access to the full record while ensuring that Plaintiff has a fair opportunity to address the evidence.

---

[4] Plaintiff's motion to strike new evidence from the City's reply itself introduces three new merits authorities not cited in Plaintiff's opposition brief: *Martin v. Nieuw Amsterdam Prop. Mgmt., LLC*, 2025 WL 1504124 (E.D.N.Y. May 27, 2025); *G.P. v. State*, 82 Misc. 3d 265 (N.Y. Ct. Cl. 2023); *Doe v. Chenango Valley Cent. High Sch. Dist.*, 938 N.Y.S.2d 360 (App. Div. 2012). These authorities address the substance of the notice and similarity questions—the very subject of the summary judgment briefing—yet Plaintiff introduces them in a procedural motion filed after the reply. Plaintiff thus claims prejudice from the City's rebuttal evidence while simultaneously advancing new substantive arguments of her own in a post-reply filing.

**Conclusion**

For the foregoing reasons, Plaintiff's motion to strike should be denied. In the alternative, should the Court have any concerns regarding the challenged exhibits, the City respectfully requests that the Court permit the exhibits to remain in the record and grant Plaintiff leave to file a sur-reply.

Defendant City thanks the Court for its time and consideration of this request.

Respectfully Submitted,

*/s/ John McLaughlin*

John McLaughlin
Attorney for Defendant City
*Assistant Corporation Counsel*
New York City Law Department
100 Church Street
New York, NY 10007
(212) 356-2670
jmclaugh@law.nyc.gov

Cc: **VIA ECF**
*All counsel of record.*